THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLIFFORD A. LOWE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. 1:19-cv-00748-JG |
| v. | ) | |
| | ) | Judge James S. Gwin |
| SHIELDMARK, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF DEFENDANT SHIELDMARK'S
UNOPPOSED MOTION TO STAY PROCEEDINGS
PENDING POST GRANT REVIEW**

Defendant ShieldMark, Inc. ("ShieldMark") submits this brief in support of its Unopposed Motion to Stay Proceedings Pending Post Grant Review. Prior to filing this Motion, ShieldMark contacted counsel for Plaintiffs to discuss moving the Court for a stay. Plaintiffs' counsel indicated that Plaintiffs will not oppose this Motion. Accordingly, ShieldMark files this Unopposed Motion for a stay of the proceedings pending the outcome of the petition for Post Grant Review.

**I.     INTRODUCTION**

In this patent infringement lawsuit, Plaintiffs claim that ShieldMark's Mighty Line® floor marking tape infringes claims 1-6, 10-16, 20 and 21 of U.S. Patent No.10,214,664 ("'664 Patent"). Dkt. 22, ¶¶12-49. The '664 Patent issued in February 2019.

On August 22, 2019, ShieldMark filed a Petition for Post Grant Review of the '664 Patent with the United States Patent and Trademark Office, Patent Trial and Appeal Board ("PTAB"). A copy of that Petition (not including exhibits) is submitted herewith as Exhibit A. The Petition requests that all claims asserted by Plaintiffs in this case be rendered unpatentable.

By statute, the PTAB must decide whether to accept the Petition within six months of the date the Petition is assigned a notice of filing date with the PTAB, which is typically within a few days of the August 22, 2019 filing date. If accepted, the PTAB's resulting decision will address virtually the entire dispute between the parties. Such a decision will significantly impact the scope and breadth of this litigation if not end it entirely. The PTAB is required by statute to reach its final decision within a year of its institution decision. As such, the longest period of time this case will be stayed is eighteen months.

Staying the present litigation will simplify the triable issues and may potentially eliminate the need for trial in this matter. Further, a stay will not unduly prejudice Plaintiffs nor will it present a tactical advantage. Instead, the triable issues (if any remain) will be streamlined before the parties and Court expend considerable time and money on depositions, claim construction, expert discovery and trial.

**II.     ShieldMark also respectfully requests that the September 5, 2019 status hearing (see Dkt. 19) be taken off calendar in view of this unopposed motion to stay this case pending the petition for post grant review. In view of the fact that ShieldMark is asking for a stay and Plaintiffs are not opposing a stay of this case, it does not make sense to burden the Court with a status hearing on September 5, 2019. RELEVANT BACKGROUND**

On April 4, 2004, Mr. Lowe filed this patent infringement lawsuit against ShieldMark and its contract manufacturer (Advanced Plastics) and distributor (Crown Equipment) in this Court alleging infringement of claims 1-6, 10-16 and 20-21 (the "Asserted Claims") of the '664 Patent. Dkt. 1. The ShieldMark product accused of infringing the '664 Patent is the Mighty Line® floor marking tape. Dkt. 1, ¶38. After filing this lawsuit, Mr. Lowe filed an Amended Complaint adding his company, Insite Solutions. Dkt. 11. On July 8, 2019, Mr. Lowe amended his complaint again, this time adding an "alternative" false advertising claim that is based on the

2

outcome of the infringement claim. Dkt. 22, ¶¶62-63. Plaintiffs recently filed their answer to ShieldMark's counterclaims on August 8, 2019. Dkt. 27.

On June 10, 2019, this Court issued a Scheduling Order. Dkt. 19. Pursuant to that Scheduling Order, discovery in this case does not close until April 6, 2020. *Id*., ¶7. Briefing on claim construction will not be completed until December 29, 2019. *Id.*, ¶13. The standby period for trial does not begin until April 27, 2020. *Id*., pp. 3 of 9 and 4 of 9.

No depositions have taken place to date. The parties have exchanged initial sets of written discovery and are still producing documents. The parties have yet to submit an agreed protective order to the Court.

The parties have exchanged initial infringement, initial non-infringement, and initial invalidity contentions, pursuant to L.P.R. 3.1, 3.3, and 3.5. The initial invalidity contentions were just served pursuant to the Court's Scheduling Order on August 16, 2019.

As noted above, on August 22, 2019, ShieldMark filed its Petition, requesting that the PTAB review the '664 Patent and find that all of the Asserted Claims are unpatentable. The grounds for its Petition are a subset of the invalidity contentions in this case. In both the Petition and this case, ShieldMark is contending that the Asserted Claims are invalid and unpatentable based on the same violations of the written description and enablement requirements of 35 U.S.C. § 112(a). Compare Ex. A, Petition, pp. 43-57 with Ex. B, Defendants' Initial Invalidity And Unenforceability Contentions, pp. 12-14. In both the Petition and this case, ShieldMark is contending that its prior art sales of the Mighty Line® floor marking tape invalidate the Asserted Claims. Compare Ex. A, Petition, pp. 59-61 with Ex. B, Defendants' Initial Invalidity And Unenforceability Contentions, pp. 5-6. In both the Petition and this case, ShieldMark is contending that Plaintiffs' prior art sales of the Superior Mark® tape invalidate the Asserted

Claims. Compare Ex. A, Petition, pp. 57-59 with Ex. B, Defendants' Initial Invalidity And Unenforceability Contentions, pp. 7-8.

In the Petition, ShieldMark is asking the PTAB to construe two claim terms – "lower surface" and "the entire body of each lateral edge portion being tapered" – that it will ask this Court to construe if this case is not stayed. Ex. A, Petition, pp. 17-21.

The '664 Patent issued on February 26, 2019. Ex. C, '664 Patent, Cover Page. The application which led to the '664 Patent was filed on June 23, 2015. *Id*. Thus, the '664 Patent application was pending for nearly four years. Plaintiffs did not request that examination of that application be expedited.

Five weeks after the '664 Patent issued, Plaintiffs filed this lawsuit. Plaintiffs have not filed a motion for preliminary injunction.

The Mighty Line® product alleged to infringe the '664 Patent has been in the marketplace since 2003, first sold under the name Durastripe®, and then under the name Mighty Line® beginning in 2005. Ex. D, Goecke Dec., ¶¶9-10. Plaintiffs' Superior Mark tape has been sold since at least 2011. Ex. E, Lowe Dec., ¶8.

**III. ARGUMENT**

The main issues to be decided in this lawsuit are the invalidity of the '664 Patent and whether that patent, if valid, is infringed. The Petition filed by ShieldMark before the PTAB addresses some of the same invalidity and claim construction issues that this Court and jury will be asked to address. If the Petition is granted, the post grant review will likely resolve this case without further involvement by the Court and the need for a jury.

**A. The Court Has Authority To Stay The Case.**

It is well-established that a district court has the inherent power to manage its docket, including by staying proceedings when appropriate. *Murata Machinery USA v. Daifuku Co.,*

*Ltd.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016); *Proctor & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 848-49 (Fed. Cir. 2008). District courts have authority to stay patent cases when a defendant has requested review of the asserted patents by the U.S. Patent and Trademark Office ("USPTO"). *See, e.g.*, *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988).

It is within the court's discretion to stay a case before the PTAB institutes a petition for PTAB trials, such as Inter Partes Review (IPR). *Automated Packaging Systems, Inc. v. Free-Flow Packaging Systems, Inc.,* 2016 WL 9782345, *4, No. 5:14CV2022 (N.D. Ohio April 15, 2016); *VirtualAgility Inc. v. Saleforce.com*, 759 F.3d 1307, 1316 (Fed. Cir. 2014). Courts in the Northern District of Ohio have previously granted stays before an IPR had been instituted by the PTAB. *See Datatrak Int'l, Inc. v Medidata Solutions, Inc.*, No. 1:11CV458, EDF Dkt. #36 at 7-8 (N.D. Ohio December 16, 2011). Post Grant Review is a similar PTAB trial and as such similar reasoning applies to petitions for Post Grant Review before the PTAB. Courts are aware that the determination of the validity of patent claims by the PTAB may affect the litigation by narrowing claims or mooting issues. *See 01 Communique Lab, Inc. v. Citrix Sys., Inc.,* 2008 U.S. Dist. LEXIS 19241, *5-6 (N.D. Ohio July 20, 2012).

As one court noted, "[t]he distinct prejudices inherent in any stay do not militate against a stay." *Nutech Ventures v. Norman Nobles, Inc*., 2013 WL 8703825, *3 (N.D. Ohio May 30, 2013). One judge even pointed out that if delay were enough to deny a stay "few if any patent cases would be stayed pending reexamination." *Id*., citing *Allied Erecting and Dismantling Co., Inc., v. Genesis Equip. and Mfrg., Inc*., 2010 U.S. Dist. LEXIS 92851, *6-7 (N.D. Ohio Aug. 16, 2010). A stay in this case is even more compelling because the PTAB is being asked to decide some of the same claim construction issues that will arise if this case proceeds.

"District courts typically analyze stays under a three-factor test: '(i) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (ii) whether a stay will simplify the issues in question and trial of the case; and (iii) whether discovery is complete and whether a trial date has been set.'" *Murata Machinery USA v. Daifuku Co., Ltd.*, 830 F.3d at 1361, *quoting, Nokia Corp. v. Apple Inc.*, 2011 WL 2160904, at *1 (D. Del. June 1, 2011)).

### B. The Relevant Factors Favor A Stay In This Case.

#### 1. A Stay Will Not Unduly Prejudice Or Present A Clear Tactical Disadvantage To Plaintiffs.

The Petition asks the PTAB to determine the validity of all of the Asserted Claims as well as Claim 22 based on certain specific violations of the Patent Statute. The validity of these claims (except Claim 22) are at issue in the counterclaims and defenses which ShieldMark has put forth, as well as the defenses of Advanced Plastics and Crown. Staying the case will not put Plaintiffs at a tactical disadvantage because the specific validity issues raised in the Petition are a subset of the validity issues raised in this case and, thus, would be litigated between the parties no matter what. The Petition merely shifts the forum in which the specific subset of validity issues will be decided to the PTAB, which has expertise in deciding these types of validity issues.

Prior to filing this motion, Plaintiffs advised ShieldMark that they would not oppose this motion, which demonstrates the lack of prejudice or tactical advantage of a stay.

As noted above, the allegedly infringing product has been in the marketplace since 2003. Plaintiffs' patented product has been in the marketplace since at least 2011. As such, the market for these products at issue is mature such that a stay should not impact the relative market share of Plaintiffs in any way.

If a stay is granted, it will not be for a long period of time. The PGR process is very streamlined. The PTAB must decide whether to institute the PGR within six months of the filing of the Petition. 35 U.S.C. § 324(c) (establishing that institution must be determined within 3 months of the filing of a preliminary response which, in turn, is due 3 months after the Petition is filed). If instituted, completion of the PGR must be completed within one year of institution. 35 U.S.C. § 326(a)(11). If the PGR is not instituted, then the stay will naturally be much shorter, i.e., approximately six months.

Plaintiffs' willingness not to oppose the motion for a stay demonstrates that it will not suffer undue prejudice, particularly given the short, specific duration that this case will be stayed pending the PGR and Plaintiffs' willingness not to oppose the request for a stay.

**2. A Stay Will Simplify The Issues For Trial.**

A stay will reduce the number of issues for trial, if not eliminate the need for one. As outlined above, there is an overlap between '664 Patent claims which Plaintiffs allege Defendants have infringed and the basis for the PGR. Specifically, Plaintiffs have alleged infringement of Claims 1-6, 10-16 and 20-21. The PGR Petition seeks a determination as to the validity of Claims 1-6, 10-16 and 20-22. The only difference between the claims at issue is that Claim 22 is not at issue in the present patent litigation. If the PTAB determines that the claims are not valid, then there will be no reason to continue the patent infringement portion of the litigation. Similarly, if the PTAB determines that the claims are valid, then that will reduce the number of invalidity issues and claim construction issues that need to be decided in this case. In short, a decision by the PTAB will directly impact the issue of whether the '664 Patent is valid and a portion of the claim construction issues.

Further, the PTAB's expertise in considering the prior art and claim terms will benefit the parties and the Court. The PTAB has technical expertise and will be able to resolve the invalidity issues raised by the PGR petition. Thus, judicial economy will be promoted through the elimination of some of the same issues related to invalidity and claim construction. In this way, fact discovery, claim construction, expert discovery and trial will be streamlined and it may promote the possibility of settlement.

### 3. Discovery is not complete.

This case is in the early stage of proceedings. Discovery is ongoing in this matter and will not close until April 2020. The deadline for discovery necessary for the claim construction hearing is October 30, 2019. The expert discovery deadline is November 22, 2019. In the meantime, fact discovery is ongoing. The parties have not deposed any witnesses. As such, the current status of the case will not result in prejudice to either party because it is in the earliest stages.

A stay will promote judicial economy by avoiding significant waste and duplication of the efforts of both the parties and the Court. The parties have exchanged contentions and are scheduled to exchange claim terms and begin work on preliminary construction, as well as validity and enforceability contentions. Fact discovery is ongoing and depositions of witnesses will begin in the near term. These efforts will be followed by the exchange of expert reports and expert discovery. Final claim construction briefs and evidence will be due, followed by the Court holding a *Markman* hearing. These efforts will see significant expenditures of effort, time and resources by the parties and the Court. These are expensive phases of litigation that should not be taken lightly. Given the nature of this case, the parties are likely to conduct fact and expert discovery relating to the same invalidity issues which ShieldMark has raised in the Petition.

## IV. CONCLUSION

A stay of the proceedings is appropriate in this matter. Plaintiffs do not oppose this Motion. The granting of a stay will not result in any undue prejudice or clear tactical disadvantage to Plaintiffs. A stay will allow the PTAB to provide their input regarding the validity of the '664 Patent, which will simplify the issues if not resolve this lawsuit. Also, discovery is in the early stages and is not yet complete. ShieldMark's timely motion indicates that it is seeking a stay in good faith in order to streamline the triable issues and avoid wasting the resource of the parties and the Court.

For these reasons, ShieldMark requests that the Court grant its motion to stay these proceedings pending the outcome of the PGR, particularly in view of Plaintiffs' willingness not to oppose this request for a stay. Specifically, ShieldMark requests that this case be stayed at least until the PTAB determines whether to institute the PGR. That determination will be made in approximately six months from August 22, 2019. If the PTAB institutes the PGR, then ShieldMark requests that the stay be continued until the PGR is concluded. ShieldMark also respectfully requests that the September 5, 2019 status hearing (see Dkt. 19) be taken off calendar in order to avoid burdening the Court with a status hearing in view of this unopposed motion for a stay of this case.

Date: August 27, 2019  Respectfully submitted,

<div style="margin-left:2em">

*/s/ Laura L. Beoglos*
Howard L. Wernow (Ohio Reg. #0089019)
Joseph A. Sebolt (Ohio Reg. #0059140)
Laura L. Beoglos (Ohio Reg. #0059152)
SAND, SEBOLT & WERNOW CO., LPA
4940 Munson Street, NW
Aegis Tower, Suite 1100
Canton, OH 44718-3615
Phone: (330) 244-1174
Fax: (330) 244-1173
howard.wernow@sswip.com
joe.sebolt@sswip.com
laura.beoglos@sswip.com

*Attorneys for ShieldMark, Inc.*

</div>

**CERTIFICATE OF SERVICE**

This is to confirm that a copy of the foregoing Brief in Support of Defendant ShieldMark's Unopposed Motion to Stay Proceedings Pending Post Grant Review was electronically filed on August 27, 2019. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and the filing may be accessed through that system.

*/s/ Laura L. Beoglos*
Laura L. Beoglos