IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CLIFFORD A. LOWE, et al. ) | |
| ) | |
| Plaintiffs-Counterclaim Defendants, ) | |
| ) | |
| vs. ) | Case No. 1:19CV00748 |
| ) | |
| ) | Judge James S. Gwin |
| SHIELDMARK, INC., et al. ) | |
| ) | |
| ) | |
| Defendants-Counterclaim Plaintiffs. ) | |

### DEFENDANT SHIELDMARK'S MOTION TO DISMISS
### COUNT THREE OF THE THIRD AMENDED COMPLAINT
### FOR LACK OF SUBJECT MATTER JURISDICTION

Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, Defendant ShieldMark, Inc. ("ShieldMark"), by and through its attorneys, hereby moves the Court to dismiss Plaintiffs-Counterclaim Defendants Clifford A. Lowe and Insite Solutions, LLC's (collectively "Lowe") Count III of its Third Amended Complain (Dkt. #44) seeking declaratory judgment of non-infringement, invalidity, and unenforceability of ShieldMark's U.S. Patent No. 10,738,220 ("the '220 patent").

Concurrent with this Motion, ShieldMark has moved to voluntarily dismiss with prejudice its Counterclaim for infringement of the '220 patent (Count Four) and has granted Lowe an express covenant not to sue (attached as Exhibit A to this Motion) on any claims contained within the '220 patent. This voluntary dismissal with prejudice combined with the covenant not to sue eliminates subject matter jurisdiction over Lowe's claim (i.e., Count III) seeking declaratory judgments of non-infringement, invalidity, and unenforceability of the '220 Patent. Dkt.#44, pp.14-20. The Court thus should grant ShieldMark's Motion and dismiss Lowe's claims against the '220 patent,

as there is no longer any "actual controversy" under the Declaratory Judgment Act concerning these claims. Together, through this Motion and ShieldMark's concurrent motion to dismiss with prejudice its infringement claims, ShieldMark is seeking dismissal of its infringement claims for the '220 patent with prejudice, and dismissal of Lowe's declaratory judgement claims and defenses relating to the '220 patent. ShieldMark has made the decision to dismiss the claims relating to the '220 patent from this case because recent information has made it clear that it does not make economic sense to continue to litigate the '220 patent and burden the Court with such litigation. Prior to filing this motion, ShieldMark inquired whether Plaintiffs would agree to dropping the '220 patent from this case, albeit without prejudice. Plaintiffs responded by making clear that they would not voluntarily agree to drop the '220 patent from the case which is why ShieldMark has filed this motion and provided the covenant attached as Exhibit A to this motion.

    Submitted herewith is a supporting brief of points and authorities explaining why subject matter jurisdiction no longer exists and the declaratory judgment claim with respect to the '220 patent should be dismissed.

| Date: March 8, 2021 | Respectfully submitted, |
|---|---|
| | */s/Howard L. Wernow*<br>Howard L. Wernow, Esq.<br>Joseph A. Sebolt, Esq.<br>Laura L. Beoglos, Esq.<br>SAND, SEBOLT & WERNOW CO., LPA<br>4940 Munson Street, N.W.<br>Canton, OH 44718-3615<br>Phone: 330-244-1174<br>Fax: 330-244-1173<br>Email: howard.wernow@sswip.com<br>Email: joe.sebolt@sswip.com<br>Email: laura.beoglos@sswip.com |

Richard B. Megley, Jr.
LEE SHEIKH MEGLEY & HAAN
111 W. Jackson Boulevard, Suite 2230
Chicago, Illinois 60604
Phone: 312-982-0070
Fax: 312-982-0071

***Attorneys for Defendants, ShieldMark, Inc.,
Advanced Plastics, Inc. and Crown
Equipment Corporation***

## **CERTIFICATE OF SERVICE**

This is to confirm that a copy of the foregoing Defendant Shieldmark's Motion To Dismiss Count Three Of The Third Amended Complaint For Lack Of Subject Matter Jurisdiction was electronically filed on March 8, 2021. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and the filing may be accessed through that system.

*/s/Howard L. Wernow*
Howard L. Wernow
