**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| CLIFFORD A. LOWE, et al. | ) | |
| | ) | |
| Plaintiffs-Counterclaim Defendants, | ) | |
| | ) | |
| vs. | ) | Case No. 1:19CV00748 |
| | ) | |
| | ) | Judge James S. Gwin |
| SHIELDMARK, INC., et al. | ) | |
| | ) | |
| | ) | |
| Defendants-Counterclaim Plaintiffs. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT SHIELDMARK'S MOTION TO
DISMISS COUNT THREE OF THE THIRD AMENDED COMPLAINT
FOR LACK OF SUBJECT MATTER JURISDICTION**

Concurrently with this Motion to Dismiss Plaintiffs-Counterclaim Defendants Clifford A. Lowe and Insite Solutions, LLC's (collectively "Lowe'") Count III for declaratory judgment of non-infringement, invalidity, and unenforceability of U.S. Patent No. 10,738,220 ("the '220 patent"), Defendant-Counterclaim Plaintiff ShieldMark, Inc. ("ShieldMark") has voluntarily moved to dismiss its claim for infringement of the '220 patent.

Further, in conjunction with this Motion, and attached as Exhibit A, ShieldMark is also filing an express covenant not to sue Clifford A. Lowe and Insite Solutions, LLC for infringement of the '220 Patent. While ShieldMark continues to believe that at least some of the floor marking tape products manufactured and marketed by Lowe infringe one or more of the asserted claims of the '220 patent, ShieldMark has concluded that further pursuit of this litigation would not be worth the additional investment required to prove the extent of such infringement and the damages resulting from such infringement.

Specifically, ShieldMark has made the decision to dismiss the claims relating to the '220 patent from this case because recent information has made it clear that it does not make economic sense to continue to litigate the '220 patent and burden the Court with such litigation. Prior to filing this motion, ShieldMark inquired whether Plaintiffs would agree to dropping the '220 patent from this case, albeit without prejudice. Plaintiffs responded by making it clear that they would not voluntarily agree to drop the '220 patent from the case which is why ShieldMark has filed this motion and provided the covenant not to sue attached as Exhibit A to this motion.

In view of this voluntary dismissal of ShieldMark's pending infringement claim and the express covenant not to sue filed with this Motion, the Court no longer has subject matter jurisdiction over Lowe's claims for declaratory judgment of non-infringement, invalidity, and unenforceability. See Dkt. #44 at Count III, pp.14-20.

Because the Court lacks subject matter jurisdiction, Rule 12(h)(3) of the Federal Rules of Civil Procedure mandates dismissal of Lowe's claims in Count III of its Third Amended Complaint.

## I.      RELEVANT BACKGROUND

On February 26, 2019, the United States Patent and Trademark Office (USPTO) issued Lowe's U.S. Patent No. 10,214,664 ("the '664 Patent"). Shortly after the '664 patent issued, on April 4, 2019, Plaintiffs originated this Action by alleging that ShieldMark infringed the '664 patent through ShieldMark's manufacture, use, or sale of its Mighty Line® floor marking tape. Dkt. #1. Lowe also claimed two other defendants infringed the '664 patent through their use or manufacture of the Mighty Line® floor marking tape. Dkt. #1.

The Parties have been litigating the infringement, validity, and enforceability of the '664 patent for nearly two years before this Court and the Patent Trial and Appeal Board (PTAB) in the

USPTO. During the time period in which '664 patent was before the PTAB, the USPTO also issued the '220 patent.

On October 5, 2020, ShieldMark sought leave to add the '220 patent to this Action to allege infringement thereof by Insite. Dkt. #39. At the time, Plaintiffs would not say whether they opposed adding the '220 patent to the case. Dkt. #39-1, p. 1. The Court granted ShieldMark's leave and on October 13, 2020, ShieldMark filed its counterclaim against Insite for infringement of the '220 patent based on the manufacture, use, or sale of Insite's Superior Mark® floor tape. Dkt. #42. On the last day to amend the pleadings on October 27, 2020, Lowe filed its third amended complaint which added for the first time a declaratory judgement claim (Count III) for non-infringement, invalidity, and unenforceability of the '220 patent. Dkt. #44, pp. 14-20.

To date, very limited discovery has occurred with respect to the '220 patent. Since the '220 patent was added to this Action, neither party has served any written discovery on the '220 patent. No depositions have been taken. The parties, however, have exchanged preliminary contentions with respect to the '220 patent. On December 30, 2020 Plaintiffs served on ShieldMark its initial non-infringement contentions for the '220 patent.  At that time, Plaintiffs advised ShieldMark for the first time that Plaintiffs changed the design of the accused Superior Mark® tape to now have two types, one of which did not have a laminating substrate (i.e, release liner). Ex. B, 12/30/20 Initial Noninfringement Contentions, Noninfringement Chart, pp. 2 & 3. Around the same time, Lowe produced sales information for the Superior Mark® floor tape that made it evident to ShieldMark that continued pursuit of its infringement claim for the '220 patent against Insite does not make economic sense.

Defendants' counsel first attempted to contact Plaintiffs' counsel to discuss dropping the '220 patent.  Having received no response, Defendants' counsel sent an email about dropping the

'220 patent, albeit without prejudice, on February 16, 2021.  Plaintiffs ultimately responded that they wanted to continue litigating the '220 patent.

ShieldMark has now provided Lowe and Insite Solutions, LLC with a covenant not to sue as set forth in Exhibit A. As outlined below, Federal Circuit precedent has uniformly found that a covenant not to sue like Exhibit A divests a court from subject matter jurisdiction over all issues relating to the patent.

## II.    LEGAL STANDARD AND ARGUMENT

Lowe cannot establish the continued existence of subject matter jurisdiction over Count III in its Third Amended Complaint. Dkt. #44.

Claims for declaratory judgment require the existence of an "actual controversy" between the parties. 28 U.S.C. § 2201 ("In a case of *actual controversy* within its jurisdiction . . .any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration . . ." (emphasis added)). To satisfy the "actual controversy" requirement of the Declaratory Judgment Act, the Supreme Court has stated that the dispute must be "definite and concrete, touching the legal relations of parties having adverse legal interests and that it be real and substantial." *MedImmune, Inc. v. Genetech, Inc.*, 549 U.S. 118, 127 (2007). The question is whether "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id*. The party seeking declaratory relief has the burden of establishing the existence of subject matter jurisdiction, both at the time the claim for declaratory relief was filed and its continued existence since. *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007).

4

A covenant not to sue can eliminate subject matter jurisdiction over a defendants' claims for declaratory judgment, including claims in patent cases for declarations of non-infringement, invalidity/ineligibility, and/or unenforceability. *See id*. at 1347-49 (upholding the dismissal of counterclaims of invalidity and unenforceability for lack of subject matter jurisdiction following the voluntary dismissal by plaintiff of its infringement claim and the issuance of a covenant not to sue); *Super Sack Mfg. Corp. v. Chase Packaging Corp*., 57 F.3d 1054, 1059 (1995) ("The legal effect of Super Sack's promise not to sue is the heart of the matter, and the trial court acted consistently with that legal effect. In short, although Chase may have some cause to fear an infringement suit under the '796 and '652 patents based on products that it may develop in the future, Chase has no cause for concern that it can be held liable for any infringing acts involving products that it made, sold, or used on or before July 8, 1994, the day Super Sack filed its motion to dismiss for lack of an actual controversy.); *Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338, 1348 (Fed. Cir. 2010) ("In the case at bar, Ablaise's covenant not to sue avowed that Ablaise would not sue Dow Jones for any acts of infringement of its '530 patent. The covenant therefore extinguished any current or future case or controversy between the parties, and divested the district court of subject matter jurisdiction" for a declaratory judgment of invalidity); *Bendix Commercial Vehicle, Sys. LLC v. Haldex Brake Prods. Corp*., No. 1:09-cv-176, 2010 WL 3221972, at *1, *5 (N.D. Ohio Aug. 13, 2010) (granting dismissal of counterclaims for declaratory judgment of non-infringement, invalidity, and unenforceability following issuance of covenant not to sue on the patent claims that were the subject of these counterclaims).

Here, ShieldMark's covenant not to sue (Exhibit A) unconditionally covenants not to sue the two Lowe counterclaim-defendants (i.e., Clifford A Lowe, individually, and Insite Solutions, LLC) for any past or current infringement of the '220 patent. Particularly, the covenant not to sue

5

explicitly indicates that ShieldMark unconditionally covenants not to file or maintain any lawsuit anywhere in the world against Clifford A. Lowe or Insite Solutions, LLC for the infringement or alleged infringement of the '220 patent for any past or present manufacture, use, sale, offer for sale, or importation by Clifford A. Lowe or Insite Solutions, LLC of floor marking tape currently marketed as Superior Mark floor marking tape. See Ex. A at ¶1.

Accordingly, as a result of ShieldMark's concurrent voluntary dismissal of its claim of infringement of the '220 Patent and the issuance of the attached covenant not to sue Clifford A. Lowe and Insite Solutions, LLC for infringement of the '220 patent, Plaintiffs' claims for declaratory judgment of invalidity, unenforceability, and non-infringement of the '220 patent  no longer satisfy the "actual controversy" requirement, and there is no longer subject matter jurisdiction over these claims.

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f a court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Because there is no longer a substantial controversy between ShieldMark and the Plaintiffs of "sufficient immediacy and reality to warrant to the issuance of a declaratory judgment," subject matter jurisdiction over Plaintiffs' declaratory judgment claim with respect to the '220 patent is absent, and the Court should dismiss Count III of Plaintiffs' claims pursuant to Rule 12(h)(3). See *Benitec*, F.3d at 1349; *Bendix*, 2010 WL 3221972, at *4.

## III.    CONCLUSION

For the foregoing reasons, ShieldMark respectfully requests that the Court grant its Motion to Dismiss Lowe's third count from the Third Amended Complaint (Dkt. #44, pp.14-20) for Lack of Subject Matter Jurisdiction. Together, through this Motion and ShieldMark's concurrent motion to dismiss with prejudice its infringement claims, ShieldMark is seeking dismissal of its

infringement claims with prejudice, dismissal of Count III of Plaintiffs' Third Amended Complaint, and Plaintiffs' affirmative defenses related to the '220 patent, specifically, the affirmative defense set forth in Paragraph 174 of Plaintiffs' reply and affirmative defenses. Dkt. # 49, ¶174, pp. 17-19.

Dated: March 8, 2021                    Respectfully submitted,


                                        */s/Howard L. Wernow*
                                        Howard L. Wernow, Esq.
                                        Joseph A. Sebolt, Esq.
                                        Laura L. Beoglos, Esq.
                                        SAND, SEBOLT & WERNOW CO., LPA
                                        4940 Munson Street, N.W.
                                        Canton, OH 44718-3615
                                        Phone: 330-244-1174
                                        Fax: 330-244-1173
                                        Email:  howard.wernow@sswip.com
                                        Email:  joe.sebolt@sswip.com
                                        Email:  laura.beoglos@sswip.com

                                        Richard B. Megley, Jr.
                                        LEE SHEIKH MEGLEY & HAAN
                                        111 W. Jackson Boulevard, Suite 2230
                                        Chicago, Illinois 60604
                                        Phone:  312-982-0070
                                        Fax:  312-982-0071

                                        **Attorneys for Defendants, ShieldMark, Inc., Advanced Plastics, Inc. and Crown Equipment Corporation**

## <u>CERTIFICATE OF SERVICE</u>

This is to confirm that a copy of the foregoing of Memorandum In Support Of Defendant Shieldmark's Motion To Dismiss Count Three Of The Third Amended Complaint For Lack Of Subject Matter Jurisdiction was electronically filed on March 8, 2021.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and the filing may be accessed through that system.

*/s/Howard L. Wernow*
Howard L. Wernow