Trials@uspto.gov  Paper No. 13
571.272.7822  Date: September 4, 2020

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD

_____

SHIELDMARK, INC.
Petitioner,

v.

CLIFFORD A. LOWE
Patent Owner.

_____

PGR2019-00058
Patent 10,214,664 B2

_____

Before CHRISTOPHER L. CRUMBLEY, JO-ANNE M. KOKOSKI, and SHELDON M. McGEE, *Administrative Patent Judges*.

McGEE, *Administrative Patent Judge*.

DECISION

Granting Petitioner's Motion to Accept Late-filing of Request for Rehearing
*37 C.F.R. § 42.5(c)*

Denying Petitioner's Request on Rehearing of Institution Decision
*37 C.F.R. § 42.71(d)*

**Plaintiffs' Exhibit 7**

PGR2019-00058
Patent 10,214,664 B2

## I. INTRODUCTION

ShieldMark, Inc. ("Petitioner") filed a Petition for post-grant review of claims 1–6, 10–16, and 20–22 of U.S. Patent No. 10,214,664 B2 (Ex. 1001, "the '664 patent"). Paper 2 ("Pet."). Clifford A. Lowe ("Patent Owner") filed a Preliminary Response to the Petition. Paper 7. Upon consideration of the Petition and the Preliminary Response, we determined that Petitioner had failed to demonstrate that it is more likely than not that the '664 patent is eligible for post-grant review, and denied institution of trial. Paper 8 ("Dec." or "Decision").

On April 8, 2020, the Board's electronic filing system, PTABE2E, sent an email to the parties stating that a Request for Rehearing had been filed in this proceeding. The email also indicated, in all capital letters, "THERE WERE NO DOCUMENTS SUBMITTED WITH THIS REQUEST." Paper 9, 2; Ex. 3001.

On May 13, 2020, the Board sent an email to the parties requesting clarification as to whether Petitioner intended to file a request for rehearing. The parties requested a call with the Board and we held that call on May 19, 2020. Paper 9. During the call, Petitioner explained the circumstances surrounding its mistaken belief that it timely filed a rehearing request, and how it served Patent Owner with such a request on April 8, 2020. Patent Owner confirmed that it was so served. Based on the circumstances presented in the call, we authorized Petitioner to file a motion to accept the late filing of the request for rehearing that was served on Patent Owner on April 8, 2020. *Id.* at 3. We authorized Patent Owner to file an opposition. *Id.*

**Plaintiffs' Exhibit 7**

PGR2019-00058
Patent 10,214,664 B2

Petitioner filed its motion (Paper 10, "Mot."), along with a copy of the request that was purportedly served on Patent Owner (Ex. 1020), and Patent Owner filed its opposition (Paper 12, "Opp.").

After considering these papers, we determine it would be in the interests of justice to accept Petitioner's late-filed rehearing request. However, based on our consideration of the merits of the Request for Rehearing, we are not persuaded that we misapprehended or overlooked any issues of law or fact that would necessitate modification of our Decision.

## II. ANALYSIS

*Petitioner's Motion to Accept Late-Filed Rehearing Request*

In its motion, Petitioner states that its office was closed on April 8, 2020 due to the COVID-19 outbreak, and that the individual who "was experienced in filing documents with the Board . . . was unavailable to file the document." Req. 1. As a result, according to Petitioner, "the undersigned attorney filed the Rehearing Request and believed it was properly filed on April 8, 2020," and also served a copy on Patent Owner. *Id.* Petitioner states it "believed the reference to 'no documents submitted' with the request in the receipt meant that no exhibits were included with the Rehearing Request," and "did not realize that there was an issue with the filing until it received an email from the Board on May 13, 2020." *Id.* at 2.

Based on these circumstances, Petitioner asserts that good cause exists for us to grant its motion because its late filing "was simply an honest mistake resulting from Petitioner's counsel's office closure due to the Covid-19 outbreak," and was not a circumstance of Petitioner's own making. *Id.* Petitioner also asserts that it is in the interests of justice to grant

3

**Plaintiffs' Exhibit 7**

PGR2019-00058
Patent 10,214,664 B2

its motion and consider its request. *Id.* at 3. Specifically, Petitioner asserts that Patent Owner would not be prejudiced by our consideration of its request, and further states that an extension of the deadline for filing its rehearing request is warranted by the CARES Act extension of deadlines. *Id.*

Patent Owner avers that Petitioner's actions amount to filing error and the extensions provided by the CARES Act do not apply to filing errors, but rather to the timeliness of a filing, i.e., "a delay in filing due to the COVID-19 outbreak." Opp. 1. According to Patent Owner, the current circumstances do not meet the good cause or interests of justice standards. *Id.* at 2. Specifically, Patent Owner states that COVID-19 may have played a role in Petitioner's counsel's office closure, but that does not excuse a filing error because 1) other counsel could have filed the request, 2) counsel could have filed the request sooner, 3) counsel could have reviewed the filing process detailed on the PTAB website and/or requested technical assistance from PTAB, and 4) counsel and co-counsel failed to read the filing receipt status regarding no documents being submitted. *Id.*

Patent Owner further avers that it would be prejudiced by a delay in this proceeding in view of the pending litigation that is suspended while this case is active before us, and argues such delay does not "serve the purpose of time restraints on preliminary AIA proceedings—to expedite return to litigation should an AIA post-grant review be denied and proceedings not instituted." *Id.* at 3.

Under 37 C.F.R. § 42.5(c)(3), "[a] late action will be excused on a showing of good cause or upon a Board decision that consideration on the merits would be in the interests of justice." We agree with Petitioner that it

4

Plaintiffs' Exhibit 7

PGR2019-00058
Patent 10,214,664 B2

would be in the interests of justice to consider the merits of its rehearing request.

The CARES Act Notice[1] cited by Petitioner provides that certain filings due between March 27, 2020 and April 30, 2020 will be considered timely if filed on or before June 1, 2020. Ex. 1024, 2. To qualify for such an extension, the filing must be accompanied by a statement that the delay in filing was due to the COVID-19 outbreak. *Id.* One such delay "due to the COVID-19 outbreak" includes a circumstance where a petitioner was affected by an office closure that materially interfered with timely filing. *Id*. at 2–3. The circumstances surrounding Petitioner's counsel's office closure fall within the scope of the relief afforded by the CARES Act Notice because, due to the closure, the individual familiar with the PTABE2E filing system was not present at counsel's office to ensure the request was properly uploaded. Based on the facts and circumstances presented, including the lack of significant prejudice to Patent Owner, we determine it would be in the interests of justice to deem Petitioner's Request for Rehearing to be timely filed and now consider its merits.

*Petitioner's Request for Rehearing*

> A party dissatisfied with a decision may file a single request for rehearing without prior authorization from the Board. The burden of showing a decision should be modified lies with the party challenging the decision. The request must specifically identify all matters the party believes the Board misapprehended or overlooked, and the place where each matter was previously addressed.

---

[1] Available at https://www.uspto.gov/sites/default/files/documents/Patents-Notice-CARES-Act-2020-04.pdf

5

Plaintiffs' Exhibit 7

PGR2019-00058
Patent 10,214,664 B2

37 C.F.R. § 42.71(d). Specifically, "[w]hen rehearing a decision on petition, a panel will review the decision for an abuse of discretion." 37 C.F.R. § 42.71(c).

Petitioner asks us to reconsider our determination that the '664 patent has not been shown to be eligible for post grant review. Ex. 1020 ("Req."); Dec. 2. We have considered Petitioner's Request, and for the reasons set forth below, we decline to modify our Decision to not institute post grant review.

Petitioner first contends that we overlooked or misapprehended arguments regarding the written description and enablement of "limitation 1a)" requiring "each of the first and second lateral edge portions having a width defined in a direction perpendicular to the longitudinal direction." Req. 7–9. Petitioner argues that we did not consider its arguments made at pages 53–55 of its Petition regarding "width" of the lateral edge portions. *Id.* We are not persuaded by this argument.

Before considering the merits of a post grant review challenge, we must first determine whether the subject patent is eligible for post grant review. It is Petitioner's burden to establish such eligibility, a threshold that Petitioner recognizes by devoting an entire section of its Petition arguing why it believes the '664 patent is eligible for post-grant review (Pet. 28–43) *prior to* detailing its specific challenges (*id.* at 43–62).

Petitioner's argument in the Request suggests that, to appreciate the full scope of its eligibility arguments presented at pages 33–36 of its Petition, we were to mine other portions of the Petition (i.e., pages 53–55) for additional lack of enablement and written description arguments for a "width of the lateral edge portion" limitation. We, however, are not required

6

Plaintiffs' Exhibit 7

PGR2019-00058
Patent 10,214,664 B2

to undertake such efforts on Petitioner's behalf. *See DeSilva v. DiLeonardi*, 181 F.3d 865, 867 (7th Cir. 1999) ("A brief must make all arguments accessible to the judges, rather than ask them to play archaeologist with the record."); Dec. 23 ("Because Petitioner has failed to demonstrate that the '664 patent is eligible for post-grant review, we need not address Petitioner's specific unpatentability challenges to claims 1–6, 10–16, 20–22 thereof. Pet. 43–62.").

Indeed, the subsection on pages 53–55 that Petitioner claims we should have consulted pertains to its ground 1, which challenges the claims for lack of enablement and lack of written description support in the '664 patent itself. Pet. 53–55. By contrast, the post-grant review eligibility question on pages 33–35 asks whether certain claim elements were adequately supported by the *priority applications*. *Id.* at 21, 33–36. And neither section of the Petition contains cross-citations or references that would indicate that we were to consult both in concert. Further confusing the issue, the subsection heading to which Petitioner now refers recites "[t]he claim phrase 'width of the lateral edge portion' is not enabled and lacks an adequate written description." Pet. 53. There is no such "claim phrase" in any of the challenged claims. Ex. 1001, 5:1–49, 61–67, 6:1–49, 61–67, 7:1–7.

Therefore, the arguments Petitioner now faults us for overlooking or misapprehending fall under a subheading quoting a non-existent claim limitation in a section of the Petition not directed to the eligibility requirement. Under these circumstances, the cited arguments were not properly before us as we considered Petitioner's eligibility arguments. We

7

Plaintiffs' Exhibit 7

PGR2019-00058
Patent 10,214,664 B2

cannot have overlooked or misapprehended eligibility arguments that were not properly before us. 37 C.F.R. § 42.71(d).

Moreover, Petitioner's argument on rehearing does not specifically address the full scope of our reasoning set forth in the Decision regarding written description and enablement of limitation 1a), or explain how that analysis should change if we considered the arguments on pages 53–55 we allegedly overlooked. Dec. 12–13. Our Decision makes clear that we considered "the parties' respective arguments, *and the evidence of record*" in determining that Petitioner had not established that limitation[] 1a) . . . lack[s] written description or enabling support in the pre-AIA applications." Dec. 12 (emphasis added); *id.* at 13 (explaining how Figures 1 and 2 of provisional application 60/673,883, filed April 22, 2005 ("the first provisional application") evince possession of limitation 1a)); *see also id.* at 14 (discussing Petitioner's lack of a *Wands* factor analysis or persuasive argument regarding non-enablement for limitation 1a)).

Petitioner next argues that we overlooked evidence regarding the examiner and applicant interview summaries for limitations 1a) and 1b), and asserts the interview summaries and subsequent attempted cancelation of these limitations "supports that both limitations 1a) and 1b) are prohibited new matter." Req. 9–10. This argument is unpersuasive because it amounts to a mere disagreement with our conclusion about the evidence presented. The Examiner and applicant interview summaries referenced in Petitioner's Request were neither previously overlooked nor misapprehended. Rather, our Decision makes clear that we considered the arguments at pages 33 and 34 of the Petition where the interview summaries were discussed, as well as the evidence presented. *See* Dec. 13 (discussing the specific contents of the

8

Plaintiffs' Exhibit 7

PGR2019-00058
Patent 10,214,664 B2

Examiner's and applicant's interview summaries). Patent Owner's use of the plural when referring to the claim limitations in its interview summary (Ex. 1002, 39) does not support Petitioner's position that both limitations 1a) and 1b) were of concern to the Examiner. Rather, as stated in our Decision, Patent Owner's interview summary suggests that limitation 1b) was of concern—not limitation 1a). Dec. 13 ("The Examiner indicated the limitations . . . relating the maximum height of the lateral edge portions to the width of the lateral edge portions raise section 112 issues."). Moreover, our Decision notes that, despite Patent Owner's attempt to cancel limitation 1a), the Examiner "allowed the claims to issue with this limitation." *Id.*

Finally, Petitioner asserts that we misapprehended its argument that disclosure of one embodiment does not support the breadth of the claim limitation requiring "each of the first and second lateral edge portions having a maximum height that is less than its width." Req. 10–13; Dec. 14. Petitioner relies on the principles articulated in *LizardTech, Inc. v. Earth Resource Mapping, Inc.*, 424 F.3d 1336 (Fed. Cir. 2005) to support its argument. Req. 11–13.[2]

---

[2] Petitioner also argues that independent claims 1 and 11 do not expressly require a "recess" or a "shoulder" and asserts that "such features are necessary to define and determine the 'width' of the lateral edge portions." Req. 12–13. We do not consider this argument on rehearing, however, because it was not properly before us as we considered whether the '664 patent is eligible for post grant review. As explained *supra*, our Decision first considered Petitioner's eligibility arguments (Pet. 28–43) and, after determining that Petitioner failed to demonstrate such eligibility, we stated "we need not address Petitioner's specific unpatentability challenges" set forth at pages 43–62 of its Petition. Dec. 23. As best can be determined, Petitioner made a similar argument at pages 47–48 of the Petition, i.e., not in its eligibility discussion. Pet. 28–43.

9

**Plaintiffs' Exhibit 7**

PGR2019-00058
Patent 10,214,664 B2

This argument fails to identify a matter that we overlooked or misapprehended. Our Decision reflects that we considered Petitioner's argument and found it to be a simple assertion of a lack of written description (Dec. 14), and Petitioner now seeks to broaden this argument by citing case law[3] that the Petition did not establish applies to the current facts. In *LizardTech*, our reviewing court stated that "a patentee *cannot always* satisfy the requirements of section 112, in supporting expansive claim language, merely by clearly describing one embodiment of the thing claimed." *LizardTech*, 424 F.3d at 1346 (emphasis added). This language suggests that the converse is true—i.e., that sometimes the disclosure of one embodiment *is* enough to provide written description support for "expansive claim language." Indeed, that approach is consistent with *LizardTech*, as well as other Federal Circuit cases holding that the written description inquiry is highly fact specific, and must consider the skill level of the ordinary skilled artisan. *See LizardTech*, 424 F.3d at 1345 ("it is unnecessary to spell out every detail of the invention in the specification; only enough must be included to convince a person of skill in the art that the inventor possessed the invention . . . . *In this case*, however, LizardTech has failed" (emphasis added)); *Ralston Purina Co. v. Far-Mar-Co.*, 772 F.2d 1570, 1575 (Fed. Cir. 1985) ("Precisely how close the original description must come to comply with the description requirement of 35 U.S.C. § 112 *must be determined on a case-by-case basis*." (emphasis added)); *Vas-Cath Inc. v. Mahurkar*, 935 F.2d 1555, 1565 (Fed. Cir. 1991) ("[U]nder proper

---

[3] Petitioner did not cite the *LizardTech* case in its Petition. While a request for rehearing is not limited to only cases that were cited to the Board previously, we find it significant that a case on which the Petitioner relies so heavily in its Request appears nowhere in the Petition.

Plaintiffs' Exhibit 7

circumstances, drawings alone may provide a 'written description' of an invention as required by § 112."); *Union Oil Co. of California v. Atlantic Richfield Co.*, 208 F.3d 989, 997 (Fed. Cir. 2000) ("The Patent Act and this court's case law require only sufficient description to show one of skill in the [relevant] art that the inventor possessed the claimed invention at the time of filing.").

Applying these legal principles to the instant facts, we noted that Figure 2 of the first provisional application provides the identical tape measurements that are recited in the '664 patent, and how "those measurements satisfy the claim requirement that the tape's lateral edge portion has a maximum height, i.e., 0.78 mm, that is less than the lateral edge portion's width, i.e., 1.9 mm." Dec. 13–14. Our Decision also states that Petitioner failed to satisfy its burden of demonstrating how such disclosure does not comply with the requirements of section 112. *Id.* at 14 ("Petitioner makes a simple assertion that these measurements are only sufficient to support one embodiment. . . . Such unexplained assertions fail to satisfy Petitioner's burden.").

### III. CONCLUSION

For the reasons set forth above, we determine it would be in the interests of justice to accept the late filing of Patent Owner's Request for Rehearing. However, Petitioner fails to persuade us that we overlooked or misapprehended any dispositive matter that would necessitate a modification of our Decision.

Plaintiffs' Exhibit 7

PGR2019-00058
Patent 10,214,664 B2

| Claims | 35 U.S.C § | Reference(s)/Basis | Denied | Granted |
|---|---|---|---|---|
| 1–6, 10–16, 20–22 | 112(a) | Lack of Written Description Support & Enablement | 1–6, 10–16, 20–22 | |
| 1–6, 10–16, 20–22 | 102 | Sales of "Superior Mark Tape" | 1–6, 10–16, 20–22 | |
| 1–6, 10–16, 20–22 | 102 | Sales of "Durastripe Tape" | 1–6, 10–16, 20–22 | |
| **Overall Outcome** | | | 1–6, 10–16, 20–22 | |

IV. ORDER

For the reasons given, it is hereby

ORDERED that Petitioner's Motion to Accept the Late Filing of its Rehearing Request is granted; and

FURTHER ORDERED that Petitioner's Request for Rehearing is denied.

**Plaintiffs' Exhibit 7**

PGR2019-00058
Patent 10,214,664 B2

PETITIONER:

Howard Wernow
Rich Megley
Joseph Sebolt
howard.wernow@sswip.com
rmegley@leesheikh.com
joe.sebolt@sswip.com

PATENT OWNER:

Ray L. Weber
Laura J Gentilcore
rlweber@rennerkenner.com
ljgentilcore@rennerkenner.com

13

**Plaintiffs' Exhibit 7**