# EXHIBIT 1

(MPEP § 804)



Browsing the **E9_R-11.2013** Version

- Blue Pages - Introduction
- Title Page - Manual of PATENT
- Foreword - Foreword
- Introduction - Constitutional B
- 0100 - Secrecy, Access, Natior
- 0200 - Types, Cross-Noting, an
- 0300 - Ownership and Assignn
- 0400 - Representative of Appli
- 0500 - Receipt and Handling of
- 0600 - Parts, Form, and Conter
- 0700 - Examination of Applicat
- 0800 - Restriction in Applicatic
  - 801 - Introduction
  - 802 - Basis for Practice in Statute
  - 803 - Restriction — When Proper
  - 804 - Definition of Double Patenti
  - 805 - Effect of Improper Joinder ir
  - 806 - Determination of Distinctnes
  - 807 - Patentability Report Practice
  - 808 - Reasons for Insisting Upon
  - 809 - Linking Claims
  - 810 - Action on the Merits
  - 811 - Time for Making Requireme
  - 812 - Who Should Make the Requ
  - 813 - [Reserved]
  - 814 - Indicate Exactly How Applic
  - 815 - Make Requirement Comple
  - 816 - [Reserved]
  - 817 - Outline of Letter for Restrict
  - 818 - Election and Reply
  - 819 - Office Generally Does Not F
  - 820 - [Reserved]
  - 821 - Treatment of Claims Held To
  - 822 - Claims to Inventions That A
  - 823 - Unity of Invention Under the
- 0900 - Prior Art, Classification,
- 1000 - Matters Decided by Vari
- 1100 - Statutory Invention Reg
- 1200 - Appeal
- 1300 - Allowance and Issue
- 1400 - Correction of Patents
- 1500 - Design Patents
- 1600 - Plant Patents
- 1700 - Miscellaneous
- 1800 - Patent Cooperation Trea
- 1900 - Protest
- 2000 - Duty of Disclosure
- 2100 - Patentability
- 2200 - Citation of Prior Art and
- 2300 - Interference Proceeding
- 2400 - Biotechnology
- 2500 - Maintenance Fees
- 2600 - Optional Inter Partes Re
- 2700 - Patent Terms and Exten
- 2800 - Supplemental Examinat
- I - [Reserved]

◁ 803 0800> 804 E9_R-11.2013 805 ▷

# 804 Definition of Double Patenting [R-08.2012]

***35 U.S.C. 101 Inventions Patentable.***

Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title.

***35 U.S.C. 121 Divisional Applications.***

If two or more independent and distinct inventions are claimed in one application, the Director may require the application to be restricted to one of the inventions. If the other invention is made the subject of a divisional application which complies with the requirements of **section 120** of this title it shall be entitled to the benefit of the filing date of the original application. A patent issuing on an application with respect to which a requirement for restriction under this section has been made, or on an application filed as a result of such a requirement, shall not be used as a reference either in the Patent and Trademark Office or in the courts against a divisional application or against the original application or any patent issued on either of them, if the divisional application is filed before the issuance of the patent on the other application. If a divisional application is directed solely to subject matter described and claimed in the original application as filed, the Director may dispense with signing and execution by the inventor. The validity of a patent shall not be questioned for failure of the Director to require the application to be restricted to one invention.

The doctrine of double patenting seeks to prevent the unjustified extension of patent exclusivity beyond the term of a patent. The public policy behind this doctrine is that:

> The public should . . . be able to act on the assumption that upon the expiration of the patent it will be free to use not only the invention claimed in the patent but also modifications or variants which would have been obvious to those of ordinary skill in the art at the time the invention was made, taking into account the skill in the art and prior art other than the invention claimed in the issued patent.

*In re Zickendraht,* 319 F.2d 225, 232, 138 USPQ 22, 27 (CCPA 1963) (Rich, J., concurring). Double patenting results when the right to exclude granted by a first patent is unjustly extended by the grant of a later issued patent or patents. *In re Van Ornum*, 686 F.2d 937, 214 USPQ 761 (CCPA 1982).

Before consideration can be given to the issue of double patenting, two or more patents or applications must have at least one common inventor and/or be either commonly assigned/owned or non-commonly assigned/owned but subject to a joint research agreement as set forth in **35 U.S.C. 103(c)(2)** and (3) pursuant to the CREATE Act (Pub. L. 108-453, 118 Stat. 3596 (2004)). Congress recognized that the amendment to **35 U.S.C. 103(c)** would result in situations in which there would be double patenting rejections between applications not owned by the same party (see H.R. Rep. No. 108-425, at 5-6 (2003)). For purposes of a double patenting analysis, the application or patent and the subject matter disqualified under **35 U.S.C. 103(c)** as amended by the CREATE Act will be treated as if commonly owned. See also **MPEP § 804.03**. Since the doctrine of double patenting seeks to avoid unjustly extending patent rights at the expense of the public, the focus of any double patenting analysis necessarily is on the claims in the multiple patents or patent applications involved in the analysis.

There are generally two types of double patenting rejections. One is the "same invention" type double patenting rejection based on **35 U.S.C. 101** which states in the singular that an inventor "may obtain a patent." The second is the "nonstatutory-type" double patenting rejection based on a judicially created doctrine grounded in public policy and which is primarily intended to prevent prolongation of the patent term by prohibiting claims in a second patent not patentably distinguishing from claims in a first patent. Nonstatutory double patenting includes rejections based on either a one-way determination of obviousness or a two-way determination of obviousness. Nonstatutory double patenting could include a rejection which is not the usual "obviousness-type" double patenting rejection. This type of double patenting rejection is rare and is limited to the particular facts of the case. *In re Schneller*, 397 F.2d 350, 158 USPQ 210 (CCPA 1968).

Refer to Charts I-A, I-B, II-A, and II-B for an overview of the treatment of applications having conflicting claims (e.g., where a claim in an application is not patentably distinct from a claim in a patent or another application). See **MPEP § 2258** for information pertaining to double patenting rejections in reexamination proceedings.

PLAINTIFFS' EXHIBIT 1