UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Clifford A. Lowe, et al. )<br><br>        Plaintiffs )<br>v. )<br>)<br>ShieldMark, Inc., et al. )<br>)<br>        Defendants ) | CASE NO.: 1:19-CV-748-JG<br><br>JUDGE: JAMES S. GWIN |

**DECLARATION OF CLIFFORD A. LOWE
IN SUPPORT OF PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT
AND INVALIDITY OF THE LOWE PATENT (DOC. #77)**

I, **CLIFFORD A. LOWE**, do hereby declare that:

1. I am of full age of sound mind and memory and have firsthand knowledge of the matters stated herein.

2. I hereby adopt all of the statements made in my prior declaration in this matter (Doc. #76-2).

3. I have studied the Dorenbusch patent (6,120,395) and am very familiar with that patent.

4. I actually have purchased a product made under the Dorenbusch patent.

5. Dorenbusch is directed to a "temporary rearrangeable marking system," far remote from the concept of my invention in the '664 patent of floor marking tapes.

6. Because the tapes of the '664 patent are subjected to forklift vehicles, dragging pallets and skids passing across the tape, those tapes are provided with a lateral edge portion along the lateral edges of the tape, "the upper surface of each

1

**Plaintiffs' Ex. 10 - Opposition Brief**

lateral edge portion comprising an extension of the upper surface of the body." That feature is not present in Dorenbusch.

7. Fig. 4 of the Dorenbusch patent (Doc. #67-12, PageID #2671) shows the edges as being sharply cut and separate and distinct from the top surface of the marker rather than being an extension of the top surface as required by the claims of my '664 patent. This difference is not insignificant.

8. A smooth transition at the edge of my floor marking tape product is required to accommodate the sliding or dragging of pallets, skids and the like across a factory floor.

9. Dorenbusch does not concern itself with such an edge.

10. In my '664 patent claims, the upper surface of each lateral edge portion is an extension of the upper surface of the body, which is tapered so as to extend to the lower surface of the first lateral edge portion.

11. In Dorenbusch there is no extension of the upper surface or tapering of the upper surface to the lower surface.

12. In Dorenbusch there are four separate and distinct surfaces. There is a top, a bottom, and two separate and distinct side surfaces that are neither extensions of nor do they taper from the top surface.

13. While my invention has an adhesive to limit unintentional lifting of the floor marking tape from the floor, even when subjected to forklifts, sliding pallets and skids, and the like, Dorenbusch provides adhesive as an option, but not to limit lifting from the floor, but to accommodate it. Dorenbusch provides an adhesive with a low degree of adhesion…so as not to unduly make difficult the

Plaintiffs' Ex. 10 - Opposition Brief

spot marker's removal from the surface." Such would not "limit []" unintentional lifting of the floor marking tape from the floor" as required by my patent claims.

14. Ex. 11 to Plaintiffs' Response in Opposition to Defendants' Motion for Summary Judgment of Non-Infringement and Invalidity of the Lowe Patent (Doc. #77) consists of two photographs of the lateral edge of a sample from the roll of the yellow Mighty Line® floor marking tape of Ex. 6.

I DECLARE under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: May 3, 2021            Executed by:

                                    _____
                                    Clifford A. Lowe

**Plaintiffs' Ex. 10 - Opposition Brief**