UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

|  |  |  |
|---|---|---|
| CLIFFORD A. LOWE, *et al.*, | : | |
|  | : | Case No. 1:19-cv-748 |
| Plaintiff-Counterdefendants, | : | |
|  | : | |
| vs. | : | OPINION & ORDER |
|  | : | [Resolving Docs. 55 & 56] |
|  | : | |
| SHIELDMARK, INC., *et al.*, | : | |
|  | : | |
| Defendants-Counterplaintiffs. | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The parties are competitors in the industrial floor marking tape field. Plaintiffs own U.S. Patent No. 10,214,664 ("the '664 Patent")[1] and sell their tape under the name "Superior Mark."[2] Defendants own U.S. Patent No. 10,738,220 ("the '220 Patent")[3] and sell their tape under the name "Mighty Line."[4]

On April 4, 2019, Plaintiffs sued Defendants, claiming that Defendants' sale of their "Mighty Line" floor marking tape infringes Plaintiffs' '664 patent.[5] On October 13, 2020, Defendants counterclaimed that Plaintiffs' "Superior Mark" floor marking tape infringes Defendants' own '220 Patent.[6] In response, Plaintiffs amended their complaint to raise an invalidity defense against the '220 Patent.[7]

---

[1] Doc. 44.
[2] Doc. 42 at 31.
[3] Doc. 46.
[4] *Id.* at 3.
[5] Doc. 1; Doc. 77-2.
[6] Doc. 42 at 31; Doc. 65-8.
[7] Doc. 48; Doc. 49; Doc. 50.

Case No. 1:19-cv-748
Gwin, J.

During the litigation, Defendants learned that Plaintiffs were altering the design of their "Superior Mark" tape so that it arguably no longer infringes Defendants' '220 Patent.[8] Based on this development, Defendants decided it was not economically viable to continue to litigate the '220 Patent counterclaims it raised on October 13, 2020.[9]

On March 2, 2021, Defendants offered Plaintiffs a covenant "not to file or maintain any lawsuit anywhere in the world against [Plaintiffs] for the infringement or alleged infringement of the '220 Patent for any past or present manufacture, use, sale, offer for sale, or import by [Plaintiffs] of floor marking tape currently marketed as 'Superior Mark.'"[10]

Plaintiffs, however, declined to accept the offered covenant. On March 8, 2021, Defendants filed two motions to dismiss their '220 Patent counterclaims.[11] The first motion argued that Defendants should be allowed to dismiss their '220 Patent counterclaims with prejudice under Federal Rule of Civil Procedure 41, meaning that Plaintiffs '220 Patent invalidity claim would also be dismissed.[12] The second motion argued that the offered covenant not to sue terminated any genuine ongoing controversy in this case, depriving this Court of Article III case or controversy jurisdiction.[13] Plaintiffs oppose both motions.[14]

Two months later, on May 10, 2021, the parties completed summary judgment briefing.[15] On June 21, 2021, the Court granted Defendants summary judgment on all claims

---

[8] Doc. 55-1 at 1–2.
[9] *Id.*
[10] Doc. 56-2 at 2.
[11] Doc. 55; Doc. 56.
[12] Doc. 55.
[13] Doc. 56.
[14] Doc. 65; Doc. 66.
[15] Doc 83; Doc. 84.

Case No. 1:19-cv-748
Gwin, J.

related to '664 Patent infringement.[16] Though the parties' briefing did address the potential invalidity of the '220 Patent, the Court left those issues for later resolution in light of the earlier filed motions to dismiss.[17]

The Court now takes up the '220 Patent counterclaim dismissal motions.

## I.  LEGAL STANDARD

Federal Rule of Civil Procedure 41(a)(2) allows a court to dismiss an action "on terms that the court considers proper." Potential dismissal terms can include the claimant's obligation to pay the defending party's attorney fees.[18] However, the Court must ensure that the defending party will not suffer "plain legal prejudice" from the dismissal.[19]

But plain legal prejudice is more than just "the mere prospect of a second lawsuit."[20] When assessing potential dismissal prejudice, the court should consider: (1) the defending party's effort and litigation expenses, (2) excessive delay and lack of diligence on the part of claimant, (3) insufficient explanation of the need for dismissal, and (4) whether a motion for summary judgment has been filed by the defending party.[21]

## II.  DISCUSSION

Here, it is worth noting that Defendants have moved to dismiss their '220 Patent counterclaim with prejudice, rather than the typical without prejudice dismissals covered by

---

[16] Doc. 101.
[17] *Id.*
[18] *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 953–54 (6th Cir. 2009).
[19] *Walther v. Florida Title, Inc.*, 776 F. App'x 310, 315 (6th Cir. 2019) (citing *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994)).
[20] *Id.*
[21] *Crenshaw v. Portfolio Recovery Assocs., LLC*, 433 F. Supp. 3d 1057, 1060 (W.D. Ky. 2020) (citing *Grover*, 33 F.3d at 718).

Case No. 1:19-cv-748
Gwin, J.

Rule 41. A dismissal with prejudice is "a final judgment on the merits with *res judicata* effect" that would bar Defendants from raising the same claim in a new case.[22] Further, the offered covenant not to sue would independently bar Defendants from such conduct.[23]

Rather than argue about the present claims, Plaintiffs' dismissal opposition focuses primarily on the parties' relationship as bitter competitors and the potential for future litigation. However, under the proposed covenant not to sue, such litigation would necessarily be based on some future change in Plaintiffs' Superior Mark product. At best, this argument shows a hypothetical "prospect of a second lawsuit" instead of the "plain legal prejudice" required to prevent voluntary dismissal.[24]

Considering the *Grover* factors, the parties devoted the vast majority of resources in this case to litigating the '664 Patent. The '220 Patent, based on the parties' own statements at hearings in the case, has been an afterthought. There was no excessive delay in this case, as Defendants moved to dismiss their counterclaims less than 5 months after making them, and Defendants offer a compelling explanation for dismissing the counterclaims.

Finally, although the parties' submitted summary judgment briefing regarding the '220 Patent, they did so nearly two months after Defendants moved to dismiss the '220 Patent counterclaims.

The Court finds that Plaintiffs will suffer no plain legal prejudice from the dismissal of Defendants' '220 Patent counterclaim and Plaintiffs' responding invalidity claim.

### III. CONCLUSION

---

[22] *Id.* (citing *Majors v. Prof. Credit Mgmt., Inc.*, No. 4:17-cv-00270, 2018 WL 1251914, at *2 (E.D. Mo. Mar. 12, 2018)).
[23] Doc. 56-2 at 2.
[24] *Crenshaw*, 433 F. Supp. 3d at 1060.

Case No. 1:19-cv-748
Gwin, J.

Accordingly, the Court **GRANTS** Defendants' motion to dismiss their '220 Patent infringement counterclaims and Plaintiffs' responding '220 Patent invalidity claim. The Court, however, will condition this dismissal on Defendants' continuing consent to the covenant not to sue. Finding that all parties acted reasonably, the Court orders that each party shall bear its own attorney fees. Defendants' motion to dismiss for lack of subject matter jurisdiction is **DISMISSED AS MOOT**.

IT IS SO ORDERED

Dated: July 16, 2021    *s/    James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE