UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

CLIFFORD A. LOWE, *et al.*,

    Plaintiff-Counterdefendants,

vs.

SHIELDMARK, INC., *et al.*,

    Defendants-Counterplaintiffs.

------------------------------------------------------------

Case No. 1:19-cv-748

OPINION & ORDER
[Resolving Doc. 102]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this patent case, prevailing Defendants move for a 35 U.S.C. § 285 attorney fee award.[1] Plaintiffs oppose.[2] For these reasons, the Court **DENIES** Defendants' motion.

## I. BACKGROUND

The Court has described the background of this case in several previous orders and recites only the most relevant facts here.[3]

On April 4, 2019, Plaintiffs sued Defendants, claiming that Defendants' sale of their "Mighty Line" floor marking tape infringes claims 1–6 and 10, among other claims, of Plaintiffs' '664 patent.[4] Claims 1–6 and 10 describe "[a] floor marking tape adhered to a floor" where "the lower surface of each lateral edge portion [of the tape is] a flat coplanar extension of the lower surface of the [tape] body."[5] Because Defendants' product

---

[1] Doc. 102.
[2] Doc. 103.
[3] *See, e.g.*, Doc. 87.
[4] Doc. 1; Doc. 77-2.
[5] Doc. 53-2 at 5:2, 25–26.

Case No. 1:19-cv-748
Gwin, J.

undisputedly has a flat lower surface, Plaintiffs argued that the "coplanar extension" claim language covered an accused product with a flat lower surface.[6]

The case was then stayed for over a year while Defendants sought post-grant review of the '664 Patent from the Patent Trial and Appeal Board.[7] On March 9, 2020, the Board denied post-grant review.[8] In denying review, the Board explicitly rejected Plaintiffs' litigation position here, finding that "the term 'coplanar' describes a planar relationship between two or more" surfaces not present in a product with a single flat lower surface. The Board denied rehearing on September 4, 2020.[9]

On October 13, 2020, the stay was lifted, and the parties resumed litigating in this Court. On May 19, 2021, following claim construction briefing by the parties, the Court issued *Markman* findings. As for Plaintiff's flat surface litigation position:

> The Court finds Plaintiffs' argument that the whole bottom surface of the tape body is flat untenable. First, the Court does not believe that the plain claim language describing the bottom surface of the lateral edge portions as "flat coplanar extension[s]" of the tape body is consistent with the entire tape body having a single flat lower surface. Viewing a continuous horizontal line, an ordinary speaker would not describe one arbitrary portion of the line as a "flat coplanar extension" of another portion. A "coplanar extension" necessarily implies a reference to two distinct points that a continuous flat surface does not have.

> But even if the claim language were ambiguous, the Court believes that the specification language also weighs heavily against Plaintiffs' proposed construction. As explained above, the '664 Patent specifications describe "a Lower surface 24 [that] defines a recess 30 bounded by a pair of shoulders 32." The "[s]houlders 32 prevent adhesive 34 from flowing out past the lateral edges of tape 10."

---

[6] *See* Doc. 53-1 at 19.
[7] Doc. 31; Doc. 35; Doc. 38.
[8] Doc. 53-1.
[9] *Id.* at 17–19.

-2-

Case No. 1:19-cv-748
Gwin, J.

> If the bottom surface of the tape were flat as Plaintiffs propose, there would be no "recess" to contain the adhesive and prevent the adhesive from flowing past the tape edges. The Court accordingly finds, as the Patent Trial and Appeal Board did, that the term "coplanar," in the '664 Patent does not allow the lower surfaces of the tape body and lateral edge portions to form a continuous flat line.[10]

Following the *Markman* order, Plaintiffs conceded that Defendants' Mighty Line Product did not infringe '664 Patent claims 1–6 and 10, as construed by the Court, and expressed their intent to appeal the Court's *Markman* findings upon entry of a final order.[11] On June 21, 2021, following a status conference with the parties, the Court entered summary judgment for Defendants on all '664 Patent infringement claims.[12]

On July 2, 2021, Defendants moved for $135,000 in attorney fees under 35 U.S.C. § 285, arguing solely that Plaintiffs' argument that '664 Patent claims 1–6 and 10 could cover an accused product with a single flat lower surface was unreasonable.[13] Plaintiffs oppose.[14]

On July 16, 2021, the Court dismissed all remaining claims, making the attorney fee motion ripe for decision.[15] The Court now takes up the attorney fee motion.

## II. LEGAL STANDARD

The "American Rule" provides that "each litigant" generally "pays his own attorney fees, win or lose."[16] The Patent Act, however, creates a limited exception to this backdrop

---

[10] Doc. 87 at 10–11.
[11] Doc. 91 at 3; Doc. 95 at 1–2.
[12] Doc. 101.
[13] Doc. 102.
[14] Doc. 103.
[15] Doc. 104.
[16] *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 381–82 (2013).

-3-

Case No. 1:19-cv-748
Gwin, J.

rule by allowing a district court to award a prevailing party's attorney fees in "exceptional" patent cases.[17]

Fee awards are authorized only in "the rare case in which a [losing] party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees."[18] An exceptional case is "one that stands out from the others with respect to the substantive strength of the party's litigation position . . . or the unreasonable manner in which the case was litigated" based on a preponderance of the evidence.[19]

Courts, however, do not award attorney fees as "a penalty for failure to win a patent infringement suit."[20] Exceptional case fee awards exist to "prevent a [prevailing] party from suffering a 'gross injustice,' not to punish [the other] party for losing."[21] In deciding whether to exercise its remedial attorney fee award discretion, the Court considers, among other things, claim frivolousness or unreasonableness, party motivations, and the need for party compensation or deterrence.[22]

### III. DISCUSSION

Considering the totality of the circumstances, the Court does not believe that this case is exceptional for 35 U.S.C. § 285 purposes. While Defendants ultimately had the better position in the "coplanar" term dispute, Plaintiffs' position that a single flat lower surface could be described as "coplanar" was not objectively unreasonable.

---

[17] 35 U.S.C. § 285.
[18] *Checkpoint Sys., Inc. v. All-Tag Security S.A.*, 858 F.3d 1371, 1374 (Fed. Cir. 2017).
[19] *Id.*
[20] *Munchkin, Inc. v. Luv n' Care, Ltd.*, 960 F.3d 1373, 1378 (Fed. Cir. 2020).
[21] *Id.* (quoting *Checkpoint Sys., Inc.*, 858 F.3d at 1376).
[22] *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 n.6 (2014).

Case No. 1:19-cv-748
Gwin, J.

The fact that the Patent Trial and Appeal Board rejected Plaintiffs' litigating position did not make it objectively unreasonable. For the Court to find that the Board's conclusion could by itself render a party's claim construction argument unreasonable would frustrate the courts' final say in interpreting patents.[23]

Nor does the Court find any evidence that Plaintiffs' arguments were made in bad faith or that Plaintiffs brought this case solely to harass Defendants. Plaintiffs' argument, while unsuccessful, was plausible. "[B]ringing suit based on a reasonable belief in infringement is not an improper motive."[24]

Further, once the Court's claim construction order made it clear that Plaintiffs could not win in this Court, Plaintiffs promptly conceded their position on '664 Patent claims 1–6 and 10 to avoid wasting additional litigation resources. Defendants accordingly will not suffer "gross injustice," by bearing their own attorney fees.

### IV. CONCLUSION

For these reasons, the Court **DENIES** Defendants' 35 U.S.C. § 285 motion.

IT IS SO ORDERED

Dated: July 20, 2021            *s/ James S. Gwin*
                                                         JAMES S. GWIN
                                                         UNITED STATES DISTRICT JUDGE

---

[23] *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 384 (1996).
[24] *Checkpoint Sys., Inc.*, 858 F.3d at 1375.