IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CLIFFORD A. LOWE, et al. | )<br>) |
| Plaintiffs-Counterclaim Defendants, | )<br>) |
| vs. | ) Case No. 1:19CV00748<br>) |
| | ) Judge James S. Gwin |
| SHIELDMARK, INC., et al. | )<br>)<br>) |
| Defendants-Counterclaim Plaintiffs. | ) |

**DEFENDANTS' MOTION FOR THE SUBSTITUTION OF CHRISTOPHER HAAS FOR TIMOTHY JENSEN AS DEFENDANTS' FED.R.CIV.P. 26(A)(2)(B) EXPERT REGARDING INVALIDITY OF THE LOWE PATENT**

Defendants' expert regarding invalidity of the Lowe patent, Timothy Jensen, has notified Defendants that due to his advanced age and serious, debilitating health problems, he is unable to continue to participate in this case. For this reason, Defendants require a substitute expert for trial, and they have retained Christopher Haas for that purpose. Defendants notified Plaintiffs of Dr. Jensen's inability to participate in this case going forward and their retention of Dr. Haas as a replacement for Dr. Jensen. Defendants also provided Plaintiffs with a copy of Dr. Haas' *curriculum vitae* and informed Plaintiffs that Dr. Haas will cover the same topics that Dr. Jensen covered in his report, which was provided to Plaintiffs over a year ago. Plaintiffs have not consented to the substitution of Dr. Haas for Dr. Jensen, which necessitates this motion.

Defendants should be permitted to substitute Dr. Haas for Dr. Jensen as a Fed.R.Civ.P. 26(a)(2)(B) expert on invalidity of the Lowe patent for at least the following reasons:

1.      Dr. Jensen was retained by Defendants' counsel to serve as an expert witness for Defendants in this lawsuit. See Declaration of Timothy Jensen, Ph.D., ¶ 1. Dr. Jensen submitted a written expert report under Fed.R.Civ.P. 26(a)(2)(B) on March 30, 2021. See ECF 67.

2.      Plaintiffs did not take the deposition of Dr. Jensen before the deadline to complete all discovery, which was May 21, 2021. See ECF 41.

3.      On March 4, 2022, the Federal Circuit issued its decision vacating the Court's grant of summary judgment of non-infringement and remanding the case for further proceedings.

4.      On March 17, 2022, Defendants contacted Dr. Jensen to inform him of the status of the case and to discuss upcoming tasks and deadlines. On March 25, 2022, Dr. Jensen informed Defendants that he is suffering from serious, debilitating health problems and his health has deteriorated to point that he cannot continue to participate in this lawsuit. See Ex. 1, Jensen Declaration, ¶¶ 3-9. Dr. Jensen is 82 years of age. *Id*., ¶ 9.

5.      Promptly after Dr. Jensen informed them that he cannot continue to participate in this case, Defendants internally discussed an appropriate course of action. Defendants decided to begin searching for a potential substitute for Dr. Jensen but, in parallel, to exhaust all reasonable possibilities of having Dr. Jensen stay on. For example, Defendants considered the possibility that Dr. Jensen's health might improve over time such that he would be in good enough health to prepare for and testify at trial. Ultimately, however, Dr. Jensen confirmed that his health has continued to deteriorate and he remains unable to participate in this lawsuit.

6.      Defendants thereafter identified, contacted, and retained Dr. Haas as a potential substitute for Dr. Jensen.

7.      On May 10, 2022, Plaintiffs contacted Defendants to propose a call to discuss pretrial matters, including the situation with Dr. Jensen. During the call, which took place on May

11, 2022, Defendants informed Plaintiffs that Dr. Jensen is of an advanced age, that he is suffering from serious, debilitating health problems, that his health has deteriorated, and that, for these reasons, Dr. Jensen had informed Defendants that he is unable to continue his participation in this lawsuit. Defendants disclosed that they had retained a potential substitute for Dr. Jensen and emphasized that they would work with Plaintiffs to avoid delays or unfair prejudice to Plaintiffs due to the substitution. Defendants asked Plaintiffs whether they would consent to a substitute for Dr. Jensen and Plaintiffs responded that they would consider Defendants' request.

8. On May 17, 2022, Defendants sent a follow-up email to Plaintiffs providing them with a copy of Dr. Haas' *curriculum vitae* and proposing another call to discuss having Dr. Haas be a substitute Dr. Jensen and other pretrial matters. Defendants stated that Dr. Haas' report would cover the same topics as Dr. Jensen's report. See Ex. 2, May 17, 2022 Email from Sheikh to Weber.

9. On May 18, 2022, Plaintiffs responded to Defendants' email, and stated that they will not consent Dr. Haas being a substitute for Dr. Jensen:

> We do not concede that Dr. Haas can replace Dr. Jensen. As you know, Dr. Jensen offered a report that was 140 pages in length, with 443 detailed paragraphs. Are you suggesting that Dr. Haas has agreed to adopt each paragraph and offer nothing in addition? Moreover, the qualifications of the two are remarkably different and prejudicial to plaintiffs. By way of example only, Jensen was granted a single patent decades ago, while Haas listed 18 patents on which he is named.

See Ex. 3, May 18, 2022 Email from Weber to Sheikh.

10. Plaintiffs' objections to Dr. Haas replacing Dr. Jensen are baseless. The length of Dr. Jensen's report is irrelevant to whether Defendants should be permitted to substitute Dr. Jensen with Dr. Haas. As noted above, Defendants informed Plaintiffs that Dr. Haas' report would cover the same topics as Dr. Jensen's report. Plaintiffs have had Dr. Jensen's report since March 30, 2021, and they elected not to question Dr. Jensen about its substance.

11. The fact that Dr. Jensen was granted a single patent decades ago while Dr. Haas is a named inventor on 18 patents does not justify a refusal to consent having Dr. Haas replace Dr. Jensen. Defendants are willing to make Dr. Haas available for a deposition regarding his patents, his qualifications, and the substance of his report. And Plaintiffs have the option of stipulating that Dr. Haas is a qualified expert so his qualifications will not be part of the trial. Further, Defendants will not object to permitting Plaintiffs' expert, Dr. Frankland, from providing a rebuttal to Dr. Haas' report, if Plaintiffs and Dr. Frankland determine that a rebuttal is necessary.

12. In the final analysis, this is an unforeseeable and unfortunate situation that was outside the control of Defendants. Defendants have taken reasonable steps to avoid unfair prejudice to Plaintiffs and, as stated above, Plaintiffs are willing to take further steps to continue to avoid unfair prejudice to Plaintiffs. Dr. Haas will address the same topics that Dr. Jensen disclosed to Defendants over a year ago. The alternative, in which Defendants would be unable to rely on the opinions of a Fed.R.Civ.P. 26(a)(2)(B) expert through no fault of their own, would be unjust. Defendants' motion to substitute Dr. Haas for Dr. Jensen as their Fed.R.Civ.P. 26(a)(2)(B) expert on invalidity of the Lowe Patent should be granted.

Dated: May 23, 2022                          Respectfully submitted,

*/s/ Howard L. Wernow*
James F. McCarthy, Esq.
Howard L. Wernow, Esq.
Joseph A. Sebolt, Esq.
Laura L. Beoglos, Esq.
SAND, SEBOLT & WERNOW CO., LPA
4940 Munson Street, N.W.
Canton, OH 44718-3615
Phone: 330-244-1174
Fax: 330-244-1173
Email: jim.mccarthy@sswip.com
Email: howard.wernow@sswip.com
Email: joe.sebolt@sswip.com
Email: laura.beoglos@sswip.com

***Attorneys for Defendants, ShieldMark, Inc., Advanced Plastics, Inc. and Crown Equipment Corporation***

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 23, 2022, a true and accurate copy of the above and foregoing was e-filed with the Court using the CM/ECF system, to be served electronically on all counsel of record in this matter.

                                                 */s/ Howard L. Wernow*
                                                 Howard L. Wernow