# EXHIBIT 1

**EXHIBIT 1**



# INVESTIGATIVE REPORT

# ON

# Timothy Jenson

(Edina, Minnesota)

# [05/20/2022-05/24/2022]



g and Investigative Services, Inc.
Street
ite 2516
311-1010

TEL: 330-255-1101 | FAX: 330-255-1135 | WWW.SACSCONSULTING.COM

**EXHIBIT 1**



*THIS PAGE WAS INTENTIONALLY LEFT BLANK*

## I. SCOPE OF INVESTIGATION

SACS Consulting and Investigative Services, Inc. was retained and requested to perform an investigation to discover the existence of the following: (1) Surveillance of target residence; (2) Obtain still shot or video of Timothy Jenson moving outside of his residence.

## II. DISCLAIMER

SACS Consulting and Investigative Services, Inc. prides itself on its strong reputation and integrity. Over the past 23 years SACS has been able to achieve success for its clients through numerous projects and investigations by taking an objective role during its processes.

SACS Consulting and Investigative Services will specifically serve as an objective, non-biased third–party in its investigation.

SACS would also like to disclose that compensation is not contingent upon certain findings and/or conclusions. SACS compensation is solely based on time expended during the investigation process.

## III. PERSON(S) OF INTEREST – LIST OF INTERVIEWEES

Timothy Jenson, 4517 Bruce Ave. Edina, MN.

## IV. SUMMARY OF FINDINGS

I arrived in Minneapolis, Mn. on Friday, 05/20/2022 at 1300 (CST).
I located Timothy Jenson's residence located at 4517 Bruce St. Edina, Mn. at approx. 1500 CST) Due to the configuration of the neighborhood I was unable to conduct stationary surveillance and go undetected. So, for the next four (4) days I conducted mobile surveillance of Mr. Jensen's residence.
On day 1 and day 2 the 20th and 21st of May I observed no movement around the residence.

On day 3 the 22nd of May at 1335 I met Mr. Jensen coming down Bruce St driving a white Mercedes, Mn. tag NEU-802, also in the vehicle was an older white, female seated in the front passenger seat. I was able to turn around and set-up undetected and take still shots of Mr.

Jenson. Those shots have been submitted. What I observed was Mr. Jensen exiting his vehicle unassisted closing the driver's door and then opening the driver's passenger door and removing a bag and then close the door all unassisted.
Next, what I observed Mr. Jensen cross Bruce Street holding a book in his left hand and a bag and jacket in his right hand. Mr. Jensen continued up the driveway and into his residence all unassisted.
There was no further movement observed during this day.

On day 4 the 23rd of May at 0835 I observed Mr. Jensen exit his residence come out and pick-up his paper and proceed to his white Mercedes parked on Bruce Street across from his residence. I observed Mr. Jensen get into his vehicle and leave at which time I followed him to a nearby restaurant Brugger's Bagel. Mr. Jensen went into the bagel shop and then came out and had a seat at a sidewalk table and ate, drank, and was reading his paper. I exited my vehicle and went to the bagel shop myself and bought a cup of coffee and had a seat behind Mr. Jensen and was able to observe him and his movement up close to include a conversation with a white female on the street about her dog. Mr. Jensen appeared not to have any issues talking or holding a conversation. Still shots of this interaction have been forwarded. I lost view of Mr. Jensen and was unable to located him for about two and half hours when he returned home at around 12pm.
There was no further movement observed during this day.

On day five the 24th of May at 1356 I observed Mr. Jensen in his front yard watering his yard with a water hose. This went on for approx. ten (10) minuets. Then Mr. Jensen went back into his residence. Video has been forwarded.
There was no further movement observed during this day.

## V. CONCLUSION

**I conducted moving surveillance for five (5) days. During the times I was able to observe Mr. Jensen he appeared to have no severe limitations in being able to drive, walk, bend, carry and talk.**

**\*THIS PAGE WAS INTENTIONALLY LEFT BLANK\***

**---END OF REPORT---**