UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---------------------------------------------------------

CLIFFORD A. LOWE, *et al.*,            :
                                       :        Case No. 1:19-cv-748
        Plaintiffs,                    :
                                       :
vs.                                    :        OPINION & ORDER
                                       :        [Resolving Doc. 114]
SHIELDMARK, INC., *et al.*,            :
                                       :
        Defendants.                    :

---------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this patent case, Defendants' expert Dr. Timothy Jensen suffered an injury.

Defendants now move to substitute Dr. Christopher Haas for Dr. Jensen.  For the following

reasons, the Court **GRANTS** Defendants' expert substitution motion.

## I.    Background

This case concerns floor marking tape patents.  At summary judgment, Defendants

relied upon a March 2021 expert report and April 2021 declaration from adhesive tape

industry executive Dr. Jensen.[1]  Plaintiffs did not take Dr. Jensen's deposition.[2]

In 2021, this Court granted Defendants' motion for summary judgment.[3]  Relying

upon the rule that patent claim language dominates claim construction, the Federal Circuit

disregarded the accompanying rule that interpreting courts should consider specifications

when interpreting the claim language.  "Thus, the specification is always highly relevant to

the claim construction analysis.  Usually, it is dispositive; it is the single best guide to the

meaning of a of a disputed term."[4]

---

[1] Docs. 67 & 77-5.
[2] Doc. 114 at ¶ 2.
[3] Doc. 101.
[4] *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996).

Case No. 1:19-cv-748
Gwin, J.

Accepting Plaintiffs' patent term interpretations, the U.S. Court of Appeals for the

Federal Circuit vacated and remanded this Court's claim construction decision.[5]  After the

mandate issued, the Court held a status conference on May 25, 2022 and issued an

updated case schedule.[6]

### II.    Dr. Jensen's Medical Situation

Defendants' now say that "Dr. Jensen no longer has the mental and physical

capacity to serve as an expert witness in a federal jury trial."[7]

After the Federal Circuit published its decision, Defendants represent that they

contacted Dr. Jensen.[8]  Defendants say Dr. Jensen then advised Defendants that he was

unable to continue his participation in the lawsuit.[9]

Dr. Jensen has submitted two declarations regarding his health.[10]  Dr. Jensen is

currently 82 years old.[11]  In February 2022, Dr. Jensen fractured his ankle.[12]  Due to

complications, he underwent two surgeries.[13]  He was prescribed pain medications that he

says impaired his cognitive abilities.[14]  Dr. Jensen says that current physical therapy

regiment requires daily treatment.[15]

---

[5] Doc. 110.
[6] Docs. 117, 118, & 121.
[7] Doc. 128 at 1.
[8] Defendants submitted inconsistent filings regarding the date Defendants contacted Dr. Jensen.  Defendants' opening brief says that Defendants contacted Dr. Jensen on March 17, 2022.  Doc. 114 at ¶ 4.  Defendants' counsel Howard Wernow's declaration says that Defendants contacted Dr. Jensen on March 4, 2022.  Doc. 128-2 at ¶ 4.
[9] Defendants also submit inconsistent filing regarding the date Dr. Jensen told Defendants he was unable to testify. Defendants' opening brief says that Dr. Jensen informed Defendants about his inability to participate in the lawsuit on March 25, 2022.  Doc. 114 ¶ at 4.  Defendants' counsel Howard Wernow's declaration says that Dr. Jensen informed Defendants on March 4, 2022.  Doc. 128-2 at ¶ 4.
Doc. 128-1 at 7.
[10] Docs. 114-1 & 128-1
[11] Doc. 128-1 ¶ 9.
[12] *Id.* at ¶ 4.
[13] *Id.*
[14] *Id.* at ¶ 5.
[15] *Id.* at ¶ 6.

-2-

Case No. 1:19-cv-748
Gwin, J.

On May 11, 2022, Defendants first informed Plaintiffs of Dr. Jensen's health condition and advised that Defendants intended to use Dr. Christopher Haas instead.[16] Plaintiffs object.

From May 20-24, Plaintiffs' investigators surveilled Dr. Jensen.[17]  Plaintiffs say: "Jensen has been seen out and about without a wheelchair, walker or cane, and most recently watering his lawn under his own power. He gets in and out of his car, drives it, and even retrieves items from it without restriction."[18]

### III.   Discussion

As a starting point, "District courts have broad discretion under the rules of civil procedure to manage the discovery process and control their dockets."[19]  In deciding motions to substitute expert witnesses, courts have looked to Federal Civil Procedure Rule 16(b)(4) (modifying pretrial schedule), Rule 37(c) (failure to timely identify witnesses), and Rule 6(b) (extensions).[20]

But those rules are not directly applicable to the instant motion.  The Court originally issued a Rule 16 scheduling order.[21]  But that original order went away because of the summary judgment grant and the Federal Circuit appeal.  At the time Defendants identified expert witness Dr. Haas, no trial was scheduled.

---

[16] Doc. 128-2 at ¶ 11.
[17] Doc. 122-1.
[18] Doc. 122 at ¶ 5.
[19] *Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014) (citing *Wolotsky v. Huhn*, 960 F.2d 1331, 1338 (6th Cir. 1992).
[20] *See, e.g.*, *Carlson v. Fewins*, No. 08-cv-991, 2016 WL 7971764, at *1 (W.D. Mich. Oct. 19, 2016); *Harrison v. United States*, No. 19-cv-0017, 2021 WL 1269119, at *8 (D. Alaska Apr. 6, 2021); *see also U.S. ex rel. Agate Steel, Inc. v. Jaynes Corp.*, No. 13-cv-01907, 2015 WL 1546717, at *2 (D. Nev. Apr. 6, 2015) ("The purpose of allowing substitution of an expert is to put the movant in the same position it would have been in but for the need to change experts; it is not an opportunity to designate a better expert.").
[21] Doc. 18.

Case No. 1:19-cv-748
Gwin, J.

After the Federal Circuit issued its decision, the Court set a new trial schedule.  And because the deadline for submitting expert reports for the new trial date has not passed, Defendants' substitution motion neither asks the Court to further alter that schedule nor is the motion to substitute experts untimely.  Recall that Plaintiffs never took Dr. Jensen's deposition and Plaintiffs have sufficient time to depose newly identified expert Dr. Haas.

Here, Plaintiffs say Jensen's physical health is not as claimed in his Declaration.[22] They say that the motion should be denied since Dr. Jensen could provide video testimony and that Defendants could manage the situation through filing motions in *limine*.[23]

But this case is almost three months away from trial.  And Defendants represent that Dr. Haas's opinions track Dr. Jensen's earlier given opinions.  Plaintiffs respond that Dr. Haas may be a more persuasive expert than Dr. Jensen since he has received more patents.[24]

The Court finds Plaintiffs' argument unpersuasive.  Dr. Jensen is 82.  He recently suffered a significant injury, requiring two surgeries.  Most important, trial is not soon and Plaintiff shows no sufficient prejudice.

Lastly, since Dr. Haas' testimony will cover the same topics as Dr. Jensen's earlier reports, Plaintiffs' time spent reviewing Dr. Jensen's reports will likely not be wasted, especially since Plaintiffs did not take Dr. Jensen's deposition.

  IV.   Conclusion

---

[22] Doc. 122 at ¶ 5.
[23] *Id.* at ¶ 7.
[24] *Id.* at ¶ 3, 7.

-4-

Case No. 1:19-cv-748
Gwin, J.

The Court **GRANTS** Defendants' motion to substitute Dr. Jensen with Dr. Haas and

**ORDERS** Defendants to make Dr. Haas available for a deposition at Plaintiffs' request.

IT IS SO ORDERED

Dated:  June 14, 2022                    *s/      James S. Gwin*
                                         JAMES S. GWIN
                                         UNITED STATES DISTRICT JUDGE