```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
CLIFFORD A. LOWE, et al.,                :
                                         :         Case No. 1:19-cv-748
         Plaintiff,                      :
vs.                                      :         OPINION & ORDER
                                         :
SHIELDMARK, INC., et al.,                :
                                         :
         Defendants.                     :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this case, the Plaintiffs claim that Defendants infringed various claims within Plaintiffs' '664 Patent. Defendants deny that they infringed the '664 Patent and say the '664 Patent is invalid.

In support of one argument why the '664 Patent is invalid, Defendants say that earlier art existed before the '664 Patent that included the limitations, requirements or elements of the '664 as interpreted by the Federal Circuit.

In another argument that the '664 Patent is invalid, Defendants say the '664 Patent fails the written description requirement because Plaintiffs' patent application did not give notice of the full scope of the invention claimed in Plaintiffs' claim interpretation filings and the Federal Circuit's claim interpretation opinion.

This Court earlier ordered the parties to submit supplemental briefing discussing their respective arguments on invalidity and discussing whether the Federal Circuit's claim interpretation impacted their invalidity arguments.

Defendants have filed a brief on the impact of the Federal Circuit's decision on the invalidity issues. Defendants brief is generalized and gives only limited answer to the Court's questions.

Case No. 1:19-cv-748
Gwin, J.

To assist the Court, the Court directs the parties to file supplemental invalidity briefs and charts.

In the supplemental briefs, as to each claim that continues in this litigation, each party will identify:

1. All the requirements or elements or limitations of the claim;

2. Whether any preexisting product or publication or patent incorporates every restriction or element or limitation of the claim; and

3. Whether any incorporates the '664 Patent restrictions, elements or limitations literally or under the doctrine of equivalents.

With regard to Defendants' argument that the written description requirement causes the '664 claims involved with this case to be invalid, and as to each claim that remains in this case, the parties will describe:

1. How an ordinary skill person reading the original patent application would have recognized that the application describes the limitations or elements found by the Federal Circuit's claim interpretation opinion.

The Court **VACCATES** the briefing schedule in Doc. 132 and the June 28 oral argument date. The Court now **ORDERS** the following revised briefing schedule:

- Defendants' to file their supplemental brief by Monday, June 27;

- Plaintiff to file a responsive brief by Tuesday, July 5;

- Video conference oral argument to be held on Monday, July 11.

IT IS SO ORDERED

Dated: June 17, 2022                     *s/      James S. Gwin*

-2-

Case No. 1:19-cv-748
Gwin, J.

        JAMES S. GWIN
        UNITED STATES DISTRICT JUDGE

-3-