"UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Clifford A. Lowe, et al. | ) | |
| | ) | CASE NO. 1:19-CV-748-JG |
| Plaintiffs | ) | |
| v. | ) | JUDGE JAMES S. GWIN |
| | ) | |
| ShieldMark, Inc., et al. | ) | |
| | ) | |
| Defendants | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION
TO RECUSE OR DISQUALIFY PURSUANT TO
28 U.S.C. § 144, 28 U.S.C. § 455(a), AND 28 U.S.C. § 455(b)(1)**

**I.     INTRODUCTION**

The captioned patent infringement action is currently pending before the Honorable Judge James S. Gwin ("Judge Gwin"). The case was remanded from the Court of Appeals for the Federal Circuit (CAFC) with the filing of the formal mandate on April 20, 2022.

Plaintiffs file this motion reluctantly and with all due respect to Judge Gwin and his position as an Article III United States District Court Judge. During the combined 86 years of practice of the undersigned counsel, neither has ever sought the recusal of a judge or administrator. But here, Judge Gwin has reacted on a deeply personal level to what he considers a personal affront to his authority. His bias arose during the captioned judicial proceeding beginning at least with what he perceived to be a "threat" *to him* of appeal during the patent claim construction hearing and peaked with the CAFC's finding his claim constructions to indeed be erroneous. His statements and actions, at minimum, raise the appearance of partiality and would lead a reasonable person to question his impartiality.

1

## II.     RELEVANT FACTS

The relevant facts are presented below and in the accompanying Affidavits of Plaintiff Clifford A. Lowe, and his counsel Ray L. Weber and Laura J. Gentilcore, incorporated herein by reference.

Plaintiffs' appeal to the Federal Circuit sought reversal of a grant to Defendants of summary judgment of non-infringement of Plaintiff Lowe's U.S. Patent No. 10,214,664 (the '664 patent) based on erroneous claim constructions. In the opinion issued on March 4, 2022, the CAFC agreed with Plaintiffs that the District Court's claim constructions were erroneous.

The mandate of the CAFC provided in relevant part that the District Court vacate its grant of summary judgment of non-infringement and apply Plaintiffs' claim constructions.

During the period between grant of summary judgment of non-infringement to Defendants and this Court's receipt of the CAFC's mandate and renewal of the action herein, facts have emerged that require Judge Gwin to recuse himself pursuant to 28 U.S.C. § 144, or to be disqualified from further adjudication of the matter under 28 U.S.C. § 455 (a) or 455(b)(1).

Plaintiff Lowe and his undersigned counsel now hold an earnest and good-faith conviction that Plaintiffs in this case will not receive a fair adjudication going forward.

A non-document scheduling order of April 22, 2022 sent to counsel for the parties established that a first "status conference" would be held on May 25, 2022, at 10:00 a.m., by video conferencing. The Court's follow-up e-mail of 05/24/2022, was sent to two court reporters, the court reporting pool, and counsel for the parties, providing the call-in number and passcode for the conference, indicating to the undersigned that the video status conference was to be recorded.

Judge Gwin began the conference by stating he was going to "reverse the Federal Circuit." He stated that the CAFC's claim constructions were not supported by the specification as provided in the CAFC's Opinion. Judge Gwin cited by paragraph and line (page 12, first full paragraph) (Case 21-2164, Doc. 32) in expressing his opinion of the CAFC's Decision.

Following that, Judge Gwin directed Plaintiffs' counsel to tell him why he was wrong in his opinion. After hearing Plaintiffs' counsel's answer, Judge Gwin proceeded to exclaim "I don't know how to instruct the jury" and "I may have to hold another claim construction hearing."

Judge Gwin then queried Defendants' counsel whether Defendants would renew their motion for invalidity and unenforceability, whereupon he most significantly and prejudicially made the statement that "all flat marking tapes have edges," signaling a proclivity to again rule for Defendants, tacitly reversing the CAFC as he promised he would.

Also discussed during the "status conference," was a motion filed by Defendants to substitute their expert witness. The Court stated that the motion had been fully briefed and he intended to grant it. But in fact, that motion had been filed by Defendants just two days earlier. When Plaintiffs advised the Court that they had not yet had an opportunity to oppose the motion, Judge Gwin nonetheless restated his intent to grant Defendants' motion. Consistent therewith, he announced a scheduling order for identification of new expert witnesses and the exchange of reports. Significantly, that scheduling order did not consider the principle that a patent is presumed valid and enforceable, nor the parties' respective burdens of proof. Contrary to Local Patent Rule 5.1, Judge Gwin instructed that both parties were to file expert reports simultaneously. Local Patent Rule 5.1 is consistent with the legal premise that a patent is presumed valid and enforceable, and staggers reports based upon the respective burdens of proof.

Following the designated "status conference," believing that they may need to file a writ of prohibition, Plaintiffs requested a transcript, only to be informed that no court reporter had been present. Plaintiffs then filed a request with the Court for a recording (of the conference) in that Zoom provides the host the opportunity to obtain a recording or the Court may have independently recorded. That request remains outstanding.

On June 14, 2022, Judge Gwin issued an Opinion & Order (Doc. #134) resolving Defendants' Motion for Substitution of Experts (Doc. #114). In that Opinion & Order, Judge Gwin gratuitously stated:

> Relying upon the rule that patent claim language dominates claim construction, the Federal Circuit disregarded the accompanying rule that interpreting courts should consider specifications when interpreting the claim language.

(Doc. 134, Page ID 5345). Simply put, Judge Gwin angrily reiterated his opinion expressed during the video "status conference" of May 25, 2022, i.e., that the CAFC was wrong in finding his claim constructions to be erroneous and he was going to reverse it.

These present statements of Judge Gwin are consistent with prior statements made by him and other instances of his disregard for the Local Patent Rules in the captioned case prior to the appeal. While the Local Patent Rules provide for an orderly and disciplined management of patent cases, and particularly regarding claim construction, which is foundational to the substantive issues of every patent case, Judge Gwin did not apply the Local Patent Rules. Instead, he ordered the parties to file summary judgment motions prior to his ruling on claim construction. When the undersigned challenged such scheduling, rather than modify the schedule, Judge Gwin inexplicably instructed the parties to argue for their respective constructions in the summary judgment briefs.

4

It is noteworthy that Judge Gwin opened the *Markman* hearing by offering that the claims-in-issue were "means plus function" claims, even though he acknowledged that neither party had raised that issue. Both parties had separately acknowledged that they did not contend that "means plus function" was an issue early in the case; their respective disclosures under the Local Patent Rule 4.1(a) had stated that fact. Already irritated by the fact that Plaintiffs' counsel was having difficulty with his Zoom connection (i.e., stating, "Kayla, we had some inmates that we were sentencing this morning. I wonder if you could call them and see if they can give these intellectual property attorneys some lessons on how to use technology"), he became further irritated by Plaintiffs' counsel's answer that the claims were not "means-plus function."

Looking for agreement, Judge Gwin turned to Defendants' counsel. Judge Gwin proposed that the floor marking tape could be argued to be a means, wherein the floor marking tape establishes a boundary on the floor as the function. Rather than advise the Court that Defendants did not contend that "means-plus-function" was at issue," as Defendants had acknowledged in the *Markman* process (see **EXHIBIT 1 hereto)** Defendants' counsel, Richard Megley, threw fuel on the fire by agreeing with and affirming Judge Gwin that the claims in issue were indeed "means-plus-function." Why?? Because construction of a "means-plus-function" claim limitation requires resort to and adoption of claim limitations from the specification. (35 U.S.C. § 112(6), now 35 U.S.C. § 112(f)). That is exactly what Judge Gwin wanted to do—he was personally invested in *his* claim construction. And, that is precisely what Judge Gwin did, with the end result being erroneous claim constructions as held by the CAFC.

Consistent with his intent to rely on the specification, Judge Gwin turned back to Plaintiffs' counsel and asked if he agreed with the claim construction of Defendant. Plaintiffs' counsel responded that it was classic and reversible error. Again, irritated by Plaintiffs'

5

counsel's response, this time, Judge Gwin reprimanded Plaintiffs' counsel for threatening **him** with an appeal. In so doing, Judge Gwin again revealed that he had a personal interest in how the claim construction should be decided, regardless of precedence. Indeed, he demonstrated that he was no longer a judge but an advocate for Defendants.

Two long-tenured outstanding judges sat on the CAFC panel in this matter. That panel soundly reversed Judge Gwin with a Decision so routine in patent law that its "disposition is nonprecedential." Yet, during what was purported to be a routine status conference, Judge Gwin "proclaims" that he is about "to reverse the Federal Circuit" and later, in Doc. #134, he gratuitously states that "the Federal Circuit disregarded the [law]."

Rather than being upset with Defendants' counsel, who sold him (Judge Gwin) the bill of goods, the Court's animosity is directed to Plaintiff Lowe and his counsel, who, if the Federal Circuit's opinion is believed, have been honest, candid, and correct throughout. How can Lowe feel anything but a threat of revenge, particularly when Judge Gwin signaled to Defendants how he would rule if Defendants would renew their motion for invalidity and unenforceability because "all flat marking tapes have edges"? And that is how he will reverse the CAFC as he proclaimed. As Lowe has expressed—and for good reason—in his Affidavit filed herewith, he has a good-faith belief that Judge Gwin harbors a deep-seated antagonism toward him and his counsel making a fair adjudication impossible.

The possible explanation for Judge Gwin's personal investment in his claim construction order is that he was named to the Kathleen M. O'Malley American Inn of Court as "Counselor for the Inn" at its inception in early 2021. Her Honor Kathleen M. O'Malley sat on the CAFC for 12 years, where she was part of multiple panels reviewing claim construction. Previously,

6

she was a well-respected jurist in this Court. Participation in the Kathleen M. O'Malley American Inn of Court is by invitation.

Judge Gwin's statements and actions reflect his anger and embarrassment over the CAFC's reversal of his claim construction order, as well as his personal investment in his claim construction order. His refusal to accept the CAFC's claim constructions, in combination with his subsequent actions, particularly his repeated statement that 'all floor marking tapes have flat bottoms and edges,' immediately following his proclamation that he was going to reverse the CAFC, unequivocally establishes a lack of impartiality, his own personal bias and prejudice—if not actual personal animus—toward Plaintiffs' cause of action for patent infringement. This demonstrated anger, embarrassment, and even outright hostility over the ruling of the CAFC's reversal for erroneous claim constructions, make it impossible for Judge Gwin to make a fair judgment going forward. Judge Gwin's statements and conduct, at a minimum, reflect the appearance of partiality, if not outright partiality.

Claim construction is key to resolution of the remaining issues in the case, namely Plaintiffs' claim for infringement of the patent-in-issue and Defendants' claims of invalidity and unenforceability of the same. Plaintiff and his counsel hold the good-faith belief that Judge Gwin's personal reaction to the CAFC's finding that his claim constructions are erroneous led him to state that he is going to reverse the Federal Circuit and put into writing in an order his opinion that the Federal Circuit erred, is wildly disproportionate to an objective evaluation of these issues. Plaintiff and his counsel hold the good-faith belief that Judge Gwin deems the CAFC to have wrongfully encroached upon his authority, impugned his judicial integrity, and demeaned his capabilities to the extent that he now may justifiably seek vindication of that

7

authority through his future rulings. At the very least, he has clearly indicated his intent to reverse the CAFC by finding Mr. Lowe's patent to be invalid and/or unenforceable.

### III. LAW AND ARGUMENT

#### A. 28 U.S.C. § 144 and 28 U.S.C. § 455 (b)(1)

A district judge may be disqualified from any case where he has a personal bias or prejudice against a party under 28 U.S.C. § 144 or 28 U.S.C. § 455(b)(1). In fact, 28 U.S.C. § 144 provides that a judge shall continue no further in a proceeding after a party "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice" against him. *Ullmo ex rel. Ullmo v. Gilmour Academy*, 273 F.3d 671, 681 (6th Cir. 2001).

Under 28 U.S.C. 455(b)(1) a judge shall disqualify himself where "he has a personal bias or prejudice concerning a party." Further, 28 U.S.C. 455(b)(1), "is self-executing, requiring the judge to disqualify himself for personal bias even in the absence of a party complaint." U.S. v. *Story,* 716 F.2d 1088, 1091 (6th Cir. 1983); See also, *Easley v. University of Michigan Bd. of Regents*, 906 F.2d 1143, 1146 (6th Cir. 1990). Both may be asserted by motion, and if an affidavit is submitted pursuant to 28 U.S.C. § 144, its contents must also be considered in determining whether recusal is required under 28 U.S.C. § 455 (b)(1). *Lindsey v. City of Beaufort,* 911 F. Supp. 962, 968 (D. S.C. 1995).

The words "bias" and "prejudice" "connote a favorable or unfavorable disposition or opinion that is somehow wrongful or inappropriate," such as if the disposition or opinion is undeserved or excessive in degree. *Liteky v. United States*, 510 U.S. 540. 550 (1994). In *Liteky,* the Supreme Court held that existence an extrajudicial source factor neither necessarily

8

establishes bias nor does its absence necessarily preclude bias. *Liteky,* 510 U.S. at 540. While judicial rulings, apart from surrounding comments or accompanying opinion, almost never establish bias, they may require recusal when they evidence such deep-seated favoritism or antagonism as would make fair judgment impossible. *Liteky*, 510 U.S. at 541. Also, opinions formed by the judge on the basis of facts introduced or events occurring during current proceedings can be grounds for a recusal motion if they display a similar degree of favoritism or antagonism. *Liteky*, 510 U.S. at 541.

Here, Judge Gwin insists on adherence to a principle learned apart from his participation in the case—he acknowledged neither party addressed it. Whether learned in his capacity as "Counselor to the Inn" of the Kathleen O'Malley Inn of Court has not been determined. What is clear is that his recent words and action demonstrate his insistence to adhere to reliance in this case upon the specification, contrary to the law of the case as set by the CAFC requiring him to give credence, in the first instance, to the language of the claims.

A sufficient affidavit under 28 U.S.C. § 144 is one that states facts and reasons that "give fair and adequate support to the charge of a 'bent of mind' that may prevent or impede impartiality of judgment." *Story*, 716 F.2d at 1090. The facts must be such that "would 'convince a reasonable man that a bias exists.'" *Id.* (*quoting United States v. Thompson,* 483 F.2d 527, 528 (3d Cir. 1973)). The timeliness provision of 28 U.S.C. § 144 is construed to mean promptly upon receipt of the information that forms the basis of the allegations in the affidavit. *United States v. Hinton*, Case No. 5:13-CR-32 (MTT), 2014 WL 12690116 (M.D. GA May 29, 2014).

The law (28 U.S.C. § 144) also requires a party seeking disqualification to strictly comply with the certificate requirements. *Lindsey*, 911 F. Supp. At 965. A party seeking disqualification

9

must present a certification of counsel that the party's affidavit is made in good faith. 28 U.S.C. § 144.

The Sixth Circuit has held that, under 28 U.S.C. § 144, it is the duty of the judge to pass on the sufficiency of the affidavit as a matter of law. *United States v. Bell*, 351 F.2d 868, 878 (6th Cir. 1965). In passing on the legal sufficiency of the affidavit, a judge must accept the facts in the affidavit as true, even if the judge "knows them to be false." *United States v. Sykes,* 77 F3d 1331, 1339 (7th Cir. 1993); *Berger v. United States*, 255 U.S. 22, 36 (1921); and *Story*, 716 F.2d at 1090. Once the judge has determined that the affidavit is both legally sufficient and timely, recusal is mandatory, and the judge shall continue no further in the proceeding. 28 U.S.C. § 144; *Sykes,* 7 F.3d at 1339.

Here, the affidavits state the requisite facts and contain the necessary certificates such that the requirements of 28 U.S.C. 144 are met. Plaintiff Lowe's affidavit, as well as the Affidavits of his undersigned counsel, all filed herewith, are both legally sufficient and timely. As such, Judge Gwin must recuse himself from this case. The Affidavits set forth facts with respect to Judge Gwin sufficient to "convince a reasonable man that a bias exists." *Story*, 716 F.2d at 1090. Because the affidavits are timely and legally sufficient to convince a reasonable man that bias exists, Judge Gwin must recuse himself from presiding over the balance of the captioned litigation.

### B.  28 U.S.C.§ 455 (a)

Even in the absence of timeliness or legal sufficiency of the affidavits, Judge Gwin should be disqualified under 28 U.S.C. § 455(a). In considering where a judge should be disqualified under 28 U.S.C.§ 455(a), federal courts look at the "totality of the circumstances."

*Bryce v. Episcopal Church in the Diocese of Colorado*, 289 F.3d 648, 659 (10th Cir. 2002). Under 28 U.S.C. § 455(a), a judge must recuse himself where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Buell v. Mitchell*, 274 F.3d 337, 345 (6th Cir. 2001); see also *Liteky*, 510 U.S. at 548. The standard is not the judge's "introspective estimate of his own ability impartially to hear a case," but rather "what a reasonable person knowing all the relevant facts would think about the impartiality of the judge." *Roberts v. Bailar*, 625 F.2d 125, 129 (6th Cir. 1980). 541; See also, *Nichols v. Alley*, 71 F3d 347, 351 (10th Cir. 1995) ("The [Supreme] Court held, however, that acquisition of alleged bias or prejudice from extra-judicial sources is neither a necessary nor sufficient condition for § 455(a) recusal").

Indeed, under section 455(a), "the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue." *Nichols*, 71 F.3d at 351. The law at 28 U.S.C.§ 455 (a) requires not only must a judge be subjectively confident of his ability to be evenhanded, but also that an informed, rational, objective observer would not doubt his impartiality. *In re Bernard v. Coyne,* 31 F.3d 842, 844 (9th Cir. 1994). Where the question is close as to whether such an objective observer would doubt the judge's impartiality, the judge must disqualify himself. *Union Planters Bank v. L & J Development Co., Inc.*, 115 F.3d 378, 383 (6th Cir. 1997); *United States v. Dandy,* 998 F.2d 1344, 1349 (6th Cir. 1993) (citing *Roberts*, 625 F.2d at 129). That is because, in such close cases, "the balance tips in favor of recusal." *In re Boston's Children First*, 244 F.3d 164, 167 (1st Cir. 2001) (quoting *Nichols,* 71 F.3d at 352) (emphasis added).

11

## IV. CONCLUSION

Clifford A. Lowe has submitted an affidavit meeting the requirements of 28 U.S.C.§ 144. In that declaration Lowe states his good faith belief that Judge James S. Gwin before whom his matter is pending now has a personal prejudice toward him and a personal bias in favor of Defendants. He has stated facts and reasons for his belief. His declaration is timely as it is within days of the judge's statement that he would be reversing the CAFC, and more importantly, his written statement that the CAFC erred in finding his claim construction erroneous which suggest if not shows that he will not be impartial going forward. Lowe's declaration is accompanied by a certificate of counsel of record, Ray L. Weber, that it is made in good faith. The language of 28 U.S.C. § 144 is clear; if the filed affidavit is timely and sufficient, then recusal is mandatory.

Notwithstanding, disqualification is appropriate under 28 U.S.C. § 455(a), and if not this section, then 28 U.S.C. § 455(b)(1). Disqualification is appropriate when it appears that a judge harbors a deep-seated antagonism toward a party that makes a fair judgment in the case impossible. The statements and conduct of Judge Gwin establish actual partiality, and if not, clearly establish the appearance of partiality. Wherefore, disqualification is appropriate.

Dated: June 23, 2022          Respectfully submitted,

*/s/ Ray L. Weber*
Ray L. Weber     (0006497)
Laura J. Gentilcore   (0034702)
RENNER, KENNER, GREIVE, BOBAK,
TAYLOR & WEBER
106 South Main Street, Suite 400
Akron, OH 44308
Telephone: (330) 376-1242

        Fax: (330) 376-9646
        E-mail: rlweber@rennerkenner.com
        E-mail: ljgentilcore@rennerkenner.com

        *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION
TO RECUSE OR DISQUALIFY PURSUANT TO
28 U.S.C. § 144, 28 U.S.C. § 455(a), AND 28 U.S.C. § 455(b)(1)**

has been filed electronically on June 23, 2022, with the United States District Court for the Northern District of Ohio. Notice of the filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        */s/ Ray L. Weber*
        Ray L. Weber

13