UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Clifford A. Lowe, et al. | ) | CASE NO. 1:19-CV-748-JG |
| Plaintiffs | ) | |
| v. | ) | JUDGE JAMES S. GWIN |
| | ) | |
| ShieldMark, Inc., et al. | ) | |
| | ) | |
| Defendants | ) | |

**AFFIDAVIT OF RAY L. WEBER IN SUPPORT OF
MOTION TO RECUSE OR DISQUALIFY**

| | |
|---|---|
| STATE OF OHIO | ) |
| | ) ss: |
| COUNTY OF SUMMIT | ) |

**I, RAY L. WEBER**, being first duly sworn, do hereby depose and say that:

1.   I am over 18 years of age, of sound mind and otherwise competent to make this Affidavit;

2.   The facts set out in the following Affidavit are based upon my personal knowledge;

3.   I have practiced intellectual property law for 50 years;

4.   I served the late Honorable David D. Dowd as a special master in complex cases of a technical nature for some seven (7) years during his senior status tenure.  Judge Dowd accepted all of my proposed rulings and orders.  He told me personally, and I have since heard from his staff, that he held me in high regard, as I did him;

5.   I have served as an expert witness in excess of 20 cases, all of which predated the current "prohibition" of attorneys testifying as experts;

6.   I hold the rating of AV Preeminent in the Judicial Edition of *Martindale-Hubbell*;

7.      I have never before requested the recusal of a judge or administrator;

8.      I am lead counsel for Plaintiffs in the captioned matter;

9.      At the *Markman* Hearing before Judge Gwin, I was asked if I agreed that the claims in issue were means-plus-function claims.  Counsel for Defendants and I had both stated early on in our respective parties' "Initial Identification of Claim Terms for Construction Under L.P.R. 4.1(a)" that neither contended the construction of any claim term was governed by 35 U.S.C. § 112(6). Consistent therewith, I told Judge Gwin that I disagreed. Notwithstanding, Defendants' counsel agreed with Judge Gwin, but it is well to note that Defendants' counsel never raised the issue again nor did the Federal Circuit;

10.     Next during the *Markman* Hearing, I was asked by Judge Gwin if Defendants' claim construction was correct.  I answered that it was *not* correct and would not withstand appeal;

11.     Upon my response, Judge Gwin accused me of threatening him with an appeal, indicating to me that Judge Gwin had already made up his mind by page 12 of the transcript, and that Defendants' position was his position, and that he had become an advocate rather than a judge;

12.     At a subsequent status conference, I requested that the Court move the deadline for summary judgment motions until after the claim construction order issued, as provided under the Local Patent Rules;

13.     Notwithstanding the purposeful organization of the Local Patent Rules, the Court issued its order requiring summary judgment motions to be filed whether or not his

claim construction order had issued, instructing the parties to argue against the other's claim construction in the summary judgment briefing;

14. Following the parties' filing of their respective summary judgment motions, the Court issued its claim construction order adopting Defendants' construction and thereafter Plaintiffs conceded to Defendants summary judgment of non-infringement so that the action could proceed to appeal;

15. With authorization from my client, an appeal to the Court of Appeals for the Federal Circuit (CAFC) was filed;

16. On appeal, the undersigned argued that this Court's grant of summary judgment of non-infringement was based on erroneous claim constructions and should therefore be reversed;

17. The Federal Circuit found this Court's claim constructions to be erroneous, vacated the grant of summary judgment and remanded;

18. The mandate was filed on April 20, 2022;

19. A first status conference was set for May 25, 2022;

20. I was utterly stunned when Judge Gwin began the status conference by stating that he was going to reverse the Federal Circuit;

21. Judge Gwin stated the first full paragraph of page 12 of the Federal Circuit Court opinion proves that his claim construction is the correct construction, stated that the Federal Circuit Court erred, and asked me if I agreed;

22. I stated that I disagreed;

23. Upon my disagreement, Judge Gwin exclaimed that, in that case, he did not know how he would instruct the jury;

24.     Judge Gwin further proclaimed that he might have to hold a second claim

        construction (*Markman*) hearing;

25.     Judge Gwin then proceeded to ask Defendants if they intended to refile their motion

        for invalidity and unenforceability of the patent-in-issue, going so far as to offer that

        "all flat marking tapes have edges," a clear statement of the Court's intent regarding

        invalidity since a particular feature of the claimed tape of the patent-in-suit is the

        edges. I believed then and continue to believe now what Judge Gwin meant when he

        stated he was "going to reverse the Federal Circuit." He was not going to change the

        claim constructions as ruled upon by the Federal Circuit, but instead he would ensure

        the same result by finding the patent claims to be invalid;

26.      Judge Gwin then announced that he would grant Defendants' motion for leave to

        substitute its expert filed just two days prior to the status conference;

27.     Consistent with his stated intention, Judge Gwin set a new scheduling order for

        identification of witnesses and exchange of their reports;

28.     Within two hours of the status conference, Judge Gwin had issued two scheduling

        orders, neither of which considered Local Patent Rule 5.1;

29.     Following that status conference, and believing that I may have to file a writ of

        prohibition, I requested a copy of the hearing transcript only to be told that no

        transcript/no recording of the conference had been made. This was notwithstanding

        that it was stated in the "status conference" order that a court reporter was to be

        assigned;

30.     After the conference, I filed a request for any recording, having been informed that

        the host of a Zoom conference may request a recording of it or thinking that the Court

may have made its own recording. That request remains pending before the district court;

31.     The following day, I filed a motion for reconsideration of the new scheduling order in that it did not take into account Local Patent Rule 5.1, which takes into consideration that a patent is presumed to be valid and enforceable, and which provides for an exchange of reports based upon the respective burdens of proof of infringement, invalidity and unenforceability;

32.     In his order (Doc. #134) granting Defendants' expert substitution motion (Doc. #114), Judge Gwin expressly and gratuitously repeated on the record that the Federal Circuit had erred in finding his claim constructions to be erroneous. This confirmed for me that Judge Gwin was prejudiced against my client;

33.     Subsequently, I received an order (Doc. #142) from the district court instructing Defendants to "supplement invalidity briefs and charts," signaling the beginning of Judge Gwin's reversal of the Federal Circuit;

34.     I relayed all of the foregoing to my client, Clifford A. Lowe;

35.     After careful consideration of the foregoing, Mr. Lowe has now authorized us to proceed with the filing of Plaintiffs' Motion for Recusal or to Disqualify, his Affidavit, my Certification of Counsel that Mr. Lowe's Affidavit is in good faith, my Affidavit, and the Affidavit of Laura J. Gentilcore;

36.     I share Mr. Lowe's good-faith belief that Judge Gwin's statements and actions reflect that he is no longer impartial;

37.     I share Mr. Lowe's good-faith belief that, at a minimum, Judge Gwin's statements and actions exhibit the appearance of partiality; and

38.     I share Mr. Lowe's good-faith belief that Judge Gwin has exhibited a deep-seated

antagonism toward Mr. Lowe and a bias in favor of defendants that will make fair

adjudication going forward impossible.

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
Ray L. Weber

**SWORN TO AND SUBSCRIBED** in my presence this _23_ day of _June_

2022.

(SEAL)

_____
Notary Public

**RODNEY LEE SKOGLUND, Attorney at Law**
**Notary Public - State of Ohio**
**My Commission Has No Expiration Date**
**Section 147.03 R.C.**