**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| CLIFFORD A. LOWE, et al. | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 1:19CV00748 |
| | ) Judge James S. Gwin |
| SHIELDMARK, INC., et al. | ) |
| Defendants. | ) |

**DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR RECONSIDERATION (DOC. 149)**

In their motion for reconsideration (Doc. 149), Plaintiffs assert that Judge Gwin is precluded from further involvement with their motion to recuse or disqualify (Doc. 145) because they have submitted an affidavit of a party (Clifford Lowe) asserting that Judge Gwin has a personal bias or prejudice against him (Doc. 145-3). Plaintiffs motion for reconsideration of the Court's directive for Defendants to respond to the motion to recuse/disqualify should be denied. Section 144 of Title 28 contains a predicate to the assignment of the proceeding being assigned to another judge – a "sufficient affidavit." Plaintiffs have failed to meet that prerequisite. Therefore, the motion to reconsider should be denied.

Section 144 of Title 28 states in pertinent part:

> Whenever a party to any proceeding in a district court makes and files a timely and *sufficient affidavit* that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists ... (emphasis added)

Mr. Lowe's affidavit is not statutorily "sufficient." Unlike 28 U.S.C. §455, § 144 requires **_proof_** of actual bias or prejudice and not the appearance of such. Consequently, courts have strictly construed the requirement of a sufficient affidavit to state facts that are sufficient to "convince a reasonable person" that the assigned judge is biased or prejudiced. *Ullmo ex. rel. Ullmo v. Gilmour Academy,* 273 F.3d 671, 681 (6th Cir.2001) (internal citations omitted). Furthermore, the alleged facts "must relate to extrajudicial conduct rather than judicial conduct. In other words*, **_the affidavit must allege facts showing a personal bias as distinguished from a judicial one_**,* arising out of the judge's background and association and not from the judge's view of the law." *Id.* (internal citations omitted; emphasis added) see also Poole v. United States, No. 3:06CR722, 2009 WL 2392927, at *3 (N.D. Ohio July 31, 2009). The affidavit must state with particularity material facts supporting allegations of the judge's bias or prejudice. *Brokaw v Mercer Cty*, 235 F.3d 1000, 1025 (7th Cir 2000).

Here Mr. Lowe's affidavit contains no recitation of material facts showing a personal bias. Rather, it is replete with hearsay, simply repeating what his counsel allegedly told him. Such an affidavit clearly does not set forth with particularity material facts based on personal knowledge that could support the allegation that Judge Gwin is prejudiced against him and/or biased in favor of the Defendants. Similarly, the affidavits of Mr. Weber and Ms. Gentilcore are filled with inferences and innuendos drawn solely from Judge Gwin's observations and rulings made in the course of this case. None of these affidavits states any material facts establishing prejudice or personal bias warranting the recusal and disqualification of Judge Gwin. To the contrary, Judge Gwin's observations and rulings are directed to judicial necessities that every judge makes to arrive at a decision, such as seeking responses from Counsel to arrive at a determination.

Mr. Lowe's affidavit is fatally deficient for at least one additional reason that recently came to light and the Court is likely not aware. ***Mr. Lowe no longer has standing in this case to enforce the '664 patent***. On December 9, 2021, Mr. Lowe sold, assigned and conveyed his entire right, title and interest in the '664 patent ***including the right to recover damages***. See Exhibit A which states "Assignor [Lowe] hereby conveys all of its rights…including…any causes(s) of action and damages accruing prior to this assignment."

Consequently, Mr. Lowe is not a proper plaintiff in this case and he cannot claim or assert that Judge Gwin is prejudiced against him in a manner that will adversely impact the disposition of this case. And even if Judge Gwin were so disposed, it is irrelevant to the disposition of this case because Mr. Lowe no longer has any standing in this case and should be dismissed as a party.

Plaintiffs' motion for reconsideration should be denied because they have failed to file a "sufficient affidavit" which is a prerequisite to recusal under Section 144.

Dated: June 29, 2022

Respectfully submitted,

*/s/ Howard L. Wernow*
Howard L. Wernow (SBN 0089019)
Joseph A. Sebolt (SBN 0059140)
Laura L. Beoglos (SBN 0059152)
James F. McCarthy III (SBN 0002245)
SAND, SEBOLT & WERNOW CO., LPA
Aegis Tower – Suite 1100
4940 Munson Street NW
Canton, Ohio 44718-3615
Telephone: (330) 244-1174
Facsimile: (330) 244-1173
Email: howard.wernow@sswip.com
Email: joe.sebolt@sswip.com
Email: laura.beoglos@sswip.com
Email: james.mccarthy@sswip.com

        David J. Sheikh (*Pro hac vice*)
        LEE SHEIKH & HAAN
        111 W. Jackson Boulevard, Suite 2230
        Chicago, Illinois 60604
        Phone: 312-982-0070
        Fax: 312-982-0071
        Email: dsheikh@leesheikh.com

        ***Attorneys for Defendants, ShieldMark, Inc., Advanced Plastics, Inc. and Crown Equipment Corporation***

## CERTIFICATE OF SERVICE

This is to confirm that a copy of the foregoing Defendants' response was electronically filed on June 29, 2022. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and the filing may be accessed through that system.

        */s/ Howard L. Wernow*
        Howard L. Wernow