UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
CLIFFORD A. LOWE, *et al.*,     :
                                :   Case No. 1:19-cv-748
        Plaintiffs,             :
vs.                             :   OPINION & ORDER
                                :   [Resolving Doc. 145]
SHIELDMARK, INC., *et al.*,     :
                                :
        Defendants.             :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

For the following reasons, the Court **DENIES** Plaintiffs' motion for judicial recusal pursuant to 28 U.S.C. § 144, 28 U.S.C. § 455(a), and 28 U.S.C. § 455(b)(1).

Sixth Circuit precedent establishes:

Under either § 144 or § 455, "[r]ecusal is mandated ... only if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Easley,* 853 F.2d at 1356 (citations omitted). "A bias sufficient to justify recusal must be a personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law." *United States v. Story,* 716 F.2d 1088, 1090 (6th Cir.1983) (internal quotes and citations omitted). Recusal is required if the judge demonstrates personal bias and/or personal knowledge of disputed evidentiary facts from an extrajudicial source other than his participation in the case. *United States v. Hartsel,* 199 F.3d 812 (6th Cir. 1999), *cert. denied,* 529 U.S. 1070 (2000).[1]

And, "A judge's prejudice or bias may [ . . . ] arise during the course of current or prior proceedings."[2]

In support of their motion seeking recusal, Plaintiffs mostly rely upon Court statements at a recent status conference. In those statements, the Court questioned the reasoning of the Court of Appeals's *Markman* construction.[3] The Court regrets that Plaintiffs' perceived bias

---

[1] *United States v. Surapaneni*, 14 F. App'x 334, 337 (6th Cir. 2001).
[2] *United States v. Lanier*, 748 F. App'x 674, 676–77 (6th Cir. 2018) (citations omitted).
[3] Unless there are special circumstances, court reporters do not attend status conferences but they are "on-call" should their assistance become necessary.

Case No. 1:19-cv-748
Gwin, J.

from these comments. While the Court disagreed with the appellate court's decision, the Court recognizes that it is bound by the Court of Appeals mandate. Plaintiffs' contention that the Court signaled "a proclivity to again rule for Defendants"[4] at the conference is unfounded.

The Court also recognizes that it mistakenly said during the status conference that Defendants' expert substitution motion had been fully briefed. After the conference, the Court asked Plaintiffs to file an opposition. The Court considered those fiilngs and then issued a written order and opinion.[5]

Plainitffs also point to the Court's disagreements with Plaintiffs' recommended post-remand trial scheduling order.[6] That Plainitffs believe the Court did not adequately take into account the Local Patent Rules is not grounds for recusal.

In addition, Plaintiffs suggest portions[7] of the *Markman* hearing evince the Court's bias.[8] The Court has reviewed the hearing transcript and disagrees. Although the parties did not submit brieifing on means-plus-function, the Court asked whether means-plus-function applied to better understand the claims. Ultimately, the Court did not offer means-plus-function analysis in the claim construction order. Seperately, the Court did express frustration with Plaintiffs' counsel for his phrasing of an argument during that hearing, but this was a minor issue in a substantive hour-and-a-half-long proceeding.

---

[4] Doc. 145-1 at 3.
[5] Doc. 134.
[6] Doc. 131.
[7] The Court's questions on means-plus-function came from the '664 patent itself. Independent Claim 1 describes, in part: "1. A floor marking tape adhered to a floor wherein the floor marking tape establishes a boundary on the floor; the combination comprising . . . ." '664 Patent, col. 5 ll. 2–4. Although the parties did not claim the patent as a means-plus-function patent, the claims gave some implication that they might be in means-plus-function format.
[8] Doc. 64.

Case No. 1:19-cv-748
Gwin, J.

Lastly, Plaintffs allege that the Court's position with the Kathleen M. O'Malley American Inn of Court is the source of certain bias. The Court does not completely understand this argument. However, as discussed above, the Court has no investment—personal or otherwise—in the outcome of this case, and the association with the Inn of Court presents no conflict of interest, or other appropriate recusal grounds.

    IT IS SO ORDERED

    Dated: June 29, 2022                              *s/     James S. Gwin*
                                                                   JAMES S. GWIN
                                                                   UNITED STATES DISTRICT JUDGE