**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| CLIFFORD A. LOWE, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 1:19CV00748 |
| ) | |
| ) | Judge James S. Gwin |
| SHIELDMARK, INC., et al. ) | |
| ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MEMORANDUM IN RESPONSE TO NOTICE TO THE COURT OF THE CONTINUED STANDING OF PLAINTIFF CLIFFORD LOWE (DOC.151)**

Over three years into this lawsuit, Plaintiffs have conceded for the first time that Plaintiff Clifford A. Lowe ("Lowe") does not own the patent-in-suit, the '664 patent. (Doc. #151). This declaration is a concession of a material misrepresentation of a fact that has been repeated to this Court multiple times. As recently as the Fourth Amended Complaint, Plaintiffs alleged "Lowe is the owner of all rights, title and interest in and to the '664 patent." (Doc. #127, PageID #5259, ¶8). That allegation is blatantly false. Plaintiffs made that allegation knowing that it was false. That single sentence is more than a random false allegation, that single allegation forms the basis for Lowe to have standing to sue for, and to obtain relief for, any infringement of the '664 patent.

"The Constitution of the United States vests judicial power in the federal courts. U.S. Const. art. III, § 1. That power may only be exercised to resolve "Cases" or "Controversies." *Id.* art. III, § 2." *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1234 (Fed. Cir. 2019) "The doctrine of constitutional standing serves to identify which

disputes fall within these broad categories and therefore may be resolved by a federal court." *WiAV Sols. LLC v. Motorola, Inc.*, 631 F.3d 1257, 1264 (Fed. Cir. 2010). "A party must establish standing, *i.e.* show that its case or controversy is amenable to resolution by a federal court, by demonstrating that it suffers an injury which can be fairly traced to the defendant and likely redressed by a favorable judgment." *Lone Star* at 1234 citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). At the pleading stage, "general factual allegations ... may suffice" to satisfy these requirements. *Id.* at 561.

To have standing to sue for infringement of patent rights, a party must possess "exclusionary rights" in a patent to suffer an injury when their rights are infringed. *See, e.g.*, *WiAV*, 631 F.3d at 1264–65 ("[A] party holding one or more of those exclusionary rights—such as an exclusive licensee—suffers a legally cognizable injury when an unauthorized party encroaches upon those rights and therefore has standing to sue."). "Exclusionary rights" involve the ability to exclude others from practicing an invention or to "forgive activities that would normally be prohibited under the patent statutes." *Lone Star,* 925 F.3d at 1234. A plaintiff must not only have standing at the outset of the case, but must "continue to have a `personal stake in the outcome' of the lawsuit." *Spencer v. Kemna,* 523 U.S. 1, 7 (1998) (quoting *Lewis v. Cont'l Bank Corp.,* 494 U.S. 472, 477 (1990)).

At the commencement of this case, Lowe had standing because he owned the '664 patent. Lowe could sue for infringement of his patent rights because he possessed the "exclusionary rights" in the '664 patent and could suffer an injury when those rights were infringed. However, Lowe has relinquished those "exclusionary rights." On December 9, 2021, Lowe sold, assigned and conveyed his entire right, title and interest in the '664 patent, ***including the right to recover damages***. See Exhibit A which states "Assignor [Lowe] hereby conveys all of its rights…including

but not limited to…any cause(s) of action and damages accruing prior to this assignment." Now Lowe, according to the representation made in in the notice to the Court filed June 29, 2022 (doc 151), merely possesses the right to "maintain, control and settle this litigation." Such right do not amount to the type of "exclusionary rights" which vest standing to sue for infringement of patent rights. Accepting the representation on face value, Lowe possesses nothing more than a chose in action in this litigation.

Not only has Lowe repeatedly misrepresented that he "is the owner of all rights, title and interest in and to the '664 patent," such repeated misrepresentation is sanctionable. See *Schreiber Foods, Inc. v Beatrice Cheese, Inc.,* 402 F.3d 1198, 1205 (Fed Cir. 2005). Once counsel for Lowe became aware of the assignment of all rights, title and interest in the '664 patent, counsel was obligated to give notice of the assignment and produce a copy of the assignment in discovery. *Id.* ("Once counsel became aware that highly material false statements had been made by a witness, in pleadings submitted to the court and in response to discovery requests, and that highly material documents had not been produced as required, Schreiber and its counsel were under an obligation to promptly correct the record.").[1]

Instead of notifying Defendants and the Court that Lowe had assigned all rights, title, and interest in the '664 patent and providing details about the patent assignment, Plaintiffs concealed this material information. And presumably Plaintiffs would have continued to do so had the issue not come to light in the post-remand proceedings.

---

[1] Lowe's assignment of all rights, title, and interest in the '664 patent occurred during Plaintiffs' appeal of this Court's grant of summary judgment. Plaintiffs failed to correct the appellate record as well, resulting in the Federal Circuit rendering a judgment in favor of Lowe as the supposed owner of the '664 patent.

The tenor of Plaintiffs' Notice is that the Defendants and the Court should take Plaintiffs word that there is no standing or other material issue here despite the existence of a recorded assignment in which Lowe expressly assigned all rights in the '664 patent, including but not limited to any causes of action and damages accruing prior to the assignment. Plaintiffs refer to "a certain Patent License Agreement" under which Lowe, and InSite Solutions, LLC allegedly "retains the right to maintain, control, and settle this litigation." (Doc. # 151, PageID #5858). Plaintiffs magnanimously offer to provide a copy of this agreement to the Court for an *in camera* review. But Plaintiffs do not explain why they did not disclose this secret agreement to Defendants or the Court. Regardless, Defendants are entitled to a copy of the agreement, along with any other agreements that concern the past and current ownership and control of the '664 patent. That information falls squarely within the scope of Defendants' discovery requests, not to mention Plaintiffs' initial disclosure obligations under Fed.R.Civ.P. 26(a)(1).[2]

Adding to the confusion, based on an investigation of public information, Defendants have discovered that InSite Solutions, LLC, the co-plaintiff entity to whom Lowe assigned the '664 patent, no longer exists. That entity is now Spota, LLC. See Exhibit C. And Lowe has formed a **different** InSite Solutions, LLC as a Delaware entity that is licensed to do business in North Carolina. See Exhibit D & E. Thus, there appears to be more to the picture than just the secret Patent License Agreement between Lowe and the InSite entity (which is no longer in existence).

In *Schreiber*, the Federal Circuit ordered a severe sanction for the plaintiff's failure to disclose a change in ownership and control of the asserted patent, even though, before a final judgment, the plaintiff had reacquired ownership and control of the patent – and for good reason:

---

[2] Defendants have requested that Plaintiffs immediately provide a copy of the agreement referred to in Plaintiffs' Notice and other documents concerning the past and current ownership of the '664 patent. (Ex. B).

a change of ownership and control of a patent is material evidence that must be disclosed in a patent infringement suit. A change in ownership of a patent impacts standing and other issues including the nature and scope of non-monetary and monetary relief for infringement.

In conclusion, Plaintiffs should be directed to immediately disclose to Defendants and the Court all information related to the change in ownership and control of the '664 patent including the information specified in Defendants' email to Plaintiffs attached as Exhibit B. Once this information is disclosed, the impact of the change in ownership and control of the '664 patent can be assessed and the Court can determine an appropriate way forward.

Dated: June 30, 2022

Respectfully submitted,

*/s/ Howard L. Wernow*
Howard L. Wernow (SBN 0089019)
Joseph A. Sebolt (SBN 0059140)
Laura L. Beoglos (SBN 0059152)
James F. McCarthy III (SBN 0002245)
SAND, SEBOLT & WERNOW CO., LPA
Aegis Tower – Suite 1100
4940 Munson Street NW
Canton, Ohio 44718-3615
Telephone: (330) 244-1174
Facsimile: (330) 244-1173
Email:  howard.wernow@sswip.com
Email:  joe.sebolt@sswip.com
Email:  laura.beoglos@sswip.com
Email: james.mccarthy@sswip.com

David J. Sheikh (*Pro hac vice*)
LEE SHEIKH & HAAN
111 W. Jackson Boulevard, Suite 2230
Chicago, Illinois 60604
Phone:  312-982-0070
Fax:  312-982-0071
Email: dsheikh@leesheikh.com

5

*Attorneys for Defendants, ShieldMark, Inc., Advanced Plastics, Inc. and Crown Equipment Corporation*

## CERTIFICATE OF SERVICE

This is to confirm that a copy of the foregoing Defendants' Memorandum was electronically filed on June 30, 2022.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and the filing may be accessed through that system.

*/s/ Howard L. Wernow*
Howard L. Wernow