UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
CLIFFORD A. LOWE, *et al.*,                :
                                           :   Case No. 1:19-cv-748
    Plaintiffs,                        :
vs.                                        :   OPINION & ORDER
                                           :
SHIELDMARK, INC., *et al.*,                :
                                           :
    Defendants.                        :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this patent case, Defendants have recently alleged that Plainitff Clifford A. Lowe does not own the patent-in-suit ("the '664 patent").[1]  Defendants say Plaintiff Lowe may not have standing to maintain his postion in this lawsuit.

In support, Defendants produce a patent assignment agreement that suggests that Plainitff Lowe assigned certain patent rights to Co-Plainitff InSite Solutions, LLC ("InSite").[2]

And, in a recent filing, Plaintiff Lowe informed the Court:

> Pursuant to a certain Patent License Agreement, Lowe, along with InSite, retains the right to maintain, control, and settle this litigation.  Lowe, along with InSite, is to enjoy any recovery of damages from this litigation.  This grant of rights is not subject to a requirement of recordation.[3]

Plaintiff Lowe also offered to make the above-mentioned Patent License Agreement available for *in camera* review.

In addition, Defendants show some evidence that Plaintiff InSite may no longer exist.[4]  Defendant produces evidence that InSite Solutions may have changed names or may have otherwise ceased existence.

---

[1] Doc. 153.
[2] Doc. 153-1.
[3] Doc. 151 at 1.
[4] *See* Docs. 153-3, 153-4, & 153-5.

Case No. 1:19-cv-748
Gwin, J.

"[F]ederal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction."[5] Accordingly, within seven days, the Court **ORDERS** Plaintiffs to file under seal all available documents related to any ownership transfer of the '664 patent; all documents related to any licensing of the '664 patent; all documents related to Plaintiff Lowe's authority to prosecute '664 patent claims; and an update regarding Plaintiff InSite's present corporate status.

IT IS SO ORDERED

Dated: July 5 , 2022     *s/     James S. Gwin*
                        JAMES S. GWIN
                        UNITED STATES DISTRICT JUDGE

---

[5] *Petrie v. Fed. Nat'l Mortg. Ass'n*, No. 12-10824, 2012 WL 13013193, at *1 (E.D. Mich. May 23, 2012) (citations omitted).