UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Clifford A. Lowe, et al. | ) | |
| | ) | CASE NO. 1:19-CV-748-JG |
| Plaintiffs | ) | |
| v. | ) | JUDGE JAMES S. GWIN |
| | ) | |
| ShieldMark, Inc., et al. | ) | |
| | ) | |
| Defendants | ) | |

**PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION
OF THE OPINION & ORDER (DOC. #154) DIRECTING PLAINTIFFS TO FILE ALL
DOCUMENTS RELATING TO OWNERSHIP, LICENSING, AND STANDING
REGARDING THE '664 PATENT**

I.    <u>Introduction And Relevant Facts</u>

Plaintiffs posit that reconsideration of the Opinion & Order (Doc. #154) is required

because it was issued before Plaintiffs had their opportunity to respond to the multitude of new

issues and allegations advanced by Defendants in their Doc. #153.

To such new issues and allegations, Plaintiffs had prepared their response as follows:

a.  Plaintiffs hereby incorporate and repeat all that was stated in their Notice (Doc. #151).

A copy of an assignment document (Doc. #153-1) was attached to Defendants' Memorandum

(Doc. #153), by which Defendants allege that Plaintiff Lowe no longer has standing to pursue

this action.  That assignment document (Doc. #153-1) is, in part, a recordation of an assignment

of Patent No. 10,214,664 (the '664 patent) that occurred between Plaintiff Lowe as Assignor and

Plaintiff InSite as Assignee—the co-plaintiffs throughout this litigation;

b.    Defendants present no further evidence of any assignment of the '664 patent to

any third party *because there has been no further assignment of the '664 patent*;

1

c.      InSite sold certain assets, including the name "InSite Solutions," to InSite Solutions, LLC (a Delaware limited liability company) in December of 2021.  At that time, InSite retained ownership of the '664 patent and granted Lowe a reservation of rights under a certain Patent License Agreement (see redacted copy attached as Exhibit A));

d.      While undersigned counsel were aware of ongoing negotiations, we did not handle the transaction and were unaware of its consummation at the time of filing the Fourth Amended Complaint;

e.      InSite was, at the outset of this litigation, and remains to this date, a "Current-Active" North Carolina limited liability company, albeit under a new name:  "Spota, LLC" (see attached listing from the North Carolina Secretary of State website, Exhibit B);

f.      The undersigned counsel seek the Court's permission to amend the Fourth Amended Complaint by correcting those paragraphs needed to identify InSite/Spota as the owner and Lowe as a Licensee of the patent-in-issue, both having standing throughout this litigation.

Basically, what has occurred is an exchange between Plaintiff Lowe and Plaintiff InSite of their positions as owner and licensee, respectively, of the '664 patent.  At all times relevant herein, Lowe was the owner and InSite a licensee, until their relationship changed from owner/licensee to licensee/owner – both having continued standing in this litigation.

II.      **Relevant Facts Regarding Requested Documents**

In the final paragraph of its Opinion & Order (Doc. #154), the Court requested certain documents, to which Plaintiffs respond as follows:

A.  **Documents Related To Any Ownership Transfer Of The '664 Patent**

Doc. #153-1 presents the only assignment of the '664 patent, that transfer being from Clifford A. Lowe to InSite Solutions, LLC, a North Carolina limited liability corporation—i.e., a

transfer from co-Plaintiff to co-Plaintiff. The assignor and assignee are the Plaintiffs in this litigation. There have been no other transfers of ownership of the '664 patent.

### B. Documents Related To Any Licensing Of The '664 Patent

Attached as Exhibit A is a certain Patent License Agreement "between InSite Solutions, LLC, a North Carolina limited liability company (the 'Company') and InSite Solutions, LLC, a Delaware limited liability company ('Buyer')."

Of particular importance, the fourth "WHEREAS" clause (Exhibit A, page 1) states:

> **WHEREAS**, pursuant to an Asset Purchase Agreement dated as of the Effective Date (the "**Purchase Agreement**"), Company will sell to Buyer substantially all of Company's assets, but specifically excluding the '290 patent and the '664 patent.

The Patent License Agreement thus acknowledges:

a) two separate and distinct InSite Solutions, LLC entities;

b) that the North Carolina InSite Solutions, LLC was not transferring ownership of the '290 patent and the '664 patent; and

c) that the Delaware InSite Solutions, LLC is a non-exclusive licensee under the '664 patent (Exhibit A, page 2, ¶ 2.1).

### C. Documents Related To Plaintiff Lowe's Authority To Prosecute '664 Patent Claims

The Patent License Agreement of Exhibit A identifies this litigation at ¶ 1.5, captioned "ShieldMark Litigation." Paragraph 2.3 provides for a reservation of rights to prosecute the ShieldMark Litigation to "Lowe as owner, and Company as exclusive licensee, of the ['664 patent] prior to the Effective Date, retain the exclusive rights to elect to maintain, control, and settle the ShieldMark Litigation," and that "Lowe and Company also retain the exclusive rights to enforce the ['664 Patent] for recovery of damages for infringement prior to the Effective Date [December 16, 2021]."

3

### D.  An Update Regarding Plaintiff InSite's Present Corporate Status

Attached as Exhibit B is a listing from the North Carolina Secretary of State website showing that InSite was, at the outset of this litigation, and remains to this date, a "Current-Active" North Carolina Limited Liability Company, albeit under a new name, Spota, LLC.

### III.  <u>Law and Argument</u>

To sue for patent infringement each plaintiff must have constitutional standing and all plaintiffs, individually or together, must have prudential standing with respect to each patent in suit.  *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1337 (Fed. Cir. 2007).

A patent ownership interest is required for constitutional standing.  *Id.*  At the outset of this litigation, Lowe owned the '664 patent; and InSite held an oral exclusive license under the '664 patent.  Both plaintiffs had constitutional standing to sue for patent infringement.

On December 9, 2021, Lowe assigned ownership of all right, title and interest in and to the '664 patent to InSite.

On December 16, 2021, in connection with the sale of assets to InSite Solutions, LLC (Delaware), assets expressly excluding the '664 patent, InSite and InSite Solutions LLC (Delaware) entered into a Patent License Agreement.  In that Agreement, the parties expressly acknowledged, that the '664 patent was an excluded asset, and Lowe and InSite had the exclusive right to maintain, control and settle the ShieldMark Litigation and enjoy any recovery therefrom.  As such, both InSite, by virtue of its ownership interest and Lowe, by virtue of his retention of enforcement rights, retain constitutional standing.

Notably, these rights were not granted to Lowe or ShieldMark on that date; they existed from the outset of the litigation.  The Patent License Agreement merely acknowledged that they were exclusive rights existent in Lowe and ShieldMark.

As to prudential standing, all co-owners of a patent must be joined as plaintiffs in a suit for patent infringement. *Bushnell, Inc. v. Brunton Co.*, 669 F.Supp 2d 1150, 1161 (D. Kansas 2009). Again, only plaintiffs, individually or together, must have prudential standing.

Here, as the sole owner of the '664 patent, Lowe had prudential standing at the outset of the litigation. Prudential standing was satisfied as to both Lowe and InSite. Now, as of December 9, 2021, InSite is the sole owner of the '664 patent. Prudential standing continues to be satisfied as to both plaintiffs. Further, the only period of time for which damages are being sought is that period of time beginning with the issue date of the '664 patent (February 26, 2019) through December 15, 2021, as expressly acknowledged in the Patent License Agreement of Exhibit A, having an Effective Date of December 16, 2021.

**IV.** **Conclusion**

It is respectfully presented that the foregoing clearly establishes that Plaintiffs have had legal standing throughout this entire litigation as owner/licensee of the '664 patent, and have preserved and retained that patent and ownership as well as the right to continue this litigation upon sale of other assets of the Plaintiff limited liability company.

It is further respectfully presented that the foregoing resolves all issues regarding standing of Plaintiffs Lowe and InSite to continue this litigation. The '664 patent was, is, and always has been owned by one of the Plaintiffs and the other by way of license.

Accordingly, this Motion for Reconsideration is deemed appropriate and dispositive. An order to that end is most earnestly and respectfully solicited.

Should the Court find a continuing need for the submission of unredacted documents under seal, it is most respectfully requested that those documents be submitted first for *in camera* review, since the issue of standing is one of law, and there is no need for highly sensitive

5

business information, and particularly that of a non-party, to be shared with Defendants herein.

Moreover, ¶ 5.1 of the Patent License Agreement (Exhibit A) provides for the confidentiality of

its terms.  Plaintiffs had honored that provision to the extent possible while respecting the

Court's Order by relying on the public record., i.e. Patent Office assignment records and North

Carolina business records.


Dated:  July 6, 2022                      Respectfully submitted,

                                          */s/ Ray L. Weber*
                                          Ray L. Weber          (0006497)
                                          Laura J. Gentilcore    (0034702)
                                          RENNER, KENNER, GREIVE, BOBAK,
                                          TAYLOR & WEBER
                                          106 South Main Street, Suite 400
                                          Akron, OH 44308
                                          Telephone:  (330) 376-1242
                                          Fax:  (330) 376-9646
                                          E-mail:  rlweber@rennerkenner.com
                                          E-mail:  ljgentilcore@rennerkenner.com

                                          *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing

**PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION
OF THE OPINION & ORDER (DOC. #154) DIRECTING PLAINTIFFS TO FILE ALL
DOCUMENTS RELATING TO OWNERSHIP, LICENSING, AND STANDING
REGARDING THE '664 PATENT**

has been filed electronically on July 6, 2022, with the United States District Court for the

Northern District of Ohio.  Notice of the filing will be sent to all parties by operation of the

Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Ray L. Weber*
Ray L. Weber