IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CLIFFORD A. LOWE, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 1:19CV00748 |
| | ) |
| | ) Judge James S. Gwin |
| SHIELDMARK, INC., et al. | ) |
| | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE AND OPPOSITION TO PLAINTIFFS' MOTION
FOR RECONSIDERATION OF THE COURT'S OPINION & ORDER (DOC. #154)**

Plaintiffs' motion for reconsideration of the Court's Opinion & Order directing Plaintiffs to file all documents relating to ownership, licensing, and standing regarding the '664 patent should be denied. The motion, the supporting brief, and the redacted December 16, 2021 patent and license agreement attached as an exhibit to the brief indicate that Plaintiffs lack standing to assert the '664 patent in this lawsuit. At the very least, these filings dictate that the Court's directive should stand because Defendants and the Court need the documents identified in the Court's Opinion & Order to reach firm conclusions about standing. Further, the Court should not permit Plaintiffs to file a fifth amended complaint. Based on the limited information that has been disclosed, it appears that an amended complaint that identifies InSite (NC) / Spota as owners, and Lowe as a licensee, of the '664 patent would be futile. The possibility of a fifth amended complaint should be considered only after Defendants and the Court have all the relevant facts, including complete copies of the documents Plaintiffs have been ordered to provide.

1

I. **Plaintiffs' motion for reconsideration, accompanying brief, and redacted patent and license agreement indicate that Plaintiffs lack standing to assert the '664 patent in this lawsuit.**

After concealing Lowe's assignment of the '664 patent to InSite (NC) and InSite (NC)'s patent license agreement with InSite (DE) from Defendants, this Court, and the Federal Circuit, Plaintiffs ***admit*** that, based on the patent assignment and section 2.3 of the patent and license agreement, Lowe and Insite (NC) (now Spota) only have the right to enforce the '664 patent and to recover damages for infringement prior to December 16, 2022. (Doc. #157-1, at PageID #5924). The '664 patent does not expire until April 16, 2026. Accordingly, unless the '664 patent is invalidated (as it should be for the reasons given in Defendants' summary judgment filings), the Court cannot possibly enter a judgment in this lawsuit that finally and completely resolves all issues related to Defendants' alleged infringement of the '664 patent.

Plaintiffs suggest that this is a simple and straightforward matter that can be resolved by filing a fifth amended complaint that identifies InSite (NC)/Spota as the owner, and Lowe as the licensee, of the '664 patent. But too many unanswered questions remain, including whether (as appears) InSite (NC) and Lowe have transferred, or agreed to transfer, substantial rights in the '664 patent. The answer may lie in the December 16, 2021 patent and license agreement, but the version provided by Plaintiffs is so heavily redacted that it is impossible to fully understand. The answer may lie in the asset purchase agreement, but Plaintiffs have refused to provide that document, although it falls squarely within the scope of the Court's July 6, 2022 Opinion & Order. (Doc. #154, at PageID #5898). The fact that Plaintiffs have refused to promptly make unredacted versions of the documents available even after being ordered to do so by the Court suggests that there is more to this than Plaintiffs have disclosed.

For example, most of Article II of the patent license agreement, which concerns "License Grant and Option" is redacted. The redacted portions likely include information that is relevant to standing given that the nature and scope of a license or an option may impact standing. Note that the unredacted portions of the License Grant and Option section do not even refer to, much less explain, the option.

Further, based on the limited unredacted portions of the patent license agreement, it is quite possible that the asset purchase agreement governs ownership and control of the '664 patent from December 17, 2021 forward, and after the conclusion of this lawsuit.

Adding to the mystery, Plaintiffs have not provided any documentation regarding the ownership and control of InSite (NC)/Spota or InSite (DE). The degree and nature of Lowe's ownership and control of these companies is clearly relevant to this matter. For example, does Lowe have the authority to direct InSite (NC)/Spota or InSite (DE) to assert the '664 patent against Defendants for activities from December 17, 2021? This remains unknown.

Separately, Plaintiffs' production of the redacted patent license agreement does not reveal the impact of the transaction between InSite (NC) and InSite (DE) on InSite (NC)'s claim against ShieldMark under the Lanham Act. That claim may be addressed in the asset purchase agreement or another document that has not been revealed. The lack of a straightforward unredacted production leaves the Court and the Defendants guessing.

**II.   Plaintiffs made material misrepresentations to the Court.**

Plaintiffs' counsel asserts that "[w]hile [they] were aware of ongoing negotiations" concerning the assignment and licensing of the '664 patent, they "did not handle the transaction and were unaware of its consummation at the time of filing the Fourth Amended Complaint." (Doc. #157-1, at PageID #5921). This assertion is dubious given that the fourth amended complaint was

filed nearly six months after the '664 patent was assigned and InSite (NC) and InSite (DE) entered into their patent license agreement. Even if Plaintiffs' counsel was truly unaware of the transactions, **_Lowe and InSite (NC)_** certainly were. And, as the parties who are pursuing claims against Defendants, they are responsible for the misrepresentation about ownership and control of the '664 patent in the fourth amended complaint. In *Schreiber Foods, Inc. v Beatrice Cheese, Inc.*, 402 F.3d 1198, 1205 (Fed Cir. 2005), the Federal Circuit held that similar misrepresentations regarding ownership and control of the asserted patent justified the district court's decision to vacate a judgment of patent infringement.

### III. Plaintiffs are obligated to provide complete, unredacted copies of documents that fall within the scope of the Court's July 5, 2022 Opinion & Order.

Plaintiffs' position that they should not be required to provide unredacted copies of all available documents related to (1) any ownership transfer of the '664 patent; (2) any licensing of the '664 patent; (3) Lowe's authority to prosecute the '664 patent claims, and (4) InSite's present corporate status as directed by the Court because the documents allegedly "contain[] confidential information of a non-party" is baseless. (Doc. #157, PageID #5917). Local Patent Rule 2.2 expressly prohibits the withholding of information based on confidentiality:

> Discovery cannot be withheld on the basis of confidentiality absent Court order. Pending entry of a protective order, discovery and disclosures deemed confidential by a party shall be produced to the adverse party for the eyes of outside counsel of record only, marked "Attorney's Eyes Only – Subject to Protective Order." The discovery and disclosures so marked shall be used solely for purposes of the pending case and shall not be disclosed to the client or any other person.

Plaintiffs can adequately protect their confidentiality and competitive concerns by designating the documents as "Attorney's Eyes Only."

Plaintiffs' argument that they are justified in continuing to conceal the documents they have been ordered to produce because the Court has not entered a protective order is disingenuous.

4

Local Patent Rule 2.2 deals with the issue by allowing the designation of confidential documents as "Attorney's Eyes Only." Moreover, as Plaintiffs' counsel has acknowledged, throughout this lawsuit the parties have exchanged confidential information which they have designated as "Confidential" or "Attorneys' Eyes Only" as set forth in the Form Protective Order at Appendix A to the Local Patent Rules.[1]

Further, Plaintiffs ignore the fact that the December 16, 2021 patent license agreement and the other documents that they have been ordered to produce fall within their discovery obligations. Defendants' written discovery requests encompass the documents. And as the Federal Circuit held in *Schreiber Foods*, 402 F.3d at 1205, Plaintiffs are obligated to fully disclose information related to a change in ownership and control of the '664 patent.

Finally, the terms of the December 16, 2021 patent license agreement are potentially relevant to the issue of damages in this lawsuit. A well-established factor in the determination of a reasonable royalty for patent infringement is the terms of existing licenses related to the asserted patent. Although section 2.1 of the patent and license agreement states that the license is "royalty-free" and "fully paid-up," the redactions to the patent license agreement make it impossible to determine the complete terms of the license.

### IV. The Court should not permit Plaintiffs to file a fifth amended complaint.

Plaintiff's request for leave to file a fifth amended complaint to address the standing issue should be denied. Based on the limited information Plaintiffs have provided so far, an amended complaint that identifies InSite (NC)/Spota as the owner, and Lowe as the licensee, of the '664 patent as Plaintiffs propose would not resolve the standing issue because Lowe and InSite

---

[1] Plaintiffs' concern about the protection of confidential information is ironic given that their concealment of the fact that they lack the right to assert the patent based post-December 16, 2021activities resulted in Defendants needlessly disclosing highly confidential and competitively sensitive details about their post-December 16, 2021sales of the accused Mighty Line® tape.

5

(NC)/Spota gave up the right to enforce the '664 patent as of December 17, 2022. Also, as a mere non-exclusive licensee of the '664 patent, Lowe is not even a proper plaintiff in the lawsuit. At the very least, the Court and the Defendants need all information relevant to the past, current, and future potential ownership, control, and licensing of the '664 to make an informed determination whether identifying InSite (NC)/Spota as the owner and Lowe as the licensee, of the '664 patent results in standing to assert the '664 patent in this lawsuit.

V. **The September 19, 2022 trial date should be vacated and a new trial date should not be set at least until Defendants and the Court have all relevant information related to ownership, control, and licensing of the '664 patent, and the issue of standing is resolved.**

The information identified in Defendants' opposition to Plaintiffs' motion to disqualify Judge Gwinn (Doc. # 150); the redacted December 16, 2021 patent and license agreement (Doc. # 157-2); and the content of Plaintiffs' motion for reconsideration and accompanying brief (Docs. #157 and 157-1) raise serious issues about Plaintiffs' standing to assert the '664 patent in this lawsuit. As the Court correctly recognized in its July 5, 2022 Opinion & Order, federal courts have an independent obligation to investigate and police the boundaries of their jurisdiction. (Doc. #154, at PageID #5898).

This lawsuit simply cannot proceed on substantive issues until the matter of Plaintiffs' standing to assert the '664 patent is thoroughly investigated and resolved. The September 19, 2021 trial date sets many pretrial tasks and obligations in the coming weeks. If, as the evidence uncovered so far indicates, Plaintiffs lack standing to assert the '664 patent in this lawsuit, further proceedings on substantive issues would be inappropriate and would add to the unfair prejudice Defendants have suffered to defend themselves against claims that lack a jurisdictional basis. As one example, Defendants have already spent substantial resources on supplemental summary judgment briefing. If Plaintiffs lack standing to assert the '664 patent, that briefing would have

6

been unnecessary. It would be inappropriate to compound this by marching forward with Plaintiffs' standing to assert the '664 patent in question.

Even in the unlikely event it is determined that Plaintiffs have standing to proceed with their claims, the documents that Plaintiffs have been ordered to produce are relevant to damages and the content of the proposed pretrial order. It would be unfair to require Defendants to proceed with expert reports on damages and matters relating to the proposed pretrial order in these circumstances.

Accordingly, Defendants believe that the proper way forward is for the Court to vacate the September 19, 2022 trial date including the pretrial deadlines based on that trial date. If Plaintiffs' lack standing to assert the '664 patent is confirmed, a trial will be unnecessary. If it is ultimately determined that Plaintiffs have standing to assert the '664 patent, the Court can set a new trial date that takes into account the evidence and issues that arise from the investigation into Plaintiffs' standing and allows sufficient time for the Court to fully address Defendants' fully-briefed motion for summary judgment that the '664 patent is invalid.

## VI. Conclusion.

Plaintiffs' motion, brief, and redacted December 16, 2021 patent and license agreement not only fail to support reconsideration of the Court's July 5, 2022 Opinion & Order, they indicate that Plaintiffs lack standing to assert the '664 patent in this lawsuit. Plaintiffs should be required to produce all the information identified in the Court's July 5, 2022 Opinion & Order. Plaintiffs' request to file a fifth amended complaint should be denied, and the Court should vacate the September 19, 2022 trial date including the pretrial deadlines based on that trial date.

Dated: July 8, 2022　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　*/s/ Howard L. Wernow*
　　　　　　　　　　　　　　　　　　　　　Howard L. Wernow (SBN 0089019)
　　　　　　　　　　　　　　　　　　　　　Joseph A. Sebolt (SBN 0059140)
　　　　　　　　　　　　　　　　　　　　　Laura L. Beoglos (SBN 0059152)
　　　　　　　　　　　　　　　　　　　　　James F. McCarthy III (SBN 0002245)
　　　　　　　　　　　　　　　　　　　　　SAND, SEBOLT & WERNOW CO., LPA
　　　　　　　　　　　　　　　　　　　　　Aegis Tower – Suite 1100
　　　　　　　　　　　　　　　　　　　　　4940 Munson Street NW
　　　　　　　　　　　　　　　　　　　　　Canton, Ohio 44718-3615
　　　　　　　　　　　　　　　　　　　　　Telephone: (330) 244-1174
　　　　　　　　　　　　　　　　　　　　　Facsimile: (330) 244-1173
　　　　　　　　　　　　　　　　　　　　　Email:  howard.wernow@sswip.com
　　　　　　　　　　　　　　　　　　　　　Email:  joe.sebolt@sswip.com
　　　　　　　　　　　　　　　　　　　　　Email:  laura.beoglos@sswip.com
　　　　　　　　　　　　　　　　　　　　　Email: james.mccarthy@sswip.com

　　　　　　　　　　　　　　　　　　　　　David J. Sheikh (*Pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　LEE SHEIKH & HAAN
　　　　　　　　　　　　　　　　　　　　　111 W. Jackson Boulevard, Suite 2230
　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60604
　　　　　　　　　　　　　　　　　　　　　Phone:  312-982-0070
　　　　　　　　　　　　　　　　　　　　　Fax:  312-982-0071
　　　　　　　　　　　　　　　　　　　　　Email: dsheikh@leesheikh.com

　　　　　　　　　　　　　　　　　　　　　***Attorneys for Defendants, ShieldMark, Inc.,***
　　　　　　　　　　　　　　　　　　　　　***Advanced Plastics, Inc. and Crown***
　　　　　　　　　　　　　　　　　　　　　***Equipment Corporation***

## CERTIFICATE OF SERVICE

　　　This is to confirm that a copy of the foregoing Defendants' response was electronically filed on July 8, 2022.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and the filing may be accessed through that system.

　　　　　　　　　　　　　　　　　　　　　*/s/ Howard L. Wernow*
　　　　　　　　　　　　　　　　　　　　　Howard L. Wernow