UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
CLIFFORD A. LOWE, *et al.*,          :
                                      : Case No. 1:19-cv-748
    Plaintiff,                  :
vs.                                   : OPINION & ORDER
                                      : [Resolving Doc. 157]
SHIELDMARK, INC., *et al.*,          :
                                      :
    Defendants.                 :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

With this Order, the Court **GRANTS** in part and **DENIES** in part Plaintiffs' July 6, 2022 reconsideration motion and **ORDERS** a revised briefing schedule and procedure for the disclosure of certain documents.

In this long-running patent case, Plaintiffs have acknowledged that the operative fourth amended complaint does not accurately represent the ownership status of the patent-in-suit ("the '664 patent").[1] Although Plaintiffs had transferred at least some portion of Plaintiffs' rights in the '664 patent, the fourth amended complaint continued to claim that "[Plaintiff] Lowe is the owner of all rights, title, and interest in and to the '664 patent."[2]

Plaintiffs recently disclosed certain documents related to the ownership of the '664 patent.[3] But because of redactions and the absence of a referenced "Asset Purchase Agreement,"[4] the patent's ownership status remains unclear.

---

[1] Doc. 157-1 ¶ d.–f.
[2] Doc. 127 ¶ 8.
[3] Doc. 157-2; *see also* Doc. 153-1.
[4] Doc. 157-2 at PageID # 5927.

Case No. 1:19-cv-748
Gwin, J.

Ownership of the '664 patent goes to this Court's jurisdiction.[5]  "[F]ederal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction."[6]

Accordingly, the Court further **ORDERS** the following briefing schedule:

- Before Friday, July 15, 2022, Plaintiffs' counsel will disclose to Defendants' counsel: all available documents related to any ownership transfer of the '664 patent; all documents related to any licensing of the '664 patent; and all documents related to Plaintiffs' authority to prosecute '664 patent claims.  Plaintiffs shall also email an electronic version of the documents to the Court's deputy clerk.

- Defendants will file an updated standing brief by noon on Monday, July 25.

- Plaintiffs will file a reply brief on Friday, July 29.

- The Court will conduct video oral argument on invalidity and standing on Wednesday, August 3 at 8:00 AM.

Additionally, recognizing that the patent ownership-related documents may contain sensitive business information, in accordance with Local Patent Rule 2.2, the Court orders that:

> [D]isclosures deemed confidential by a party shall be produced to the adverse party for the eyes of outside counsel of record only, marked "Attorney's Eyes Only – Subject to Protective Order."  The discovery and disclosures so marked shall be used solely for purposes of the pending case and shall not be disclosed to the client or any other person.

IT IS SO ORDERED

Dated:  July 11, 2022           *s/     James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE

---

[5] *Cf. Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1202 (Fed. Cir. 2005).
[6] *Petrie v. Fed. Nat'l Mortg. Ass'n*, No. 12-10824, 2012 WL 13013193, at *1 (E.D. Mich. May 23, 2012) (citations omitted).