IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CLIFFORD A. LOWE, et. al.**, ) | |
| ) | |
| Plaintiffs-Counterclaim Defendants, ) | |
| ) | Civil Action No. 1:19-cv-00748-JG |
| v. ) | |
| ) | Judge James S. Gwin |
| **SHIELDMARK, INC., et. al.**, ) | |
| ) | |
| Defendants-Counterclaim Plaintiffs. ) | |

**DEFENDANT SHIELDMARK, INC.'S MOTION TO SEAL EXPERT REPORT OF ALEX L. CONSTABLE AND FOR SANCTIONS FOR PLAINTIFFS' WRONGFUL AND INTENTIONAL DISCLOSURE OF SHIELDMARK, INC.'S CONFIDENTIAL INFORMATION**

Defendant Shieldmark, Inc. respectfully moves the Court to seal the report of Alex L. Constable. The report contains highly sensitive financial and competitive information that was boldly and conspicuously marked "confidential attorneys' eyes only" when ShieldMark provided it to Plaintiffs. Despite this marking, Plaintiffs' counsel, Ray Weber, filed the report on the ECF system, which has made it publicly available. Such disclosure was done in bad faith and in flagrant violation of Rule 2.2 of the Local Patent Rules. Such disclosure will result in irreparable harm to ShieldMark. Accordingly, a sanction against Mr. Weber and Plaintiffs is appropriate.

**I.     STATEMENT OF FACTS**

In December 2020 ShieldMark's counsel produced a copy of ShieldMark's highly confidential patent license agreement with Ergomat, LLC (DEF008709-8717). This document was boldly and conspicuously marked "confidential attorneys' eyes only" consistent with L.P.R. 2.2.

On June 16, 2021, counsel for Shieldmark produced Plaintiffs' sales of ShieldMark's beveled edged floor tape in various width for the period 2019 through 2021 to date (DEF010234).

1

Because this information is highly sensitive information that is not publicly available, ShieldMark would never voluntarily disclose to its competitors such as Defendants Lowe and InSite Solutions. Counsel for ShieldMark boldly and conspicuously designated this information "confidential attorneys' eyes only" consistent with L.P.R. 2.2. Further, to ensure that ShieldMark's sales information would be maintained on a confidential attorneys' eyes only basis, ShieldMark's counsel included the following in an email accompanying the production:

> In accordance with today's Court Order, attached please find ShieldMark's sales information by size for the years 2019 & 2020, and year to date 2021. This is being produced as HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER. Please confirm that this sales data is only for Outside Counsel's (i.e., your firm) review and will not to be shared with Mr. Lowe or Insite Solutions (including any in-house counsel).

(Exhibit A, June 16, 2021 Email from Wernow to Weber and Gentlicore attached to Wernow Declaration at ¶4, 6-7, Exhibit 1)

On June 30, 2022, ShieldMark's counsel provided updated sales information to Plaintiffs' counsel and once again designated the information "confidential attorneys' eyes only" (DEF010270). Exhibit 1 at ¶5, 8-9.

On July 11, 2022, Plaintiffs' counsel filed the expert report of Alex L. Constable in the ECF system. The report sets forth Constables "expert analysis, opinion and testimony on behalf of Clifford Lowe and InSite Solutions, LLC … relating to commercial damages that may have been sustained by Plaintiffs …." In his report, Constable expressly quotes the Sales of Bevel-Edged Floor Tape from 2019 to June 16, 2021(DEF01234) and Sales of Beveled-Edged Floor Tape from February 27, 2019 to May 19, 2022 (DEF010270). On pages 4 and 5 of the report, Constable sets out ShieldMark's sales of the floor tape contained in the two productions which had been designated "confidential attorneys' eyes only." Further, on page 7 of the report, Constable expressly provides the royalty terms of ShieldMark's highly confidential license agreement with Ergomat, LLC (DEF008709-8717). Nowhere in his report does Constable acknowledge or even

designate the information as "confidential" or "attorneys' eyes only." Now information which Shieldmark had designated confidential consistent with L.P.R. 2.2 has been placed in the public record.

It is difficult to imagine more sensitive competitive information than the confidential terms of a business' patent licenses and confidential sales volumes. This is why ShieldMark has taken great pains, both outside and within this lawsuit, to maintain the confidentiality of this information. As a result of Mr. Weber's actions, ShieldMark's competitors (including Plaintiffs themselves) have this information to wield against ShieldMark in the marketplace.

## II. ARGUMENT

L.P.R. 2.2 could not be more clear and direct:

> Discovery cannot be withheld on the basis of confidentiality absent Court order. Pending entry of a protective order, discovery and disclosures deemed confidential by a party shall be produced to the adverse party for the eyes of outside counsel of record only, marked "Attorney's Eyes Only – Subject to Protective Order." The discovery and disclosures so marked shall be used solely for purposes of the pending case and shall not be disclosed to the client or any other person.

Recently, Mr. Weber acknowledged pertinent facts in Plaintiffs' motion for reconsideration of the Court's order directing Plaintiffs to file under seal documents related to any ownership, transfer, or licensing of the '664 patent. Mr. Weber acknowledged, "filing under seal prevents public access." He acknowledged, "Defendants are aggressive competitors of Plaintiffs in the floor marking tape market." And he acknowledged that ShieldMark's sales information provided on June 30, 2022 is "confidential attorneys' eyes only information." (Doc #154 at PageID #5918). As the Court will recall, Mr. Weber used these facts as justifications for declining to file the documents identified in the Court's order – even under seal. However, those facts did not deter Mr. Weber from filing the Constable report containing ShieldMark's confidential information to allow public access to that information. Filing the Constable report containing confidential information also

3

allows Plaintiffs, aggressive competitors of Shieldmark, to have access to that information in violation of L.P.R. 2.2.

Despite the clarity of the rule and his own repeated citations to the Local Patent Rules, Mr. Weber, has chosen to flout the rules. In violation of the L.P.R. 2.2's directive that the "disclosures so marked shall be used solely for purposes of the pending case and shall not be disclosed to the client or any other person," Mr. Weber has placed the disclosures into the public domain. Such public disclosure was unnecessary. Expert reports do not need to be filed with the Court. Simple notice is sufficient that compliance with the Court's scheduling order has been fulfilled. The Court should immediately rectify this blatant disregard for the Local Patent Rules. The Court should immediately order the Constable report to be sealed and removed from the public domain. The Court should order Plaintiffs' counsel not to disclose the Constable report to Plaintiffs but supply a redacted copy of the report excluding the confidential information. Finally, the Court should sanction Mr. Weber for his flouting of the Local Patent Rules and especially L.P.R. 2.2.

The circumstances here demonstrate the Mr. Weber acted in bad faith:

> 1. ShieldMark's documents were boldly and conspicuously marked "confidential attorneys' eyes only" when they were provided to Plaintiffs.
>
> 2. The highly sensitive and confidential nature of the type of information here – patent licensing terms and sales information – is obvious. Any reasonable attorney would recognize this. In fact, as noted above, Plaintiffs' counsel, Mr. Weber, expressly acknowledged in a court filing that ShieldMark's sales information is "confidential attorneys' eyes only" information.
>
> 3. When it comes to information that his clients contend is confidential, Mr. Weber has taken steps to protect confidentiality, including objecting to the Court's order to file confidential documents on the ECF system – even under seal, and by filing only a redacted version of one of the documents Plaintiffs were ordered to file. Yet Mr. Weber had no qualms about publicly exposing ShieldMark's confidential attorneys' eyes only information.

    4. Plaintiffs may assert that they were justified in filing Constable's expert report on the public ECF system because the Court's May 25, 2022 Order directed "[c]ounsel [for the parties]to provide the Court with copies of expert reports." (Doc. # 118). But such an argument would be baseless. The Court did not direct the parties to file the expert reports but, instead, to provide them to the Court. And it is unreasonable to believe that the Court intended the parties to publicly disclose "confidential attorneys' eyes only" information. Notably, despite knowing that Constable's report includes ShieldMark's "confidential attorneys' eyes only" sales and patent licensing terms; that ShieldMark and Plaintiffs are direct and fierce competitors, and that filing documents on the ECF system exposes them to the public, Mr. Weber simply filed Constable's report instead of asking the Court for clarification or reaching out to Defendants' counsel. As the Court can appreciate from the history of this case, Mr. Weber does not hesitate to seek clarification or reconsideration of Court orders when he believes doing so would serve his interest.

 Clearly, Mr. Weber understands that filing with the Court discloses information to the public and Plaintiffs and Defendants are aggressive competitors who protect their confidential business information. However, Mr. Weber apparently does not apply his understanding of the rules governing confidential information fairly to both parties. Instead, Mr. Weber has chosen to adopt his own rules governing discovery in this case. Such conduct warrants this Court's sanction. The Sixth Circuit has recognized the inherent authority of a district court to sanction bad faith conduct in litigation. *First Bank of Marietta v Hartford Underwriters Ins. Co.*, 307 F.3d 501, 511 (2002).

## III. CONCLUSION

 Constable's report should be immediately sealed to prevent further public exposure of ShieldMark's "confidential attorneys' eyes only" information. Further, as a sanction, Mr. Weber should be required to pay the attorneys' fees and expenses incurred by Defendants to pursue this motion. Further, Plaintiffs and Constable should be prohibited from relying on or using the ShieldMark-Ergomat patent license agreement for any purpose in this lawsuit.

Dated: June 24, 2022 Respectfully submitted,

/s/ *Howard L. Wernow*
Howard L. Wernow (SBN 0089019)
Joseph A. Sebolt (SBN 0059140)
Laura L. Beoglos (SBN 0059152)
James F. McCarthy III (SBN 0002245)
SAND, SEBOLT & WERNOW CO., LPA
Aegis Tower – Suite 1100
4940 Munson Street NW
Canton, Ohio 44718-3615
Telephone: (330) 244-1174
Facsimile: (330) 244-1173
Email: howard.wernow@sswip.com
Email: joe.sebolt@sswip.com
Email: laura.beoglos@sswip.com
Email: james.mccarthy@sswip.com

David J. Sheikh (*Pro hac vice*)
LEE SHEIKH & HAAN
111 W. Jackson Boulevard, Suite 2230
Chicago, Illinois 60604
Phone: 312-982-0070
Fax: 312-982-0071
Email: dsheikh@leesheikh.com

***Attorneys for Defendants, ShieldMark, Inc., Advanced Plastics, Inc. and Crown Equipment Corporation***

**PROOF OF SERVICE**

I hereby certify that a true and correct copy of the foregoing DEFENDANT SHIELDMARK, INC.'S MOTION TO SEAL EXPERT REPORT OF ALEX L. CONSTABLE AND FOR SANCTIONS FOR PLAINTIFFS' WRONGFUL AND INTENTIONAL DISCLOSURE OF SHIELDMARK, INC.'S CONFIDENTIAL INFORMATION was filed electronically on July 13, 2022 and notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Howard L. Wernow*
Howard L. Wernow