UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Clifford A. Lowe, et al. ) | |
| ) | CASE NO. 1:19-CV-748-JG |
| Plaintiffs ) | |
| v. ) | JUDGE JAMES S. GWIN |
| ) | |
| ShieldMark, Inc., et al. ) | |
| ) | |
| Defendants ) | |

**PLAINTIFFS' PRELIMINARY RESPONSE TO DEFENDANT SHIELDMARK, INC.'S MOTION (#162) TO SEAL EXPERT REPORT**

Now come Plaintiffs, Clifford A. Lowe and InSite Solutions, LLC, in preliminary response to Defendant ShieldMark's Motion to Seal Expert Report (Doc. #162), and state as follows:

- Plaintiffs filed the Expert Report of Alex L. Constable (Doc. #160) consistent with the previous filing and service of expert reports in this litigation. The Expert Report of Timothy B. Jenson (Docs. #67 - #67-20) was the first filed expert report in this action, filed on the record by Defendants on March 30, 2021. Plaintiffs followed suit by filing the Expert Report of James D. Frankland (Docs. #79 - #79-7) on April 29, 2021.

- By Order of Doc. #118, this Court instructed the parties to "exchange expert reports at least 90 days before the date set for trial. Rebuttal reports are due 30 days following the initial reports. Counsel are to provide the Court with copies of expert reports." This was consistent with the prior Order of the Court (Doc. #20) regarding expert reports, under which all parties indeed filed their expert reports.

- While the parties proffered the "default protective order" in this case, the Court denied entry of the protective order without prejudice (Doc. #140).

1

- Plaintiffs appreciate that the Expert Report of Alex L. Constable contains some confidential business information, noting specifically that it contains such information of *both* Plaintiffs and Defendants in this matter.  However, this is information that will necessarily be addressed in open court at trial.  Notwithstanding, Plaintiffs do not object to removal of the report from the docket and to remain under seal until such time as the information therein is necessarily presented at trial, or otherwise addressed by the Court.
- The Court should also note that Defendants' sales volume per year was previously made public as the subject of a trade article offered by Defendant ShieldMark.  (See Exhibit 1 attached hereto.)
- Had opposing counsel communicated its concern to Plaintiffs' counsel upon receipt of the expert report, Plaintiffs' counsel could and would have made this request jointly with Defendants immediately thereafter. To the extent ShieldMark's motion (Doc. #162) is brought under Rule 37, there was a failure of an attempt at cooperation or resolution prior to bringing the motion.
- Should the Court require Plaintiffs to further address the issue of sanctions, Plaintiffs will comply within the 14-day time period provided under the Local Rules or as otherwise ordered by the Court.

Dated:  July 14, 2022  Respectfully submitted,

*/s/ Ray L. Weber*
Ray L. Weber  (0006497)
Laura J. Gentilcore  (0034702)
RENNER, KENNER, GREIVE, BOBAK,
TAYLOR & WEBER
106 South Main Street, Suite 400
Akron, OH 44308
Telephone:  (330) 376-1242
Fax:  (330) 376-9646
E-mail: rlweber@rennerkenner.com
E-mail: ljgentilcore@rennerkenner.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing

**PLAINTIFFS' PRELIMINARY RESPONSE TO DEFENDANT SHIELDMARK, INC.'S MOTION (DOC. #162) TO SEAL EXPERT REPORT**

has been filed electronically on July 14, 2022, with the United States District Court for the Northern District of Ohio.  Notice of the filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Ray L. Weber*
Ray L. Weber