UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Clifford A. Lowe, et al. ) | |
| ) | CASE NO. 1:19-CV-748-JG |
|     Plaintiffs ) | |
| v. ) | JUDGE JAMES S. GWIN |
| ) | |
| ShieldMark, Inc., et al. ) | |
| ) | |
|     Defendants ) | |

**PLAINTIFFS' NOTICE OF SERVICE OF DOCUMENTS
AND DELIVERY OF COPIES TO THE COURT**

Pursuant to this Court's Opinion & Order (Doc. #159), Plaintiffs give notice of electronic delivery of the following to Defendants' counsel:

    1.    All available documents related to any ownership transfer of the '664 patent.

There are three documents responsive to this instruction, to wit:

    a)    Patent Rights Assignment from Clifford A. Lowe to InSite Solutions LLC, a North Carolina Limited Liability Corporation [*sic*]. This is a public record and as such is provided without the designation "Attorneys' Eyes Only;"

    b)    Patent License Agreement dated December 16, 2021 between InSite Solutions LLC, a North Carolina Limited Liability Company, and InSite Solutions LLC, a Delaware Limited Liability Company, which confirms ownership of the '664 patent by InSite Solutions LLC (North Carolina)." This document is being produced for "Attorneys' Eyes Only— Subject to Protective Order;" and

    c)    Intellectual Property Assignment Agreement from InSite Solutions, LLC, a North Carolina Limited Liability Company, to InSite Solutions, LLC, a Delaware Limited Liability Company, which confirms that ownership of the '664 patent remains in InSite Solutions

1

LLC (North Carolina). It is unknown whether InSite Solutions, LLC, Delaware, has filed this document in the public record and as such, it 00is provided with the designation "Attorneys' Eyes Only—Subject to Protective Order."

    2.    All available documents related to any licensing of the '664 patent.

        A single document is responsive to this instruction, to wit:

        a)    Patent License Agreement specified in 1b) above.

    3.    All documents related to Plaintiffs' authority to prosecute '664 patent claims.

        There is a single document that meets this instruction, to wit:

        a)    The Patent License Agreement specified in 1b) above.

While the Court refers in its Order to a certain "Asset Purchase Agreement," that document, itself, only refers to the '664 patent through the attachment of the above identified documents as exhibits. The Asset Purchase Agreement has strict confidentiality provisions which require the Buyer be given time to file a protective order against its production. Notice has been given to Buyer's counsel. Therefore, at this time and with the Court's indulgence, the Asset Purchase Agreement is only being produced to the Court so that Plaintiffs remain in compliance with these provisions to avoid breach. It is being presented under the designation **ATTORNEYS' EYES ONLY--SUBJECT TO PROTECTIVE ORDER** in the event the Buyer elects not to file for a protective order.

    InSite Solutions, LLC, Delaware, has never received an ownership interest in the '664 patent.

    A copy of this Notice and the referenced documents is being served upon opposing counsel and e-mailed to the Court's deputy clerk.

Dated:  July 14, 2022  Respectfully submitted,

/s/ Ray L. Weber
Ray L. Weber              (0006497)
Laura J. Gentilcore     (0034702)
RENNER, KENNER, GREIVE, BOBAK,
TAYLOR & WEBER
106 South Main Street, Suite 400
Akron, OH 44308
Telephone:  (330) 376-1242
Fax:  (330) 376-9646
E-mail: rlweber@rennerkenner.com
E-mail: ljgentilcore@rennerkenner.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing

**PLAINTIFFS' NOTICE OF SERVICE OF DOCUMENTS
AND DELIVERY OF COPIES TO THE COURT**

has been filed electronically on July 14, 2022, with the United States District Court for the Northern District of Ohio.  Notice of the filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Ray L. Weber
Ray L. Weber