UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Clifford A. Lowe, et al. ) | |
| ) | CASE NO. 1:19-CV-748-JG |
| Plaintiffs ) | |
| v. ) | JUDGE JAMES S. GWIN |
| ) | |
| ShieldMark, Inc., et al. ) | |
| ) | |
| Defendants ) | |

**PLAINTIFFS' BRIEF IN SUPPORT OF ITS MOTION TO PRECLUDE
CHRIS K. HAAS AS EXPERT WITNESS**

Now come Plaintiffs Clifford A. Lowe and InSite Solutions, LLC (North Carolina) ("Plaintiffs") and, in support of their motion to preclude the testimony of Chris K. Haas, Ph.D. ("Haas"), state as follows:

The Expert Report of Chris K. Haas ("Haas Report") defies the Decision and Mandate of the Court of Appeals for the Federal Circuit and should be stricken. Indeed, the Haas Report employs a claim construction that is entirely inconsistent with the Decision and Mandate of the Court of Appeals for the Federal Circuit. In ¶ 80, on page 21 of his report, Haas states the following:

> 80. From the perspective of a person having ordinary skill in the art, scope and content of the written description and drawings of the '664 patent is limited to a tape that has some structure on the bottom surface to control adhesive flow. To the extent the '664 patent claims are construed to encompass a tape with no structure on the bottom surface, i.e., a bottom surface that is flat, I believe that the claims are inconsistent with and broader than the scope of the specification of the '664 patent as understood by person having ordinary skill in the art.

Such is totally inconsistent with the express findings of the Federal Circuit. In performing its analysis and rendering its Decision, the Federal Circuit was keenly aware of ShieldMark's arguments, again presented in the Haas Report, that the asserted claims must

1

provide for some structure on the bottom surface of the tape, because the specification does not teach a bottom surface without some structure. That is simply wrong. The Court of Appeals for the Federal Circuit stated, in relevant part:

> We agree with Lowe that the district court erred in construing the term "lateral edge portions." We have repeatedly "cautioned against limiting the claimed invention to preferred embodiments or specific examples in the specification." *Teleflex, Inc. v. Ficosa N. Am. Corp.,* 299 F.3d 1313, 1328 (Fed. Cir. 2022) (quoting *Comark Commc'ns, Inc. v. Harris Corp.,* 156 F.3d 1183, 1186 (Fed. Cir. 1998)). Here, the court did just that. Specifically, it determined that, because the term "shoulders" appears repeatedly in the patent specification [],"  the claimed invention must include shoulders. *Claim Construction Order,* slip. op. at 8. But, **as is clear from the claim language and the specification**, the asserted claims are not so limited.

(Doc. #110, Page ID# 4910; emphasis added.)

The Federal Circuit further addressed this issue regarding the teachings and disclosure of the specification, stating:

> The specification provides further evidence that the asserted claims are not as narrow as ShieldMark contends. For example, **it states that tape with shoulders and a recess is just "*one embodiment*"** of the claimed invention. '664 patent, Abstract; col. 1 ll. 56-59 (emphasis added). It further explains that "[o]*ther structures* combined with body 20 may also be used in place of . . . shoulders 32." *Id.* Col. 2 ll. 33-36 (emphasis added). **The specification goes on to describe additional "embodiments" or "configurations" of tape, several without shoulders.** *Id.* Col. 1 ll. 38-46; col. 1 ll. 60-64; col. 2 ll. 64-67; *see Poly-Am., L.P. v. API Indus., Inc.,* 839 F.3d 1131, 1136 (Fed. Cir. 2016) ("[T]he standard for disavowal is exacting, requiring clear and unequivocal evidence that the claimed invention includes or does not include a particular feature." (citing *Openwave Sys., Inc. v. Apple Inc.,* 808 F.3d 509, 513-14 (Fed. Cir. 2015))).

(Doc. #110, Page ID# 4911; emphasis added.)

In its Decision, the Federal Circuit kept in mind the role of the written description (specification) and its enablement requirements. Indeed, the Federal Circuit further stated:

> ShieldMark is correct that every figure in the specification depicts tape with shoulders. Importantly, however, that does not necessarily require us to narrowly limit the claimed invention to those figures. As explained above, **the**

**specification *describes* various embodiments of the tape, several without shoulders.**

(Doc. #110, Page ID# 4912; emphasis added.)

In its Decision, the Federal Circuit also addressed the Patent Trial and Appeal Board Decision in the Post Grant Review, twice unsuccessfully engaged by ShieldMark and accounting for a year-long delay in these proceedings. (Doc. #110, Page ID# 4914.) There, the Federal Circuit chastised ShieldMark for misreading the Board's Decision, a decision that "did not speak to whether the tape must have shoulders with a recess," or any other structure, for that matter. In sum, the Federal Circuit kept in mind the nature and extent of the written description throughout its analysis. It was keenly aware that multiple embodiments were presented in the patent, some of which required structures on the bottom surface and others that did not. It expressly recognized that two patents issued from this same patent specification, one with claims that expressly recited that the tape has shoulders and a recess, or structures on the bottom surface of the tape, while the claims of the '664 patent in issue do not:

> The parent of the '664 patent, U.S. Patent 8,883,290, also supports our determination. Both the '664 and '290 patents share a specification and recite claims directed to floor marking tape. Importantly, however, **unlike the '664 patent claims, the '290 patent claims expressly recite that the tape has "shoulders" and "a recess."** '290 patent, col. 4 l. 62-col. 5 l. 15.

(Doc. #110, Page ID# 4911, emphasis added.)

The statement of Haas in ¶ 80 of his report clearly demonstrates that Haas has no appreciation of what would be "understood by person having ordinary skill in the art," nor has he familiarized himself sufficiently with this case to understand that the ship he is trying to ride has already sailed. He was certainly not schooled in the law of the case, nor does he understand the level of skill in the art because one of ordinary skill in the art would have recognized, as did the

Federal Circuit, that the '664 patent presents multiple embodiments, some with and some without shoulders and a recess.

It is further evident that Haas did not consider or appreciate the Mandate of the Federal Circuit when he stated: "Each edge portion of Durastripe is coplanar with the bottom surface, which means they are coplanar with each other." (Haas Report, page 13, ¶ 42) As the Federal Circuit explained, consistent with the Decision of the Patent Trial and Appeal Board, where it affirmed that the PTAB "simply held that the claims do not *require* 'the lower surface of the lateral edge portions to be coplanar with the lower surface of the tape body defined by recess 30.'" (Doc. #32, page 15)

In fact, the Federal Circuit further endorsed the PTAB's determination "that the lower surfaces of the first and second lateral edge portions 1) are flat, 2) **are coplanar with each other**, and 3) define an 'extension of the lower surface of the body.'" *Id.* (Emphasis added.) This is totally without regard to the lower surface of the body.

It is not simply that "coplanar" refers to the relationship between the two lateral edge portions, as Haas defines it. Rather, it is whether the two lateral edge portions lie in the same plane.

ShieldMark has attempted to tailor the Haas Report from the Jensen Report, with total disregard for the Decision and Mandate issued by the Federal Circuit. In so doing, Haas goes so far as to abandon the common definition of "flat" as being "planar," while presenting an illustration wherein "flat" can mean "curved upwardly." See Haas Report, page 13, ¶ 42.

**Conclusion**

Chris K. Haas should be precluded from testifying as an expert witness in this litigation. His report should be stricken under Fed.R.Evid. 702(c) in that the testimony is not the product of reliable principals.[1]

As presented herein, the Haas Report has disregarded the law of this case as set forth in the Decision of the Court of Appeals for the Federal Circuit and its Mandate. The Haas Report has also cast a person or ordinary skill in the art as similarly disregarding the Decision and Mandate of the Federal Circuit. Further, that person of ordinary skill in the art has been cast as reading the '664 patent differently than it was directed to be read by the Federal Circuit. Still further, in an attempt to mimic the Jensen Report, the Haas Report disregards crucial requirements such as "coplanar," giving it a definition that is simply unrecognizable.

Chris K. Haas should be precluded as an expert and his Report disregarded.

Dated: July 19, 2022          Respectfully submitted,

/s/ Ray L. Weber
Ray L. Weber     (0006497)
Laura J. Gentilcore   (0034702)
RENNER, KENNER, GREIVE, BOBAK,
TAYLOR & WEBER
106 South Main Street, Suite 400
Akron, OH 44308
Telephone: (330) 376-1242
Fax: (330) 376-9646
E-mail: rlweber@rennerkenner.com
E-mail: ljgentilcore@rennerkenner.com

*Attorneys for Plaintiffs*

---

[1] Plaintiffs have not addressed and reserve the right to file a Motion *in limine* that the Haas Report is not based upon sufficient facts or data as required by Fed.Evid.R.702(b).

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing

**PLAINTIFFS' BRIEF IN SUPPORT OF ITS MOTION TO PRECLUDE CHRIS K. HAAS AS EXPERT WITNESS**

has been filed electronically on July 19, 2022, with the United States District Court for the Northern District of Ohio. Notice of the filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Ray L. Weber*
Ray L. Weber