UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
CLIFFORD A. LOWE, *et al.*,  :     OPINION & ORDER

                                                             CASE NO.: 1:19-CV-748
                                                             [Resolving Doc. 194, 196, 197; Related Doc. 198]

              Plaintiffs, :

vs. :

SHIELDMARK, INC., *et al.*, :

              Defendants. :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiffs Lowe and Spota LLC (formerly Insite Solutions, LLC) sue Defendants ShieldMark Inc., Advanced Plastics, Inc., and Crown Equipment Corporation for patent infringement and, in the alternative, false advertising under the Lanham Act.[1] Defendants counterclaim, arguing that Plaintiffs' inequitable conduct has made their patent invalid.[2]

On August 23, 2022, the Court granted Defendants' motion for summary judgment on Plaintiffs' patent infringement claim after finding that Plaintiffs lack standing and that the patent forming the basis of Plaintiffs' infringement claim is invalid.[3] The Court did not rule on either Plaintiffs' Lanham Act claim or Defendants' inequitable conduct counterclaim.

On August 26, 2022, three days after issuing its summary judgment decision, the Court ordered the parties to discuss between themselves what claims survive and to file individual position papers by September 22, 2022 informing the Court whether and how the parties intended to proceed with this action.[4] On September 7, 2022, Plaintiffs filed a motion

---

[1] Doc. 127.
[2] Doc. 147.
[3] Doc. 191.
[4] Doc. 192.

Case No. 1:18-cv-2957
Gwin, J.

asking the Court to vacate its August 26 Order and permit Plaintiffs to proceed to appeal on its summary judgment decision.[5]

For reasons detailed below, the Court **DENIES** Plaintiffs' motion to reconsider and further **ORDERS** the parties to submit position papers on the topics listed below by September 29, 2022.

### I. MOTION TO RECONSIDER

Plaintiffs argue that the Court's summary judgment order dismissed this case and that this Court does not have jurisdiction over any remaining claims.[6] The Court disagrees.

"In the absence of certification as a final judgment under Fed. R. Civ. P. 54(b), an order disposing of fewer than all parties or claims in an action is not a final, appealable order."[7] The Court did not rule on Plaintiffs' Lanham Act claim, and it found that it did not have patent infringement subject matter jurisdiction but did not say that the Lanham Act claims stopped.[8] Because the Court has not severed the patent infringement claims from the rest of the action, its decision on those claims is not yet final and appealable and amounts only to a grant of partial summary judgment.

Plaintiffs' motion for reconsideration is **DENIED**.

### II. STATUS ORDER

As a supplement to the Court's August 26 Order, the Court further **ORDERS** that the parties' position papers should discuss the following:

A. Lanham Act claim

---

[5] Doc. 194.
[6] Id. at PageID #:6326.
[7] *Bonner v. Perry*, 564 F.3d 424, 427 (6th Cir. 2009).
[8] Doc. 191 at PageID #: 6283 n. 1 ("the Court declines to address the Lanham Act summary judgment issue in this opinion.")

Case No. 1:18-cv-2957
Gwin, J.

Plaintiffs have not yet informed the Court whether they intend to continue with their Lanham Act false advertising claim.

Plaintiffs' Fourth Amended Complaint stated:

> If ShieldMark's Mighty Line floor marking tape product, when applied to a floor, comports with the pictorial illustration of its advertising, that product infringes the '664 patent as alleged in Count I. [...]
>
> Pleading in the alternative, if ShieldMark's Mighty Line floor marking tape product does *not* comport with the pictorial illustration of its advertising in a manner so as to avoid infringement of the '664 patent, then such advertising is false[.][9]

But Defendants admitted in their Answer that ShieldMark's Mighty Line floor marking tape does comport with the advertising that Plaintiffs referenced.[10] Thus, the parties do not seem to dispute whether the tape differs from its advertising depictions.

If Plaintiffs indicate to Defendants and to the Court that they wish to continue with their false advertising claim, the Court **ORDERS** the parties to submit position papers explaining whether a basis for that claim exists. Plaintiffs should indicate in their position paper what advertising they allege to be false. Both parties should indicate whether they believe additional discovery will be necessary.

B. Inequitable conduct counterclaim

Defendants have said that they wish to proceed with their inequitable conduct counterclaim against Plaintiffs.[11] "Inequitable conduct is an equitable defense to patent

---

[9] *Id.* at PageID #: 5268.
[10] *See, e.g.*, Doc. 147 at PageID #: 5509–10.
[11] Doc. 198 at PageID #: 6338.

Case No. 1:18-cv-2957
Gwin, J.

infringement that, if proved, bars enforcement of a patent."[12]

But the Court has ruled that Plaintiffs do not have standing to enforce the patent and that, even if they did have standing, Plaintiffs' patent is invalid and unenforceable.

The Court's summary judgment decision seems to make Defendants' inequitable conduct claim moot.[13]

Thus, the Court **ORDERS** the parties to explain in their position papers the basis on which the Court should or should not proceed with adjudicating Defendants' counterclaim.

In their position papers, both parties should discuss whether an inequitable conduct claim can be brought against a party who no longer has an interest in the relevant patent—as is the case for Plaintiff Lowe—or against a party who owns a patent but has no power to enforce it—as is the case for Plaintiff Spota LLC. Finally, the parties should state whether they believe any further discovery will be necessary.

IT IS SO ORDERED.

Dated: September 19, 2022         *s/        James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE

---

[12] *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1285 (Fed. Cir. 2011).
[13] *See Malibu Media, LLC v. Redacted*, 705 F. App'x 402, 407 (6th Cir. 2017) (affirming dismissal of defendant's declaratory judgment counterclaim as "redundant" to plaintiff's claims.)

-4-