UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
CLIFFORD A. LOWE, *et al.*,          :     OPINION & ORDER
                                     :     [Resolving Doc. 209]
        Plaintiffs,            :
                                     :
vs.                                  :
                                     :
SHIELDMARK, INC., *et al.*,          :
                                     :
        Defendants.            :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiffs Lowe and Spota LLC (formerly Insite Solutions, LLC) sue Defendants ShieldMark Inc., Advanced Plastics, Inc., and Crown Equipment Corporation for patent infringement and, in the alternative, false advertising under the Lanham Act.[1] Defendants counterclaim, arguing that Plaintiffs' inequitable conduct has made their patent invalid.[2]

On October 6, 2022, Defendants filed a status report with the Court requesting clarification as to whether Defendants should file a detailed attorney fee application.

For reasons detailed below, the Court rules that Defendants may defer filing their fee application until after the Federal Circuit rules on a pending appeal from Plaintiffs.

I.     PROCEDURAL BACKGROUND

On August 23, 2022, the Court granted Defendants' motion for summary judgment on Plaintiffs' patent infringement claim after finding that Plaintiffs lack standing and that the patent forming the basis of Plaintiffs' infringement claim is invalid. The Court did not rule on either Plaintiffs' Lanham Act claim or Defendants' inequitable conduct counterclaim.

On September 7, 2022, Plaintiffs filed a motion asking the Court to permit Plaintiffs

---

[1] Doc. 127.
[2] Doc. 147.

Case No. 1:18-cv-2957
Gwin, J.

to proceed to appeal on its summary judgment decision. On September 19, 2022, the Court denied Plaintiffs' motion, finding that the Court had not severed the patent claims from the Lanham Act claim or the inequitable conduct counterclaim, and thus had not yet issued a final, appealable judgment. The next day, Defendants filed a motion for attorney fees.[3]

On September 21, 2022, Plaintiffs filed an appeal to the Federal Circuit, despite this Court's finding that it had not yet issued a final, appealable judgment. The Federal Circuit has not yet ruled on Plaintiffs' appeal.

## II. ATTORNEY FEES FILING

As the Court has already stated in its previous order, Plaintiffs were not entitled to appeal the Court's non-final judgment on their patent infringement claim.

"In the absence of certification as a final judgment under Fed. R. Civ. P. 54(b), an order disposing of fewer than all parties or claims in an action is not a final, appealable order."[4] The Court did not rule on Plaintiffs' Lanham Act claim, and it found that it did not have patent infringement subject matter jurisdiction but did not say that the Lanham Act claims stopped. Because the Court has not severed the patent infringement claims from the rest of the action, its decision on those claims is not yet final and appealable and amounts only to a grant of partial summary judgment.

---

[3] Doc. 203. *See* Rule 54 ("When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.") Fed. R. Civ. P. 54.

[4] *Bonner v. Perry*, 564 F.3d 424, 427 (6th Cir. 2009).

Case No. 1:18-cv-2957
Gwin, J.

This Court's understanding of Rule 54 aligns with Federal Circuit precedent. For example, in its recent decision in *Blue Gentian, LLC v. Tristar Products, Inc.*, the appellate court dismissed for lack of jurisdiction an appeal in which a district court both disposed of several counterclaims on summary judgment and stayed resolution of remaining claims to allow the parties to participate in mediation.[5]

Indeed, the Federal Circuit has "rebuked" parties for bringing premature appeals without receiving from a district court "an express determination that there is no just reason for delay and [...] an express direction for the entry of judgment."[6]

Nevertheless, the Court will permit Defendants to defer filing their fee application until after the Federal Circuit rules on Plaintiffs' appeal.

IT IS SO ORDERED.

Dated: November 23, 2022             *s/     James S. Gwin*
                                     JAMES S. GWIN
                                     UNITED STATES DISTRICT JUDGE

---

[5] 2022 WL 807396, at *1 (Fed. Cir. Mar. 9, 2022). *See also Nystrom v. TREX Co., Inc.*, 339 F.3d 1347, 1350 (Fed. Cir. 2003) (citation omitted) ("If a case is not fully adjudicated as to all claims for all parties ... there is no 'final decision' ... and therefore no jurisdiction.").
[6] *Int'l Elec. Tech. Corp. v. Hughes Aircraft Co.*, 476 F.3d 1329, 1331 (Fed. Cir. 2007).