NOTE: This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

———————————————

**CLIFFORD A. LOWE, INSITE SOLUTIONS, LLC, nka Spota LLC,**
*Plaintiffs-Appellants*

**v.**

**SHIELDMARK, INC., ADVANCED PLASTICS, INC., CROWN EQUIPMENT CORPORATION,**
*Defendants-Appellees*

———————————————

2022-2273

———————————————

Appeal from the United States District Court for the Northern District of Ohio in No. 1:19-cv-00748-JG, Judge James S. Gwin.

———————————————

**ON MOTION**

———————————————

Before LOURIE, TARANTO, and STARK, *Circuit Judges*.

STARK, *Circuit Judge*.

## O R D E R

ShieldMark, Inc., Advanced Plastics, Inc., and Crown Equipment Corporation (collectively, "ShieldMark") move to dismiss this appeal as premature and for sanctions

pursuant to Rule 38 of the Federal Rules of Appellate Procedure.  Clifford A. Lowe and InSite Solutions, LLC, nka Spota LLC, (collectively, "Lowe") oppose.  We grant the motion to dismiss the appeal as premature and deny the motion for sanctions.

## I

The background of this case was described in our opinion in an earlier appeal.  *Lowe v. ShieldMark, Inc.*, No. 2021-2164, 2022 WL 636100 (Fed. Cir. Mar. 4, 2022).  We focus here on the facts necessary to resolve ShieldMark's motions.  In its complaint, Lowe asserted that "this is an action for patent infringement" and "[t]his is also an action for false advertising . . . pursuant to the Lanham Act." Dkt. No. 127 at 2.[1]  More particularly, Lowe alleged that if the accused Mighty Line floor marking tape product "comports with the pictorial illustration of [ShieldMark's] advertising, that product infringes;" and "[i]n the alternative, if ShieldMark's [product] does not comport with the pictorial illustration of its advertising in a manner so as to avoid infringement . . . then such advertising is false" and in violation of the Lanham Act.  Dkt. No. 127 at 12–13.

After various proceedings, ShieldMark moved to dismiss the patent infringement claim for lack of subject matter jurisdiction (based on a change in patent ownership) and for summary judgment of invalidity.  Dkt. Nos. 148, 169.  For the Lanham Act claim, ShieldMark moved for summary judgment based on a lack of evidence.  Dkt. No. 95.  In an August 23, 2022, order, the district court concluded that Lowe could not maintain its patent infringement claim (based on a change in patent ownership during the course of the proceedings) and therefore "**DISMISSE[D]** this action for lack of subject matter

---

[1]    All references to "Dkt. No." herein refer to entries in the underlying district court docket.

LOWE v. SHIELDMARK, INC.                                                3

jurisdiction with prejudice," and, "[i]n the alterna-
tive . . . **GRANT[ED]**" the motion for summary judgment
of invalidity.  Dkt. No. 191 at 19 (emphases in original).
The court's order further stated that "in light of the Court's
conclusion that Plaintiffs lack standing, the Court declines
to address the Lanham Act summary judgment issue in
this opinion."  Dkt. No. 191 at 2 n.1.

On August 26, 2022, the court issued an order noting
that "Plaintiffs asserted a Lanham Act false advertising
claim" and "[h]aving resolved Plaintiffs' patent infringe-
ment claim in favor of Defendants," the court directed "the
parties to discuss between themselves what claims survive
and the status of trial preparation on any remaining
claims."  Dkt. No. 192 at 1.  Lowe then moved for reconsid-
eration, which the district court denied on September 19,
2022.  In doing so, the court considered and rejected Lowe's
argument that the August 23, 2022, order dismissed the
entirety of the action, explaining that "[t]he Court did not
rule on Plaintiffs' Lanham Act claim" and did not sever "the
patent infringement claims from the rest of the action," and
therefore its decision on the patent claims "is not yet final
and appealable and amounts only to a grant of partial sum-
mary judgment."  Dkt. No. 200 at 2.

Lowe's counsel subsequently contacted ShieldMark's
counsel to propose that the parties make a joint request for
entry of partial judgment under Federal Rule of Civil Pro-
cedure 54(b) so Lowe could immediately appeal.  *See* Dkt.
No. 206 at 1–3.  ShieldMark declined and "reiterated their
view on an appropriate way forward and discouraged
Plaintiffs from filing a notice of appeal" based on the lack
of an appealable final decision.  *Id.* at 2.  On September 21,
2022, Lowe filed its notice of appeal seeking review of the
court's August 23, 2022, order and other orders that Lowe
does not dispute are otherwise interlocutory.

## II

Typically, we only have jurisdiction over a "final decision of a district court," 28 U.S.C. § 1295(a)(1).  "For a ruling to be final, it must end the litigation on the merits and the judge must clearly declare his intention in this respect." *FirsTier Mortg. Co. v. Investors Mortg. Ins. Co.*, 498 U.S. 269, 273–74 (1991) (cleaned up).  "Whether an order is final does not depend on the specific 'form of words' that it uses but instead on whether the order evinces the district court's clear intent to end the case." *PlasmaCAM, Inc. v. CNCElectronics, LLC*, 24 F.4th 1378, 1383 (Fed. Cir. 2022) (citation omitted).  We discern no such intent by the district court here; to the contrary, the district court has made clear that its August 23, 2022, order was not an attempt to end the entirety of the case on the merits.

In the August 23, 2022, order itself, the district court noted that it "decline[d] to address the Lanham Act summary judgment issue *in this opinion*." Dkt. No. 191 at 2 n.1 (emphasis added).  And even if the later statement in the order dismissing "this action for lack of subject matter jurisdiction with prejudice," Dkt. No. 191 at 19, was ambiguous in isolation, the district court issued another order three days later clarifying that it had only "resolved Plaintiffs' patent infringement claim in favor of Defendants." Dkt. No. 192.  And then, after Lowe disputed whether the court resolved its Lanham Act claim (but before it filed its notice of appeal), the district court issued another order confirming that it "did not rule on Plaintiffs' Lanham Act claim" so "its decision on [the patent infringement] claims is not yet final." Dkt. No. 200 at 2.  These orders make clear that the court had not issued a "final decision" that "en[ded] the litigation on the merits," by the time Lowe filed its notice of appeal, *FirsTier*, 498 U.S. at 273–74.

Lowe's arguments to the contrary are not persuasive. Lowe contends that the Lanham Act claim "is necessarily mooted by the district court's finding of the lack of subject

matter jurisdiction" for the patent infringement claim because the Lanham Act claim was "pleaded in the alternative" and "arises from the same nucleus of fact," ECF No. 11 (Response) at 3–4.  But that issue, among others, is currently pending before the district court, and the district court has made clear that its August 23, 2022, order did not resolve all of Lowe's claims and therefore is not immediately appealable.  We have considered Lowe's other arguments and find them to be without merit.

For at least these reasons, we lack jurisdiction over this premature appeal.[2]  Although we may award just damages and single or double costs to the appellee when an appeal is frivolous, *see* Fed. R. App. P. 38, because this is a close case (given the district court's clarifying orders), we ultimately decline to impose such sanctions under the particular circumstances of this case.

Accordingly,

IT IS ORDERED THAT:

(1)  The motion to dismiss is granted.  Appeal No. 2022-2273 is dismissed for lack of jurisdiction.

(2)  The motion for sanctions is denied.

(3)  Each side shall bear their own costs.

FOR THE COURT

November 28, 2022                    /s/ Peter R. Marksteiner
        Date                         Peter R. Marksteiner
                                     Clerk of Court


ISSUED AS A MANDATE: November 28, 2022

---

[2]    Because we conclude that we lack jurisdiction, we do not address ShieldMark's alternative arguments challenging finality.