UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
CLIFFORD A. LOWE, *et al.*,  : OPINION & ORDER
: [Resolving Doc. 213, 215, 216, 217]
       Plaintiffs, :
:
vs. :
:
SHIELDMARK, INC., *et al.*, :
:
       Defendants. :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiffs Lowe and Spota LLC (formerly Insite Solutions, LLC) sue Defendants ShieldMark Inc., Advanced Plastics, Inc., and Crown Equipment Corporation for patent infringement and, in the alternative, false advertising under the Lanham Act.[1] Defendants counterclaim, arguing that Plaintiffs' inequitable conduct has made their patent invalid.[2]

On August 23, 2022, the Court granted Defendants' motion for summary judgment on Plaintiffs' patent infringement claim after finding that Plaintiffs lack standing and that the patent forming the basis of Plaintiffs' infringement claim is invalid.[3] The Court did not rule on either Plaintiffs' Lanham Act claim or Defendants' inequitable conduct counterclaim.

Now, each side moves for summary judgment on Plaintiff's Lanham Act false advertising claim.[4]

Because Plaintiff's Lanham Act claim fails as a matter of law, the Court **DENIES** Plaintiff Spota LLC's summary judgment motion and **GRANTS** summary judgment for Defendants as to Plaintiff's false advertising claim.

---

[1] Doc. 127.
[2] Doc. 147.
[3] Doc. 191.
[4] Doc. 213; 215. While Plaintiff Lowe is also listed as a movant on Doc. 213, Plaintiff Spota LLC clarified in its reply brief that it included Lowe's name in error and that it moved alone for summary judgment. *See* Doc. 216 at PageID #: 6739, n.2.

Case No. 1:19-cv-748
Gwin, J.

## I. LEGAL STANDARD

### a. Summary Judgment Standard

"Summary judgment is appropriate when the court is satisfied 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'"[5] "The burden of showing the absence of any such genuine issue rests with the moving party."[6] Indeed, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[7]

### b. False Advertising under the Lanham Act

A plaintiff has two avenues by which they can prove their Lanham Act false advertising claim: they must show that the defendant made commercial advertising statements that were either literally false, or that were true or ambiguous but misleading to actual consumers.[8]

**Literally false**. Showing that a "defendant's advertising communicated a 'literally false' message to consumers [...] is the preferred route for Lanham Act claimants, since courts presume that consumers were actually deceived upon a showing of literal falsity."[9]

**Misleading**. Alternatively, a plaintiff can "show that the defendant's messaging was misleading, even if not literally false. To prevail on this theory, however, the claimant must prove that a significant portion of reasonable consumers were actually deceived by the

---

[5] *Lincoln Elec. Co. v. Nat'l Standard, LLC, Corp.*, 2012 WL 2130954, at *3 (N.D. Ohio June 12, 2012) (citing Fed. R. Civ. P. 56(c)).
[6] *Id.* (quotation marks omitted).
[7] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[8] *Wysong Corp. v. APN, Inc. (17-1975)*, 889 F.3d 267, 270–71 (6th Cir. 2018) (citation omitted).
[9] *Id.*

Case No. 1:19-cv-748
Gwin, J.

defendant's messaging. Lanham Act claimants usually do so with consumer surveys."[10]

Certain types of statements are too hyperbolic or vague to serve as the basis for a false advertising claim. Statements that amount to "non-actionable puffery come[] in at least two possible forms: (1) an exaggerated, blustering, and boasting statement upon which no reasonable buyer would be justified in relying; or (2) a general claim of superiority over comparable products that is so vague that it can be understood as nothing more than a mere expression of opinion."[11]

In evaluating whether a statement is false or misleading, courts take the context of the statement into account.[12]

## II. DISCUSSION

Plaintiff says that it is entitled to summary judgment because Defendant ShieldMark[13] made advertising statements about ShieldMark's Mighty Line Floor Tape that, when read in proper context, are literally false.

Specifically, Plaintiff argues that Defendant's advertisements include three false statements. These statements are:

1. Mighty Line Floor Tape's "[b]eveled edge tape can take a beating from industrial wheel traffic";[14]

2. "Mighty Line Floor Tape withstands industrial brush scrubbers, forklifts, and heavy

---

[10] *Id.* (citation and quotation marks omitted) (emphasis in original).
[11] *Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 497 (5th Cir. 2000) (quotation marks omitted).
[12] *Clorox Co. Puerto Rico v. Proctor & Gamble Com. Co.*, 228 F.3d 24, 39 (1st Cir. 2000) (finding that the statement "Whiter is not possible," which by itself would be mere puffing, was a specific and measurable statement of fact when read in the context of other statements inviting consumers to compare defendant's product to competitor bleach and detergent products).
[13] Although this case and the instant motions involve multiple defendants, Plaintiff's false advertising claim relates specifically to statements made by Defendant ShieldMark. Throughout the rest of this order, the Court uses the singular "Defendant" to refer to Defendant ShieldMark unless otherwise stated.
[14] Doc. 127-4 at PageID #: 5290.

-3-

Case No. 1:19-cv-748
Gwin, J.

> industrial wheel traffic";[15]

3. Mighty Line Floor Tape's "[b]eveled edges increase durability for forklift traffic."[16]

Plaintiff views these statements as necessarily false because Defendant ShieldMark admitted earlier in this litigation that Mighty Line Floor Tape is susceptible to being "unintentionally lifted [off the floor] when a 2-by-4 block of wood is swept across the tape," and that "[i]f a 2-by-4 lifts up the tape, then a cleaning device, forklift or skid would also do so."[17] In Plaintiff's view, a tape that unintentionally lifts when passed over by a forklift or other industrial machinery cannot "take a beating" from or "withstand" such machinery, nor have "increase[d] durability."

Although none of the Defendants raised the issue, the Court notes that Plaintiff does not allege that Defendants Advanced Plastics and Crown Equipment made any false advertising statements. Those Defendants are thus entitled to summary judgment. What's more, the Court disagrees with Plaintiff's characterization of Defendant ShieldMark's statements as literally false and finds that ShieldMark's statements were non-actionable puffery.

ShieldMark's statements about its tape are too vague to be actionably false. Under the Lanham Act, defendants can never be liable for "[b]ald assertions of superiority or general statements of opinion" because these are mere puffery.[18] Rather, a plaintiff must show that a defendant made a "specific and measurable claim[] capable of being proved false or of being reasonably interpreted as a statement of objective fact."[19]

---

[15] *Id.* at PageID #: 5291.
[16] *Id.* at PageID #: 5292.
[17] Doc. 213 at PageID #: 6728 (quoting Doc. 77-1 at PageID #: 3285).
[18] *Pizza Hut,* 227 F.3d at 496 (cleaned up).
[19] *Id.*

-4-

Case No. 1:19-cv-748
Gwin, J.

None of ShieldMark's statements are sufficiently specific or measurably false to be actionable.

How well must a floor tape perform to be considered capable of "taking a beating" or "withstand[ing]" industrial machinery? Surely a tape that disintegrates almost instantly is not one that has "increase[d] durability." But at the same time, no reasonable consumer would expect the tape to last forever, perfectly unaltered, in the face of any or every condition. Defendant's statements make no measurable promises other than that Mighty Line Floor Tape probably falls somewhere between tape that disintegrates at the lightest touch and tape strong enough to survive a nuclear bomb.

Nor is the Court persuaded by Plaintiff's argument that Defendant's statements become verifiably false when taking into account Defendant's admission that the tape unintentionally lifts. For one thing, there is no literal falsity because "take a beating," "durability," and "withstand[]" do not directly describe a tape's ability to resist unintentional lifting. Those terms can just as easily refer to a tape's ability to resist abrasion, discoloration, or deformation when forklifts and other machines pass over it.[20]

And Plaintiff does not identify any instances of Defendant explicitly telling consumers that its tape does not unintentionally lift. If anything, Defendants' ads work against Plaintiff. The same ad that claims that Mighty Line Floor Tape "withstands" industrial machinery also touts: "Mighty Line Floor Tape is thick, tough, and the special Mighty Line formula helps resist abrasion."[21] That ad further states that Mighty Line Floor Tape can "change workflow area quickly and easily."[22] Thus, the ad itself suggests both that durability here means

---

[20] *See* Doc. 217 at PageID #: 6858.
[21] Doc. 127-4 at PageID #: 5291.
[22] *Id.*

-5-

Case No. 1:19-cv-748
Gwin, J.

resistance to abrasion, and that Mighty Line tape can be easily lifted to configure different traffic patterns.

Finally, even if Defendant's statements were actionable statements of fact rather than mere puffery, the statements are at most ambiguous but misleading, rather than literally false. A Plaintiff who bases a false advertising claim on statements that are ambiguous but misleading must show that consumers were actually deceived.[23] Plaintiff has submitted no such evidence.[24] Thus, Plaintiff "fails to make a showing sufficient to establish the existence of an element essential to [its] case."[25]

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** summary judgment to Plaintiff and **GRANTS** summary judgment to Defendants.

IT IS SO ORDERED.

Dated: March 16, 2023         *s/   James S. Gwin*
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE

---

[23] *Wysong*, 889 F.3d at 271.
[24] *See* Doc. 215 at PageID #: 6743, n. 3.
[25] *Celotex*, 477 U.S. at 323 (1986).