Case No. 1:19-cv-0748
Gwin, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

_____
:
CLIFFORD A. LOWE, et al.,  :  CASE NO. 1:19-cv-0748
:
    Plaintiffs,  :
v.  :  OPINION & ORDER
:  [Resolving Docs. 237, 238]
SHIELDMARK, INC., et al.,  :
:
    Defendants.  :
_____ :

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

## I. INTRODUCTION

Before the Court are (1) Defendants' Motion to Collect on Supersedeas Bond[1] and (2) Plaintiffs' Cross Motion for Relief from Judgment Under Federal Rule of Civil Procedure 60(b).[2]

For the reasons set forth below, the Court **GRANTS** Defendants' motion and **ORDERS** Colonial Surety Company to pay the amount of $234,568.26 to Defendant ShieldMark, Inc., plus a per diem amount of $27.41 from May 19, 2025, to the date of this Order. To the extent this amount exceeds the $235,000 bond, the excess shall be paid by Plaintiffs. The Court further **DENIES** Plaintiffs' Rule 60(b) motion because the Federal Circuit's decision gave only a specific and limited mandate.

## II. BACKGROUND

Plaintiffs filed this patent infringement action in 2019. On April 21, 2023, this Court gave judgment to Defendants on Plaintiffs' patent infringement and Lanham Act

---

[1] Doc. 237.
[2] Doc. 238.

-1-

Case No. 1:19-cv-0748
Gwin, J.

claims and awarded Defendants $213,765 in attorney's fees and costs under the Court's inherent authority.[3] The Court found a direct causal connection between Plaintiffs' conduct—including failure to disclose business transfers—and Defendants' litigation expenses incurred after December 2021.[4] The Court also entered a separate $4,750 award based on a violation of Local Patent Rule 2.2.[5]

Plaintiffs appealed. On March 24, 2025, the Federal Circuit affirmed in part this Court's standing ruling, affirmed this Court's patent invalidity ruling, and affirmed the $213,765 sanctions award.[6] It vacated and remanded the $4,750 fee related to Local Patent Rule 2.2 after finding this Court had not adequately found bad faith.[7] On May 12, 2025, the Federal Circuit denied a petition for panel rehearing and denied a petition for rehearing *en banc*. On May 19, 2025, the Federal Circuit issued its mandate,[8] thus finalizing the appellate process.

Plaintiffs now seek to collect the $213,765 worth of sanctions, plus interest, that the Federal Circuit affirmed under this Court's inherent authority.[9] Defendants have waived any sanctions based on the alleged violation Local Patent Rule 2.2.[10]

---

[3] Docs. 224, 225.
[4] Doc. 224.
[5] *Id.*
[6] *Lowe v. ShieldMark, Inc.*, Nos. 2023-1786, 2023-1871, 2023-1893, 2025 WL 893211 (Fed. Cir. Mar. 24, 2025).
[7] *Id.*
[8] Doc. 236.
[9] Doc. 237.
[10] *Id.*

Case No. 1:19-cv-0748
Gwin, J.

### III. DEFENDANTS' MOTION TO COLLECT ON SUPERSEDEAS BOND

The Court previously granted Plaintiffs' motion for a stay pending appeal conditioned on posting a supersedeas bond.[11] On July 12, 2023, Plaintiffs posted a $235,000 bond through Colonial Surety Company.[12]

Defendants now move to collect on that bond. The post-judgment interest rate applicable under 28 U.S.C. § 1961 is 4.68%, yielding a per diem interest of $27.41. As of May 19, 2025, the total due is $234,568.26, comprised of the $213,765 award and $20,803.26 in accrued interest.

Because the Federal Circuit affirmed the sanctions award, Defendants are entitled to satisfaction of that judgment. The bond is sufficient to satisfy this sum. The Court **GRANTS** Defendants' Motion to Collect on Supersedeas Bond and **ORDERS**:

1. Colonial Surety Company shall pay **$234,568.26**, plus **$27.41 per day from May 19, 2025, through the date of this Order**, to Defendant ShieldMark, Inc.

2. If interest accrued through the date of payment exceeds the bond's value, Plaintiffs shall pay the balance beyond the $235,000 bond.

### IV. PLAINTIFFS' RULE 60(b) MOTION FOR RELIEF FROM JUDGMENT

Plaintiffs seek relief under Rules 60(b)(1), (3), (5), and (6), arguing that the Federal Circuit's reversal of this Court's standing ruling as to Plaintiff Spota LLC nullifies the sanctions award, which Plaintiffs allege was based upon the mistaken belief that Spota lost standing.[13]

The mandate rule bars Plaintiffs' motion.

---

[11] Doc. 232.
[12] Doc. 233.
[13] Doc. 238.

-3-

Case No. 1:19-cv-0748
Gwin, J.

After an appeal's conclusion, "[u]nless remanded by [the Circuit], all issues within the scope of the appealed judgment are deemed incorporated within the mandate and thus are precluded from further adjudication."[14] This mandate rule "forecloses reconsideration of issues implicitly or explicitly decided on appeal,"[15] even if a party seeks reconsideration under Rule 60(b).[16] A mandate that resolves all other issues and returns the case for a limited purpose does not authorize this Court to reopen decided issues.[17]

The Federal Circuit's remand in this case was not general.  It explicitly **affirmed** the Court's judgment regarding sanctions under its inherent power.[18] The Federal Circuit remanded only the $4,750 fee related to Local Patent Rule 2.2[19] that the Defendants have since waived.

Moreover, the Federal Circuit anticipated and expressly rejected the argument that Plaintiffs raise on their Rule 60(b) motion now.  Plaintiffs claim that the Court should vacate its sanctions award because the Court awarded sanctions based on finding that **both** Plaintiff Clifford Lowe and Plaintiff Spota lacked standing.  Plaintiffs say the Federal Circuit disagreed, finding that Plaintiff Spota still had standing, so the sanctions award cannot stand.

The Federal Circuit, though, explicitly held that "**Lowe** lost Article III standing," and Plaintiffs' conduct related to standing was sanctionable because it "delayed litigation with

---

[14] *Retractable Techs., Inc. v. Becton Dickinson & Co.*, 757 F.3d 1366, 1371 (Fed. Cir. 2014) (quoting *Engel Indus., Inc. v. Lockformer Co.*, 166 F.3d 1379, 1383 (Fed. Cir. 1999)).
[15] *Amado v. Microsoft Corp.*, 517 F.3d 1353, 1364 (Fed. Cir. 2008).
[16] *Retractable Techs.*, 757 F.3d at 1373.
[17] *See Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 168 (1939).
[18] *Lowe*, 2025 WL 893211, at *9–10 (Fed. Cir. Mar. 24, 2025).
[19] *Id.* at *10.

Case No. 1:19-cv-0748
Gwin, J.

respect to **Lowe's** patent infringement claim."[20]  By emphasizing Plaintiff Lowe's lack of standing, the Circuit indicated that Plaintiff **Spota's** standing did not affect its sanction analysis.

Accepting Plaintiffs' Rule 60(b) argument would require contradicting the Circuit's opinion.  Accordingly, the requested Rule 60(b) relief is barred.

## V. CONCLUSION

For the foregoing reasons:

1. Defendants' **Motion to Collect on Supersedeas Bond** (Doc. 237) is **GRANTED**.

2. Colonial Surety Company is **ORDERED** to pay **$234,568.26** to Defendant ShieldMark, Inc., plus **$27.41 per day** from May 19, 2025 through the date of this Order.

3. To the extent total liability exceeds the bond amount, the **balance is assessed against Plaintiffs**.

4. Plaintiffs' **Motion for Relief from Judgment under Rule 60(b)** (Doc. 238) is **DENIED**.

IT IS SO ORDERED.

Dated:  May 27, 2025                              *s/     James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE

---

[20] *Lowe*, 2025 WL 893211, at *10 (Fed. Cir. Mar. 24, 2025).